BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE MANAGED CARE  )  | | MDL Docket No. 1334 |
| LITIGATION              )  | | |
|                                   ) | | |

AETNA'S MOTION TO TRANSFER
*COOPER v. AETNA* TO MDL 1334

Aetna Inc. and other Aetna defendants[1] (collectively, "Aetna") hereby move the Judicial Panel on Multidistrict Litigation ("MDL Panel"), pursuant to 28 U.S.C. § 1407, for an Order transferring a putative nationwide class action, *Cooper v. Aetna Health Inc. PA, Corp., et al.*, No. 07-3541, from the United States District Court for the District of New Jersey to the United States District Court for the Southern District of Florida, where the Panel has already established MDL 1334, *In re Managed Care Litigation*, for consolidated pretrial proceedings involving similar actions against Aetna and other managed care defendants.

---

[1] Aetna Inc. is the corporate parent for various Aetna affiliates, many of which have been defendants in MDL 1334 actions and/or Released Parties in class action settlements entered in MDL 1334. The defendants in the *Cooper v. Aetna* action for which transfer is requested are the following Aetna entities: Aetna Health Inc. PA, Corp.; Aetna Health Management, LLC; Aetna Life Insurance Co.; Aetna Health and Life Insurance Co.; Aetna Health Inc.; and Aetna Insurance Co. of Connecticut.

In support of Aetna's motion for transfer, Aetna states as follows:

1. Although Aetna notified the Clerk's Office for the Panel on August 24, 2007, that the *Cooper* action was a potential tag-along action, the Clerk's Office has not issued a conditional transfer order. Aetna was informed by the Clerk's Office that if Aetna believes transfer would be appropriate, Aetna should file a motion to transfer. Accordingly, Aetna hereby moves this Panel for an order transferring *Cooper* to MDL 1334.

2. The *Cooper* action for which transfer is requested involves allegations and issues in common with other actions pending in MDL 1334 and meets the criteria for transfer established by the Panel for transfer to MDL 1334. Like cases already pending in MDL 1334, the *Cooper* Complaint challenges Aetna's payment practices for medical services and supplies provided to Aetna plan members by non-participating (or "out-of-network") providers—*i.e.*, providers who "lack an express contractual relationship" with Aetna. *In re Managed Care Litig.*, 298 F. Supp. 2d 1259, 1290 (S.D. Fla. 2003).

3. Specifically, Cooper's allegations include the following:

- Cooper alleges that Aetna's "usual, customary, and reasonable" payments to nonparticipating providers amount to *"systematic and improper reductions"* in reimbursements based on "unauthorized" methods and "incomplete and invalid" data. (Compl. (Docket Entry ("DE") 1) ¶¶ 12, 13, 19, *Cooper v. Aetna Health Inc. PA, Corp.*, No. 07-3541 (D.N.J. July 30, 2007) (emphasis added) (hereinafter "Compl.") (attached as Exhibit A).)

- Cooper also alleges that *"Aetna misrepresented the nature, accuracy and source of the data* [used to calculate payments to out-of-network providers] to its Members." (Compl. ¶ 49 (emphasis added).)

- Cooper also alleges that Aetna uses various other practices, such as *"applying uniform reductions* to the charges of assistant surgeons, co-surgeons, and bilateral procedures," to reduce payments for services rendered by non-participating physicians to plan members. (Compl. ¶ 59 (emphasis added).)

- Cooper also alleges that *"Aetna made misstatements to its Members* that were intended to, or did in practice, discourage them from understanding the basis used by Aetna to make its [usual, customary and reasonable] and [out-of-network] Benefit Reductions." (Compl. ¶ 72 (emphasis added).)

Cooper purports to seek an injunction, recovery and clarification of benefits available under her health benefits plans, and other forms of relief from Aetna under ERISA, on behalf of a putative nationwide class of subscribers. (Compl. ¶¶ 22, 69, A–Q.)

