# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

_____

| | | |
|---|---|---|
| **MICHELLE COOPER, ET AL.,** | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | **Civil Action No. 07-3541(FSH)** |
| | : | |
| | : | |
| **AETNA HEALTH INC., PA** | :ORDER ON INFORMAL APPLICATION & | |
| **CORP., ET AL.** | :SECOND AMENDED PRETRIAL | |
| | :SCHEDULING ORDER | |
| | : | |
| **Defendants** | : | |
| | : | |

_____

**THIS MATTER** having come before the Court by way of letter dated September 8, 2008, regarding the joint request to extend by 120 days the deadlines associated with the class certification discovery and motion practice because time is needed to complete discovery relevant to these issues, including a review of the Ingenix data;

and while the parties have presented good cause to extend the deadlines associated with class certification matters, such does not exist as it relates to the other deadlines;

and the Court declining to adopt the proposal that would contemplate surreply briefs in connection with the class certification motions as it is more efficient to require all class certification discovery to be completed before the motions are filed;

and this approach ensuring that all parties are operating from the same factual record when briefing and opposing the motion;

and the Court therefore extending the deadlines associated with class certification motion practice selected deadlines that commence after class certification discovery is completed;

and the parties all seeking corresponding changes in the merits discovery schedule, which under the parties' proposal would result in adjournment of the Final Pretrial Conference from November 17, 2009 to a date after February 5, 2010;

 and the Court not being satisfied that good cause exists to extend those deadlines simply because the class certification dates are being extended and given the likely overlap between the merits and class discovery;

**IT IS THEREFORE** on this 10th day of September, 2008,

**ORDERED THAT:**

1.  The request to bifurcate class and merits discovery is denied but that all discovery shall be produced on a rolling basis and priority shall be given to discovery needed for class action motion practice;

2.  The request to extend the deadlines associated with class discovery and class certification motion practice is granted but the request to extend any other deadline is denied;

3.  No later than **September 15, 2008 at 2:00 p.m.,** the parties shall submit a proposed electronic discovery protocol;

4.  If the parties have disagreement about any provision of the proposed orders referred to in Paragraph 3, then they shall submit one proposed order that embodies the competing provisions in different fonts and the parties shall include a footnote that explains why the party believes its version should be adopted instead of the adversary's proposal;

**IT IS FURTHER ORDERED THAT:**

## I.  COURT DATES

1.      There shall be a telephone status conference before the Undersigned on the dates and to be initiated by the party set forth below:

| DATE | TIME | PARTY TO INITIATE |
|------|------|-------------------|
| **September 16, 2008** | **2:00 p.m.** | **Defendants** |
| **December 9, 2008** | **2:00 p.m.** | **Plaintiffs** |
| **February 17, 2009** | **2:00 p.m.** | **Defendants** |
| **May 6, 2009** | **2:00 p.m.** | **Plaintiffs** |

2.      There will be a settlement conference before the Undersigned **on TO BE SET.  Five (5) business days** before the conference, each party should submit a confidential memorandum to the Court, not to exceed 5 pages, summarizing the relevant facts, the respective legal positions, status of the case, and the client's position on settlement.  Trial Counsel and clients with full settlement authority must attend the conference.  If the trial counsel **and** client with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

3.      A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **November 17, 2009 at 2:00 p.m.**   The Final Pretrial Conference will occur even if there are dispositive motions pending.   The Court will adjourn the Final Pretrial conference only if the

requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

## II.  DISCOVERY AND MOTION PRACTICE

4.        Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **deadline passed.**

5.         Discovery necessary to engage in meaningful settlement discussions: <u>TO BE DETERMINED</u> .

6.        The parties may serve interrogatories limited  to 30 single questions including subparts and requests for production of documents on or before **deadline passed,** which shall be responded to no later than **deadline passed.**   No document demands may be served after **February 1, 2009.**

7.        A.  Absent agreement of counsel or leave of Court, the number of depositions to be taken by each side shall not exceed 15.  No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege.  <u>See</u> Fed. R. Civ. P. 32(d) (3) (A).  No instruction not to answer shall be given unless a privilege is implicated.

