UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

----------------------------------------------------------------X

MICHELE COOPER, MICHELE WERNER, DARLERY FRANCO and DOREEN RIZOPOULOS, individually, and on behalf of all others similarly situated,

    Plaintiffs,

 -against-

AETNA HEALTH INC. PA, CORP., AETNA HEALTH MANAGEMENT, LLC, AETNA LIFE INSURANCE COMPANY, AETNA HEALTH and LIFE INSURANCE COMPANY, AETNA HEALTH, INC., and AETNA INSURANCE COMPANY OF CONNECTICUT,

    Defendants.

----------------------------------------------------------------X

Docket No. 07 cv 3541 (FSH)(PS)

---

### MEMORANDUM OF LAW IN SUPPORT OF MOTION PURSUANT TO FEDERAL RULE 23(g)(3) TO APPOINT WILENTZ, GOLDMAN & SPITZER, P.A. AS INTERIM CLASS COUNSEL

---

**WILENTZ, GOLDMAN & SPITZER, P.A.**
90 Woodbridge Center Drive, Suite 900
Woodbridge, NJ 07095
Telephone: (732) 636-8000

**Counsel for Plaintiffs and
Proposed Interim Class Counsel**

[Additional Counsel Listed on Signature Page]

#3863111 (149859.002)

# TABLE OF CONTENTS

**PAGE**

## Table of Contents

**Page**

ARGUMENT ...................................................................................................................1

    A.    This Court Has Discretionary Authority Under Rule 23(g)(3) To Appoint Interim Counsel For Plaintiffs And The Proposed Class .................................................................................1

    B.    Application Of The Factors Enumerated In Rule 23(g)(3) Demonstrate Why The Wilentz Firm Should Be Appointed Interim Counsel .....................................................................................4

CONCLUSION ...............................................................................................................8

#3863111 (149859.002)

## **TABLE OF AUTHORITIES**

**PAGE**

**CASES**

*Allen v. Stewart Title Guar.*,
  246 F.R.D. 218 (E.D. Pa. 2007) ............................................................................4

*AMA v. United Healthcare*,
  00-CV-2800 ...........................................................................................................1

*Benitez v. Humana, Inc.*,
  Nos. 08-211, 2008 WL 4186857 (W.D. Ky. Sept. 9, 2008) ..............................4, 7

*DeVito v. Aetna, Inc.*,
  No. 07-0418, 2008 WL 2594619 (D.N.J. June 25, 2008) ....................................4

*Franco v. CIGNA*,
  07-CV-6039 ...........................................................................................................1

*Haase v. GunnAllen Fin., Inc.*,
  *No. 08-10927*, 2008 WL 3200590 (E.D. Mich. Aug. 5, 2008) ............................4

*In re Air Cargo Shipping Servs. Antitrust Litig.*,
  240 F.R.D. 56 (E.D.N.Y. 2006) ............................................................................4

*In re Apple & AT & TM Antitrust Litig.*,
  No. 07-5152, 2008 WL 1766761 (N.D. Cal. Apr. 15, 2008) ............................4, 5

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
  No. 07-5944, 2008 WL 2024957 (N.D. Cal. May 9, 2008) ..........................4, 5, 7

*In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*,
  252 F.R.D. 66 (D. Me. 2008) .............................................................................4, 7

*In re Issuer Plaintiff Initial Public Offering Antitrust Litig.*,
  234 F.R.D. 67 (S.D.N.Y. 2006) ............................................................................4

*In re Mun. Derivs. Antitrust Litig.*,
  No. 08-2516, 2008 WL 3166682 (S.D.N.Y. Aug. 1, 2008) ........................1, 4, 5

*Malchow v. Oxford*,
  08-CV-0935 ........................................................................................................1, 3

*McCoy v. Health Net, Inc.*,
  569 F. Supp. 2d 448 (D.N.J. 2008) .......................................................................5

#3863111 (149859.002)

**TABLE OF AUTHORITIES (cont'd)**

**PAGE**

*Nowak v. Ford Motor Co.*
  240 F.R.D. 355 (E.D. Mich. 2006) ..................................................................................4

*Pfaff v. Washington,*
  No. 07-5280, 2007 WL 4225059 (W.D. Wash. Nov. 27, 2007) ......................................4

*Se. Mo. Hosp. v. C.R. Brand, Inc.,*
  No. 07-0031, 2007 WL 4191978 (E.D. Mo. Nov. 21, 2007) .........................................4

*Waudby v. Verizon Wireless Servs., LLC,*
  248 F.R.D. 173 (D.N.J. 2008) .....................................................................................4, 5

## RULES

Fed. R. Civ. P. 23(g) ..............................................................................................................1

