UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| MICHELE COOPER, MICHELE WERNER, and DARLERY FRANCO, individually and on behalf of all others similarly situated, | Civil Action No. 07-3541 (FSH)(PS) |
| Plaintiffs, | MDL No. 2020 |
| -against- | |
| AETNA HEALTH INC. PA, CORP., AETNA HEALTH MANAGEMENT, LLC, AETNA LIFE INSURANCE COMPANY, AETNA HEALTH and LIFE INSURANCE COMPANY, AETNA HEALTH, INC., and AETNA INSURANCE COMPANY OF CONNECTICUT, | |
| Defendants. | |

---

| | |
|---|---|
| JOHN SENEY, individually and on behalf of all others similarly situated, | Civil Action No. 09-468 (FSH)(PS) |
| Plaintiff, | |
| -against- | |
| AETNA HEALTH INC. (PA), AETNA HEALTH MANAGEMENT, LLC, AETNA LIFE INSURANCE COMPANY, AETNA HEALTH and LIFE INSURANCE COMPANY, AETNA HEALTH, INC. and AETNA INSURANCE COMPANY OF CONNECTICUT, | |
| Defendants. | |

```
---------------------------------------------------------X
AMERICAN MEDICAL ASSOCIATION,              :
MEDICAL SOCIETY OF NEW JERSEY,             :   Civil Action No. 09-579 (FSH)(PS)
MEDICAL SOCIETY OF THE STATE OF            :
NEW YORK, CONNECTICUT STATE                :
MEDICAL SOCIETY, TEXAS MEDICAL             :
ASSOCIATION and NORTH CAROLINA             :
MEDICAL SOCIETY and DARRICK E.             :
ANTELL, M.D. and FREDERICK A.              :
VALAURI, M.D., individually and on behalf of :
all others similarly situated,             :
                                           :
              Plaintiffs,                  :
                                           :
       -against-                           :
                                           :
AETNA HEALTH INC. PA, CORP., AETNA         :
HEALTH MANAGEMENT, LLC, AETNA              :
LIFE INSURANCE COMPANY, AETNA              :
HEALTH and LIFE INSURANCE COMPANY,         :
AETNA HEALTH, INC., and AETNA              :
INSURANCE COMPANY OF                       :
CONNECTICUT,                               :
                                           :
              Defendants.                  :
---------------------------------------------------------X
KATHY TISKO, P.T., et al.,                 :
                                           :   Civil Action No. 2:09-cv-579
              Plaintiff,                   :   (FSH) (PS)
                                           :
       v.                                  :
                                           :
AETNA HEALTH INC. PA, CORP., et al.,       :
                                           :
              Defendants.                  :
                                           :
---------------------------------------------------------X
```

#3874537.02

2

```
-----------------------------------X
ABRAHAM I. KOZMA, P.A.,             :
                                    :   Civil Action No. 2:09-cv-1972 (FSH)
              Plaintiff,            :   (PS)
                                    :
    v.                              :
                                    :
AETNA HEALTH INC. PA, CORP., et al.,:
                                    :
                                    :
              Defendants.           :
-----------------------------------X
JEFFREY M. WEINTRAUB, on behalf of  :
himself and all others similarly situated, :   Civil Action No. 3:08-cv-00654
                                    :   (MRK)
              Plaintiff,            :
                                    :
    v.                              :
                                    :   MDL No. 2020
INGENIX, INC., UNITEDHEALTH GROUP,  :
INC., and AETNA, INC.,              :
                                    :
              Defendants.           :
-----------------------------------X
```

## STIPULATION AND [PROPOSED] CASE MANAGEMENT ORDER NO. 1

WHEREAS, on July 30, 2007, Plaintiff Michele Cooper ("Cooper") filed her Class Action Complaint against Defendants, Aetna Health Inc. PA, Corp., Aetna Health Management, LLC, Aetna Life Insurance Company, Aetna Health and Life Insurance Company, Aetna Health, Inc. and Aetna Insurance Company of Connecticut (collectively "Defendants" or "Aetna"), in Civil Action No. 07-3541 (the "*Cooper* Action"); and

WHEREAS, on October 22, 2007, Plaintiff Cooper filed her First Amended Class Action Complaint against Defendants in the *Cooper* Action; and

WHEREAS, on November 27, 2007, Plaintiff Cooper filed her Second Amended

Complaint against Defendants in the *Cooper* Action; and

WHEREAS, on February 28, 2008, Plaintiff Cooper and Plaintiffs, Michele Werner ("Werner") and Darlery Franco ("Franco"), filed their Third Amended Complaint against Defendants in the *Cooper* Action; and

WHEREAS, on March 14, 2009, Plaintiffs Cooper, Werner, Franco, Paul and Sharon Samit and Carolyn Whittington filed their Fourth Amended Complaint against Defendants in the *Cooper* Action; and