4.   The allegations in *Cooper* meet the Panel's criteria for transfer to MDL 1334, because they purport to challenge Aetna's "cost-containment policies." *See* Transfer Order at 2, *In re Managed Care Litig.*, MDL 1334 (J.P.M.L. Aug. 14, 2001). Indeed, Cooper specifically alleges in the Complaint that the challenged payment practices "benefited Aetna at the expense of Aetna Members" and "Aetna cannot . . . make benefit determinations for the purpose of saving money at the expense of its Members." (Compl. ¶¶ 104, 105.)

5.   Many of the actions already transferred by the Panel or otherwise consolidated in MDL 1334, including the two "lead" cases,[2] have included allegations against Aetna that now are echoed in *Cooper*. Although some of the MDL 1334 actions have been settled or dismissed, some of those settlements over which Judge Moreno retained jurisdiction may be relevant to the issues in *Cooper*.[3]

---

[2] The two lead cases were: *O'Neill, et al. v. Aetna, Inc.*, MDL No. 1334, Master File No. 00-1334-MD-Moreno (the lead "subscriber track" case) and *Shane v. Humana, Inc.*, MDL No. 1334, Master File No. 00-1334-MD-Moreno (the lead "provider track" case).

[3] Among the actions that have been settled and/or dismissed are the two lead cases, *Shane* and *O'Neill*. Aetna's nationwide physician class-action settlement in *Shane* addresses some of the issues raised by Cooper, including Aetna's communications to members about its payments to non-participating providers. *See* Settlement Agreement § 7.21 ("EOB and Remittance Advice Content"), in Joint Motion for Preliminary Approval of Settlement (DE 2000), *Shane v. Humana, Inc.*, No. 00-1334-MD-Moreno (S.D. Fla. May 21, 2003). Judge

[Footnote continued on next page]

6.    Furthermore, several actions involving claims similar to *Cooper* **remain pending against Aetna** in MDL 1334. These pending actions include:

- *Solomon, et al. v. Cigna, et al.*: The plaintiffs in *Solomon* allege, on behalf of a putative nationwide class of healthcare professionals, that the defendants "accomplish their scheme" of underpaying providers by "systematically reducing reimbursement to non-participating Healthcare Professionals by failing to pay reasonable and customary fees." (Compl. (DE 1) ¶ 5, *Solomon v. Cigna*, No. 03-CV-22804 (S.D. Fla. Oct. 17, 2003) (hereinafter "*Solomon* Compl.").)

- *Ashton, et al. v. Health Net, Inc.*: The plaintiffs in *Ashton* allege, on behalf of a putative nationwide class of Healthcare Professionals, that the defendants improperly "pay the Non-Participating Healthcare Professional a percentage of fee received by a *Participating* Healthcare Professional, up to the usual and customary rate for such services. . . ." (Compl. (DE 1) ¶ 31, *Ashton v. Health Net, Inc.*, No. 04-20143-CIV (S.D. Fla. Jan. 20, 2004) (hereinafter "*Ashton* Compl.").)

- *CP Motion, Inc. v. Aetna Health, Inc.*: The plaintiff in *CP Motion*, a non-participating medical equipment supplier, alleges that Aetna "has refused payment and/or has failed to pay the amount it is obligated to pay under each insurance policy on the claims that were submitted by the Plaintiff." (Compl. (DE 1) ¶¶ 10–11, *CP Motion, Inc. v. Aetna Health Inc.*, No. 04-CV-23140 (S.D. Fla. Dec. 16, 2004) (hereinafter "*CP Motion* Compl.").)

- *Elvin D. Blackwell, D.C., d/b/a Blackwell Chiropractic Center, et al. v. Aetna Inc., et al.*: The plaintiffs in *Blackwell* allege, on behalf of a putative nationwide class of chiropractors, that the defendants use "undisclosed cost-based criteria" to "deny chiropractic benefit claims. . . ." (First Am. Compl. (DE 4) ¶ 133, *Blackwell v. Aetna Inc.*, No. 03-CV-01273 (M.D. Fla. July 30, 2003) (hereinafter "*Blackwell* Compl.").)