B.  The depositions needed for the class certification motion practice are to be completed no later than **February 15, 2009.**

C.  The merits depositions shall be completed no later than **June 12, 2009**.

8.        A.  Discovery needed for class certification motion practice shall be completed no later than **February 15, 2009.**

B.  Merits fact discovery shall be completed no later than **June 12, 2009.**  No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

9.        Counsel shall confer in a good  faith attempt to informally resolve any discovery disputes <u>before</u> seeking the Court's intervention.  Should such informal effort  fail to resolve the dispute, the matter shall be brought to the Court's attention in via joint letter that sets forth: (a) the request, (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient.  No further submissions regarding the dispute may be submitted without leave of Court.  If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be made before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **March 10, 2009** and the Court will not entertain applications concerning discovery matters, informally or otherwise, after this date.

10.     A.   Any motion to add plaintiff shall be filed no later than **November 19, 2008.**

        B.   Any motion to add claims or defendants shall be filed by **January 9, 2009.**

11.     A.   The class certification motion shall be filed no later than **March 20, 2009** The motion and briefing must be comply with Local Rule 7.1 except that no extensions under the Rule 7.1 may be invoked.  Any responses shall be submitted no later than **April 24, 2009** and any replies shall be submitted no later than **May 11, 2009**.  The return date shall be **May 18, 2009** before the Hon. Faith S. Hochberg.  Her Honor's chambers will advise the parties if oral argument will be required.

        B.   All dispositive motions shall be discussed in advance of filing with the undersigned either in person or by teleconference.  Any and all dispositive motions must be filed no later than **September 10, 2009**  and must be comply with Local Rule 7.1.  No pretrial dispositive motions will be entertained after that date.  Any responses shall be submitted no later than **September 21, 2009** and any replies shall be submitted no later than **September 28, 2009**. The return date shall be **October 4, 2009** before the Hon. Faith S. Hochberg.  Her Honor's chambers will advise the parties if oral argument will be required.

### III. EXPERTS

12.     A.   All affirmative class expert reports shall be delivered by **January 22, 2009**.

        B.   All responding class expert reports shall be delivered by **February 22, 2009**.

        C.   All class expert depositions shall be completed by **March 10, 2009.**

13.     A.   All affirmative merits expert reports shall be delivered by **June 4, 2009**.

        B.   All responding merits expert reports shall be delivered by **July 10, 2009**.

        C.   All merits expert depositions shall be completed by **August 16, 2009.**

14.     a.   All expert reports are  to be in the form and content as required by Fed. R. Civ. P. 26(a) (2)(B).  No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

### IV.  FINAL PRETRIAL CONFERENCE

15.     A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on

**November 17, 2009 at 2:00 p.m.**   The final pretrial conference will occur even if dispositive motions are pending.  The Court will adjourn the Final Pretrial conference only if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

16.   Not later than **20 working days**  before the pretrial conference, the parties shall exchange copies of all proposed trial exhibits.  Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.

17.   All counsel are directed to assemble at the office of Plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court.  Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

18.   With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

19.   The original of the Final Pretrial Order shall be delivered to the CHAMBERS of the undersigned no later than **November 9, 2009 at 4:00 p.m**.  All counsel are responsible for the timely submission of the Pretrial Order.

20.   The Court expects to engage in meaningful settlement discussions at the final pretrial conference.  Therefore, trial counsel who actually has full settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.

## V.  MISCELLANEOUS

21.   The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

22.   Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

23.   A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

24.   Communications to the Court by facsimile will not be accepted.  All communications to the Court shall be in writing or by telephone conference.

25.   **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER  MAY RESULT IN SANCTIONS.**

s/ Patty Shwartz
**UNITED STATES MAGISTRATE JUDGE**