Fed. R. Civ. P. 23(g)(1) .........................................................................................................5

## OTHER AUTHORITIES

5-23 JEROLD S. SOLOVY, ET AL., , MOORE'S FEDERAL PRACTICE
  § 23.121 (3d ed. 2008) ....................................................................................................2

7B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND
  PROCEDURE:
  CIVIL 3D § 1802.3 (2008) ...........................................................................................1, 2

Federal Judicial Center, MANUAL FOR COMPLEX LITIGATION § 21.11 (4th ed. 2004) ....................1

#3863111 (149859.002)

Plaintiffs, by the undersigned counsel and pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure, respectfully submit this Memorandum of Law in Support of their Motion to Appoint Wilentz, Goldman & Spitzer, P.A. ("Wilentz") as Interim Class Counsel. Plaintiffs' motion seeks to avoid the confusion that has resulted in the absence of designated interim class counsel, including a settlement agreement in a related case, *AMA v. United Healthcare*, 00-CV-2800 (LMM)(GWG) pending in the Southern District of New York. That settlement ("Pomerantz/United Healthcare Settlement Agreement") is opposed by all other counsel for Plaintiffs. The details of that unauthorized and unilateral settlement are disclosed in the motion submitted in *Malchow v. Oxford*, 08-CV-0935.

Plaintiffs are also making the same motion in other pending and related cases before this Court, *Malchow v. Oxford*, 08-CV-0935 and *Franco v. CIGNA*, 07-CV-6039.

## ARGUMENT

### A.    This Court Has Discretionary Authority Under Rule 23(g)(3) To Appoint Interim Counsel For Plaintiffs And The Proposed Class

Rule 23(g) provides in pertinent part that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." FED. R. CIV. P. 23(g)(3). "This provision recognizes the fact that there is a need for an attorney to take some actions in preparation for the class-certification decision, including possibly discovery and even settlement negotiations." 7B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 1802.3 (2008) ("7B WRIGHT, MILLER & KANE"). The designation of interim counsel helps to clarify the "responsibility for protecting the interests of the class during precertification activities." *In re Mun. Derivs. Antitrust Litig.*, No. 08-2516, 2008 WL 3166682, at *2 (S.D.N.Y. Aug. 1, 2008) (quoting Federal Judicial Center, MANUAL FOR COMPLEX LITIGATION § 21.11 (4th ed. 2004)).

The designation of interim class counsel clearly falls within this Court's sound discretion. Plaintiffs respectfully submit that such discretion should be exercised now by designating Wilentz as interim class counsel.[1]

**Role of Coordination Among Counsel**

Where (as here) other Plaintiffs' counsel have played roles of varying intensity at various times, the roles of principal advocate and coordinator of all counsel have consistently been served by Wilentz. Pomerantz, designated co-lead counsel for the Class in the Health Net cases, has virtually ceased to actively participate in the performance of legal services that are required to pursue the related UCR cases pending before this Court. Some time ago, Pomerantz told Wilentz it intended to do less work and was no longer willing to contribute its traditional share of expenses. Thereafter, Pomerantz phased out of the cases by cutting back on services and payment of expenses. As a consequence of Pomerantz's phasing out, Wilentz added several attorneys and other staff to both work and manage these cases effectively.

On December 16, 2008, Wilentz attended an in-person meeting with Pomerantz attorneys and requested they put their decision to phase out of this case (and Healthcare cases generally) in writing. On December 17, 2008, Pomerantz sent Wilentz a letter, stating: "As we informed you yesterday, we do not intend to do further work on these cases [Aetna and CIGNA] at this time unless requested to do so by you or otherwise necessary to protect the interests of our clients or

---

[1] In 2003, the Supreme Court adopted amendments to Rule 23, including an entirely new subdivision (g), authorizing the appointment of interim counsel. "The provision was added in recognition of the importance of counsel in the successful handling of class actions and is designed to build on the experience of the courts under Rule 23(a)(4) in scrutinizing proposed class counsel and class representatives for adequacy." 7B WRIGHT, MILLER & KANE, § 1802.3 (footnotes and citations omitted); *see also* 5-23 JEROLD S. SOLOVY, ET AL., MOORE'S FEDERAL PRACTICE § 23.121 (3d ed. 2008).

the class." The letter was signed by Stanley M. Grossman, the head of the firm. The statement was expressly directed to Aetna and CIGNA.

Given the enormity of Aetna and the certainty that discovery (about to be produced) be a complex and time-consuming endeavor, Pomerantz's decision to bow out increases the burden on the remaining Plaintiffs' counsel.