WHEREAS, on January 28, 2009, Plaintiff, John Seney, filed his Class Action Complaint against Defendants in Civil Action No. 09-468 (the "*Seney* Action"); and

WHEREAS, on February 9, 2009, Plaintiffs, American Medical Association, Medical Society of New Jersey, Medical Society of the State of New York, Connecticut State Medical Society, Texas Medical Association, North Carolina Medical Society, Darrick E. Antell, M.D. and Frederick A. Valauri, M.D., filed their Complaint against Defendants in Civil Action No. 09-579 (the "*AMA* Action"); and

WHEREAS, on April 29, 2008, Plaintiff, Jeffrey M. Weintraub filed his Class Action Complaint against Defendants, Ingenix, Inc., United Health Group, Inc., Oxford Health Plans, Aetna, Inc., Cigna Corp., Empire BlueCross Blue Shield, Humana, Inc., Group Health Insurance, Inc., Health Insurance Plan of New York and Health Net, Inc. in the U.S. District Court for the District of Connecticut, Civil Action No. 08-654 (the "*Weintraub* Action");

WHEREAS, on April 8, 2009, the Judicial Panel on Multidistrict Litigation issued a Transfer Order directing that the *Weintraub* Action be transferred to this District and assigned to this Court for coordinated or consolidated pretrial proceedings with the *Cooper* Action, the *Seney* Action and the *AMA* Action, *see In re Aetna, Inc., Out-of-Network "UCR" Rates Litigation*,

2009 WL 969940 (J.P.M.L. Apr. 8, 2009); and

WHEREAS, on April 7, 2009, this Court held a status conference with all parties in the *Cooper* Action, the *Seney* Action, the *AMA* Action and the *Weintraub* Action, and cases related hereto by subject matter, as listed in this Court's March 19, 2009 Order, *see Cooper* Action Document 171, and entered a Minute Order that same day requiring the parties to submit a joint proposed case management order to the Court; and

WHEREAS, on May 7, 2009, following a telephonic status conference held in the *Cooper* Action, Magistrate Judge Shwartz issued an Order directing the "parties in this case" to "submit ... a proposed case management order that includes a proposed schedule for filing consolidation complaint(s), deadlines to file responsive pleadings, and all dates for pretrial proceedings," see *Cooper Action* Document 190; and

WHEREAS, counsel for Plaintiffs in the *Cooper* Action have met-and-conferred with counsel for Defendants, and counsel for Plaintiffs in the *Cooper* Action have met-and-conferred with counsel for Plaintiffs in the *Seney* Action, the *AMA* Action and the *Weintraub* Action; and

WHEREAS, pursuant to this Court's Order, counsel for Plaintiffs the *Cooper* Action, the *Seney* Action, the *AMA* Action and the *Weintraub* Action have agreed generally to a bifurcated structure for the coordination and management which allows the Subscriber Plaintiffs' actions (namely, the *Cooper* Action, the *Seney* Action and the *Weintraub* Action), and the Provider Plaintiffs and Medical Association Plaintiffs' action (namely, the *AMA* Action) to proceed on parallel "tracks" with coordination where appropriate to avoid unnecessary overlap and duplication of effort.

NOW, THEREFORE, it is hereby ORDERED as follows:

A. **Appointment of Interim Class Counsel and Liaison Counsel**

1.  The law firm of Wilentz, Goldman & Spitzer, P.A. ("Wilentz") is hereby designated as Interim Class Counsel for Plaintiffs in the Subscriber Plaintiffs' actions (namely, the *Cooper* Action, the *Seney* Action and the *Weintraub* Action). As Interim Class Counsel in those actions and in accordance with Fed. R. Civ. P. 23(g), Wilentz shall have the following duties and responsibilities:

   a.  To prepare and file any pleadings to be filed on behalf of the Subscriber Plaintiffs and to conduct any proceedings held before this Court in the Subscriber Plaintiffs' actions;

   b.  To host the document depository and monitor the review of documents to assure proper performance and non-duplication of effort;

   c.  To coordinate the selection and preparation of expert witnesses;

   d.  To coordinate and allocate payment of joint costs and expenses;

   e.  To coordinate the related actions, including discovery, in the Subscriber Plaintiffs' actions and the Provider Plaintiffs' and Medical Association Plaintiffs' actions;

   f.  To coordinate the provision of legal services to assure compliance with Court orders, timetables and deadlines and assignments to avoid duplication of effort among attorneys;

   g.  To attempt to workout and reach agreement with regard to disputes between or amongst various Plaintiffs' counsel in any of the Related Cases, arising out of or related to the prosecution of the cases and/or settlement. If agreement cannot be reached, Wilentz will bring such disputes to the Court's attention for resolution; and

   h.  Interim Class Counsel is jointly responsible for and shall jointly conduct, with Interim Class Counsel or Co-Lead Counsel for the Provider Plaintiffs and the Medical

Association Plaintiffs, any settlement discussions that may result in the settlement of the claims of the Subscriber Plaintiffs, the Provider Plaintiffs and/or the Medical Association Plaintiffs. Interim Class Counsel shall be immediately advised of any settlement overtures by any party or attorney in the Subscriber Plaintiffs' actions or any of the Related Cases pending in this District and will organize and coordinate all settlement discussions and mediations.