- *McCord v. Aetna Health, Inc., et al.*: The plaintiff in *McCord* alleges, on behalf of a putative nationwide class of out-of-network physicians, that "Defendants reduce the out-of-network physicians' fees according to Defendants' 'reasonable, customary fee schedule' or 'allowable amount' even though such doctors are not under contract with Defendants and are not obligated to reduce their fees." (Compl. (DE 1, pp. 7–17) ¶ 13,

---

[Footnote continued from previous page]
Moreno retained exclusive jurisdiction over interpretation and enforcement of provisions of the *Shane* settlement, including the provisions that appear relevant to *Cooper*.

*McCord v. Aetna Health, Inc.*, No. 05-CV-00633 (E.D. Tex. Sept. 9, 2005) (hereinafter "*McCord* Compl.").)

7. Like *Cooper*, each of these MDL 1334 actions against Aetna is in the earliest stages of litigation; no motions to dismiss have been filed and no discovery has been commenced.[4] Each of the MDL 1334 class actions presenting issues similar to *Cooper* has been stayed following transfer to MDL 1334 pending the outcome of the lead cases, *Shane* and *O'Neill*. Proceedings in the two lead cases now have been completed. Thus, if transferred, *Cooper* could be consolidated with *McCord, Solomon, Ashton, CP Motion,* and *Blackwell* for coordinated discovery and other pretrial proceedings on common issues.

8. The transfer of *Cooper* to MDL 1334 for consolidated pretrial proceedings with *McCord, Solomon, Ashton, CP Motion,* and *Blackwell* would promote the interests of justice, because these cases involve common factual issues. As described below, the plaintiff's allegations in *Cooper* mirror those in other MDL 1334 actions:

(a) The plaintiffs in *Cooper* and in the MDL 1334 actions challenge Aetna's allegedly "systematic and improper reductions" in payments for services and supplies rendered by non-participating providers to Aetna's members. (*Compare* Compl. ¶¶ 12, 13 (alleging "***systematic and improper reductions***" in reimbursements for services rendered by non-participating providers based on "unauthorized" methods) (emphasis added), *with McCord* Compl. ¶ 13 (alleging that Aetna "***reduce[d] the out-of-network physicians' fees according to [its] 'reasonable, customary fee schedule'***") (emphasis added), *and Solomon* Compl. ¶ 5 (challenging Aetna's practice of allegedly "***systematically reducing reimbursement*** to non-participating Healthcare Professionals by failing to pay reasonable

---

[4] A copy of the docket sheet in *Cooper* is attached as Exhibit B.

and customary fees.") (emphasis added); *see also Solomon* Compl. ¶¶ 79–81 ("Improper Reduction of Charges").)

(b) The plaintiffs in *Cooper* and in the MDL 1334 actions challenge Aetna's use of allegedly "flawed" and "invalid" third-party databases and other data to determine its "usual, customary and reasonable" payments for non-participating providers. (*Compare* Compl. ¶¶ 12, 13, 18, 19 (alleging that Aetna used *"incomplete and invalid"* data to calculate payments for services rendered by non-participating providers) (emphasis added), *with Solomon* Compl. ¶ 80 (alleging that Aetna "improperly reduce[s] [payments to non-participating Healthcare Professionals] through a variety of standard practices and procedures, including the *use of flawed databases that artificially reduce applicable charges* by manipulating and/or disregarding charges and procedures and using inaccurate and inapposite derived charges and conversion factors such as the Resource-Based Relative Value System.") (emphasis added).)

(c) The plaintiffs in *Cooper* and in the MDL 1334 actions challenge Aetna's practices of applying automatic coding logic that results in "uniform reductions" to charges for multiple procedures provided at the same time. (*Compare* Compl. ¶ 59 (Cooper alleges that Aetna uses other practices, such as *"applying uniform reductions to the charges of assistant surgeons, co-surgeons, and bilateral procedures,"* to reduce payments for services rendered by non-participating physicians to plan members) (emphasis added), *with Solomon* Compl. ¶ 58 (alleging that Aetna "'bundle[s]' codes representing diagnosis and treatments by *arbitrarily determining that separate treatments or procedures (designated by multiple codes) and/or supplies will be reimbursed as a single treatment or procedure*, resulting in payment to the Health Care Professional for fewer services than were actually rendered.") (emphasis added).)