**Interim Counsel Is Required to Conduct Authorized Settlement Discussions**

Courts have appointed interim counsel to prevent defendants from picking off class counsel with inadequate settlement offers. As detailed in the motion for interim class counsel submitted in *Malchow v. Oxford*, it is critical that interim class counsel be appointed so that the defendants in these cases address settlement in a transparent and fair manner, and not by engaging the counsel most inclined to engage in a "reverse auction."

Due to the need to devote substantial resources to the prosecution of these cases well in advance of any fair settlement offer being made to the Class, Plaintiffs and the Class cannot be vulnerable to a defendant's ability to entertain settlement negotiations with peripheral counsel who are not involved in the day-to-day prosecution of Plaintiffs' claims or who for any reason are inclined to engage in a "reverse auction" of the Class claims. The continued protection of class members' interests will be assured by appointing Wilentz as interim class counsel.[2]

---

[2] According to the Advisory Committee Notes to the 2003 amendments, Rule 23(g)(3) "authorizes a court to designate interim counsel during the pre-certification period *if necessary to protect the interests of the putative class*." FED. R. CIV. P. 23(g)(3), Advisory Committee Notes to the 2003 amendments (Emphasis added). Further, Rule 23(g)(3) recognizes that "[s]ettlement may be discussed before certification. Ordinarily, such work is handled by the lawyer who filed the action. In some cases, however, *there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate*." *Id.* (emphasis added). Further, "[w]hether or not formally designated interim counsel, an attorney who acts on behalf of the class before certification must act in the best interests of the class as a whole. *For example, an attorney who negotiates a pre-certification settlement must seek a settlement that is fair, reasonable, and adequate for the class.*" *Id.* (emphasis added); *see, e.g., In re Issuer Plaintiff*

B.  **Application Of The Factors Enumerated In Rule 23(g)(3) Demonstrate Why The Wilentz Firm Should Be Appointed Interim Counsel**

This class action is similar to other cases in which federal courts have appointed interim counsel to represent the interests of the proposed Class.[3] When appointing interim class counsel, courts "generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *In re Mun. Derivs. Antitrust Litig.,* 2008 WL 3166682, at *2 (citing *In re Air Cargo Shipping Servs. Antitrust Litig.,* 240 F.R.D. at 57). Rule 23(g)(1)(A) provides that this Court must consider:

- the work counsel has done in identifying or investigating potential claims in the action;

- counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

- counsel's knowledge of the applicable law; and

- the resources counsel will commit to representing the class.

---

*Initial Public Offering Antitrust Litig.,* 234 F.R.D. 67, 68-70 (S.D.N.Y. 2006) ("*IPO Antitrust Litig.*") (applying Advisory Committee Notes to construe meaning of Rule 23(g)(3)).

[3]    *See, e.g., Benitez v. Humana, Inc.,* Nos. 08-211, 08-236, 08-304, 2008 WL 4186857, at *1-3 (W.D. Ky. Sept. 9, 2008) (ERISA class action); *Haase v. GunnAllen Fin., Inc.,* No. 08-10927, 2008 WL 3200590, at *2-3 (E.D. Mich. Aug. 5, 2008) (securities class action); *Mun. Derivs.,* 2008 WL 316682, at *2-3 (securities class action); *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig..,* 252 F.R.D. 66, 66-70 (D. Me. 2008) (electronic theft of consumer credit cards class action); *In re Cathode Ray Tube (CRT) Antitrust Litig.,* No. 07-5944, 2008 WL 2024957, at *1-3 (N.D. Cal. May 9, 2008) (antitrust class action); *In re Apple & AT & TM Antitrust Litig.,* No. 07-5152, 2008 WL 1766761, at *2-3 (N.D. Cal. Apr. 15, 2008) (antitrust class action); *Waudby v. Verizon Wireless Servs., LLC,* 248 F.R.D. 173, 175-177 (D.N.J. 2008) (Hughes, Magis. J.) (violation of Federal Comm'ns Act & NJ Consumer Protection Act in early termination fees class action); *Allen v. Stewart Title Guar.,* 246 F.R.D. 218, 219 (E.D. Pa. 2007) (title insurance class action); *Pfaff v. Washington,* No. 07-5280, 2007 WL 4225059, at *5-6 (W.D. Wash. Nov. 27, 2007) (healthcare benefits class action); *Se. Mo. Hosp. v. C.R. Brand, Inc.,* No. 07-0031, 2007 WL 4191978, at *1-2 (E.D. Mo. Nov. 21, 2007) (ERISA class action); *Nowak v. Ford Motor Co.,* 240 F.R.D. 355, 357, 360-368 (E.D. Mich. 2006) (ERISA class action); *In re Air Cargo Shipping Servs. Antitrust Litig.,* 240 F.R.D. 56, 57-58 (E.D.N.Y. 2006) (antitrust class action); *DeVito v. Aetna, Inc.,* No. 07-0418, 2008 WL 2594619, at *2 (D.N.J. June 25, 2008) (Hochberg, J.) (designating "interim class counsel" as part of preliminary approval of class action settlement).