2. There shall be established the role of Liaison Counsel for the Subscriber Plaintiffs, the Provider Plaintiffs and Medical Association Plaintiffs with the responsibilities for the administrative matters set forth in the MANUAL FOR COMPLEX LITIGATION § 10.221 (4th ed. 2004), excepting the management of document depositories, as set forth in Paragraph 1(a) above, and as explicated in *In re Royal Dutch/Shell Transp. Secs. Litig.*, 2008 WL 1787032, *8-9 (D.N.J. Apr. 17, 2008) (Pisano, J.). Liaison Counsel shall be Carella, Byrne, Bain, Gilfillan, Checchi, Stewart & Olstein.

### B. Caption of Case and Master Docket and Master Files

1. Every document filed in the Subscriber Plaintiffs' actions, or in cases subsequently filed in this District or transferred to this District, shall have the following caption:

| | |
|---|---|
| In re Aetna, Inc., Out-of-Network "UCR" Rates Litigation | : MDL No. 2020 |
| | : |
| | : Master File No. |
| This Filing Relates To: | : 07-3541 (FSH) (PS) |
| Subscriber Plaintiffs | : |

2. A Master File is hereby established for this proceeding. The Master File shall be Master File No. 07-3541 (MDL No. 2020). The Clerk shall file all documents in the Master File and note such filing on the Master Docket. Any document relating to the Action should only be filed in the Master File and should not be filed in the docket of the other lawsuits subsequently

#3874537.02

created in or transferred to this District relating to the Action.

3. An Original of this Order shall be filed by the Clerk in the Master File. The Clerk shall mail a copy of this Order to all counsel of record in the Action.

C. **Newly-Filed or Transferred Actions**

1. This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of the Subscriber Plaintiffs' actions.

2. When a case presenting common questions of law or fact as the Subscriber Plaintiffs' actions is hereinafter filed in this Court or is transferred from another court to this Court, the Clerk of this Court shall:

   a. File a copy of this Order in the separate file for such action;

   b. Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new attorney for defendant(s) in the newly-filed or transferred case; and

   c. Make the appropriate entry in the Master Docket for the Action.

3. Each new case that arises out of the subject matter of the Subscriber Plaintiffs' actions against Aetna that is filed in this Court or transferred to this Court shall be consolidated with the Subscriber Plaintiffs' actions and this Order shall apply thereto, unless a party objects to consolidation within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application. Nothing in the foregoing shall be construed as a waiver of the Defendants' right to object to consolidation of any subsequently-filed or transferred related action, or to address whether the consolidation will apply for pretrial purposes only or for all

purposes.

### D. Filing of Consolidated Amended Complaint

1. Within thirty (30) days of the entry of this Order, Interim Class Counsel may, if it chooses to do so, file a Consolidated Amended Complaint on behalf of the Subscriber Plaintiffs. If such pleading is filed, within thirty (30) days, Defendants shall file their responsive pleading. If Defendants file a motion to dismiss or other potentially dispositive motion, Interim Class Counsel shall file the opposition thirty (30) days thereafter, and Defendants shall file their reply brief fifteen (15) days later. This Court will advise the parties if oral argument on such motion will be required.

### E. Motion for Class Certification and Related Discovery

The revised dates set by Magistrate Judge Shwartz in the Order filed May 7, 2009, *see Cooper* Action Document 190, are hereby maintained:

1. Fact discovery related to the Subscriber Plaintiffs' motion for class certification shall be completed no later than July 30, 2009;

2. Affirmative class certification expert reports shall be disclosed no later than July 20, 2009;

3. Responsive class certification expert reports shall be disclosed no later than August 20, 2009;

4. Depositions, if any, of the above-referenced class certification expert witnesses shall be completed no later than August 31, 2009;

5. The Subscriber Plaintiffs' motion for class certification shall be filed no later than September 25, 2009. Any response shall be filed by Defendants no later than October 5, 2009. Any reply brief shall be filed no later than October 12, 2009. The return date for the motion

shall be October 19, 2009 before the Honorable Faith S. Hochberg.  Her Honor's chambers will advise Interim Class Counsel and counsel for Defendants if oral argument will be required.

## ORDER

IT IS SO ORDERED.

Dated this the _____ day of _____, 2009.

_____
Hon. Faith S. Hochberg
United States District Judge