6

(d) The plaintiffs in *Cooper* and in the MDL 1334 actions challenge Aetna's alleged "misstatements" or "misrepresentations" to its members about the foregoing practices through its "Explanations of Benefits" and other communications. (*Compare* Compl. ¶ 72 ("Aetna made ***misstatements to its Members*** that were intended to, or did in practice, discourage them from understanding the basis used by Aetna to make its [usual, customary and reasonable] and [out-of-network] Benefit Reductions") (emphasis added), *with McCord* Compl. ¶ 14 (alleging that Aetna "***misrepresent[ed] to [its] insureds*** that the 'member responsibility' is the amount that [its] insureds owe to the out-of-network physician[s].") (emphasis added); *Solomon* Compl. ¶ 45 (alleging that Aetna makes ***"disparaging remarks" to subscribers*** "describing balance billing as excessive") (emphasis added); *see also Solomon* Compl. ¶ 61 (alleging that Aetna sends "an explanation of benefits form ('EOB') to the medical services provider . . . [that] ***fail[s] to itemize or explain their rationale for reducing or denying payments*** to Healthcare Professionals") (emphasis added); *see also id.* ¶¶ 74–78 ("Inadequate Explanation of Benefits").)

9. Cooper is a subscriber, and the plaintiffs in *Solomon, Ashton, McCord,* and *Blackwell* are various types of providers. Although this and other differences among the cases may present certain unique issues, the plaintiffs' claims in each of these cases concern some of the same essential allegations concerning the same practices of Aetna—and unquestionably involve numerous "common issues of fact."

10. In addition to the similarities in the plaintiffs' allegations about Aetna's practices, each of the plaintiffs in *Cooper, Solomon, McCord, Blackwell,* and *Ashton* alleges a ***nationwide class***; thus, the plaintiffs' allegations are likely to involve some of the same issues concerning variations among Aetna's practices throughout the United States. Further, these actions could raise issues concerning some of the same health plans administered by Aetna, some of the same

providers and health plan members, and some of the same claims for reimbursement of medical services and supplies provided by non-participating providers. Thus, there are likely to be common issues concerning the proper scope of discovery, any motions for class certification, and the relief sought by plaintiffs from Aetna in all of these actions.

11. Because of these numerous common issues and Judge Moreno's familiarity with them, transfer of *Cooper* to MDL 1334 would conserve judicial resources, reduce litigation costs to the parties, eliminate duplicative discovery and other proceedings, prevent potentially inconsistent pretrial rulings, and permit the cases to proceed more efficiently within a coordinated pretrial framework similar to the framework that Judge Moreno has abided by thus far in presiding over other MDL 1334 cases, such as *Shane* and *O'Neill*.

12. The proposed transfer and consolidation in MDL 1334 thus "will be for the convenience of the parties and witnesses and will promote the just and efficient conduct" of these actions, because it is expected that discovery will encompass common witnesses and documents relating to practices of Aetna that are at issue in each of the cases.[5]

WHEREFORE, Aetna respectfully requests that the Panel order that *Cooper v. Aetna Health Inc. PA, Corp., et al.*, No. 07-3541, be transferred to the United States District Court for the Southern District of Florida, to be consolidated with the actions involving similar issues in MDL 1334, *In re Managed Care Litigation*.

---

[5] Cooper's lawyers are familiar with MDL 1334, because they already have served as the plaintiffs' counsel in two other MDL 1334 actions, which involved similar claims and allegations on behalf of putative nationwide classes of subscribers, *Chapman v. Aetna Life Ins. Co.*, No. 1:01-cv-02396-FAM, and dentists, *American Dental Association v. Aetna, Inc.*, MDL No. 1334, Master File No. 00-1334-MD-Moreno. Both actions were settled following transfer.

Dated: September 26, 2007

Respectfully submitted,

*signature*

Richard J. Doren
Email: rdoren@gibsondunn.com
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7000

Miguel A. Estrada
Email: mestrada@gibsondunn.com
Geoffrey M. Sigler
Email: gsigler@gibsondunn.com
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500

**Counsel for Aetna Defendants**