Fed. R. Civ. P. 23(g)(1)(A); *see In re Mun. Derivs. Antitrust Litig.*, 2008 WL 3166682, at *2; *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2008 WL 2024957, at *1 (enumerating factors; "In addition, a court 'may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class.'") (quoting Fed. R. Civ. P. 23(g)(1))); *In re Apple & AT & TM Antitrust Litig.*, 2008 WL 1766761, at *2 (same); *Waudby*, 248 F.R.D. at 175-176 (same). Application of the above-referenced factors demonstrates the reasons why this Court should appoint Wilentz as interim counsel for the Class. First, Wilentz attorneys have been prosecuting UCR class claims for many years, and have had success doing so. *See McCoy v. Health Net, Inc.*, 569 F. Supp. 2d 448 (D.N.J. 2008) (approving class action settlement of ERISA and RICO claims asserted in related action). Second, Wilentz has drafted or edited all substantive pleadings and briefing filed on behalf of Plaintiffs and the members of the proposed Class. Third, Wilentz has and has been devoting substantial resources to this litigation and, in fact, has written every document demand, engaged in the extensive negotiation of the electronic discovery protocol and appeared at every Court conference and conference with opposing counsel.[4] Application of these factors, as set forth in the above-referenced cases (*see supra* note 3), demonstrates why Wilentz should be appointed as interim class counsel. *See Haase*, 2008 WL 3200590, at *3 (appointing "interim lead counsel" because of law firm's "prior substantial experience" in prosecuting similar cases and "quality of the pleadings that these attorneys have submitted to the Court in this litigation") (citation omitted); *Waudby*, 248 F.R.D. at 175-177 (same); *Nowak*, 240 F.R.D. at 361-363 (same).

Wilentz respectfully submits that as interim class counsel, it should be entrusted with the following responsibilities:

---

[4]   Wilentz has more than 150 lawyers and offices in Woodbridge, New Jersey, New York City, Philadelphia and Pittsburgh, Pennsylvania.

1. To promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and unproductive efforts;

2. To initiate and conduct all discovery proceedings (including coordinating discovery in all cases with all counsel) and communicate with defense counsel with respect to same on all issues;

3. To coordinate all motions, requests for discovery, experts, and other pretrial proceedings regarding the position of all Plaintiffs;

4. To meet and negotiate with defense counsel with respect to settlement and other matters after adequate due diligence;

5. To record and administer all time and expenses of counsel and staff;

6. To assess plaintiffs' law firms common litigation costs and to collect assessments on a regular basis;

7. To monitor the activities of Plaintiffs' counsel and to implement procedures to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

8. To consult, as necessary in the best interests of the putative class, with all other Plaintiffs' counsel to obtain their input concerning strategy and to be the primary spokesperson for the putative class;

9. To act as interim counsel in any appeal prior to appointment of class counsel;

10. To otherwise advance and protect the interests of the putative class in all respects and to monitor all of counsel's responsibilities, including making sure that all representations and commitments made on its behalf are honored; and

11. To serve all parties with all orders and correspondence issued by the Court.

*See In re Cathode Ray Tube (CRT) Antitrust Litig.,,* 2008 WL 2024957, at *2-3 (reciting responsibilities of interim counsel); *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.,* 2008 WL 2906666, at *2-3 (same); *Benitez,* 2008 WL 4186857, at *3 (same).

## CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request this Court to appoint Wilentz as Interim Class Counsel.

DATED: January 16, 2009

                                                WILENTZ, GOLDMAN & SPITZER, P.A.

By: ___/s/_____
      BARRY M. EPSTEIN, ESQ.

Barry M. Epstein, Esq.
Barbara Gail Quackenbos, Esq.
Lynne M. Kizis, Esq.
Kevin P. Roddy, Esq.
Phil Tortoreti, Esq.
90 Woodbridge Center Drive, Suite 900
Woodbridge, NJ 07095
Telephone: (732) 636-8000

**Counsel for Plaintiffs and
Proposed Interim Class Counsel**

**SIEGEL BRILL GREUPNER DUFFY &
FOSTER, P.A.**
Wood R. Foster, Jr., Esq.
Jordan Lewis, Esq.
1300 Washington Avenue South
Minneapolis, MN 55401
Telephone: (612) 337-6100

**THE ALPERT LAW FIRM P.A.**
Jonathan Alpert, Esq.
5920 River Terrace
Tampa, FL 33604
Telephone: (813) 223-4131

**Counsel for Plaintiffs**