NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: AETNA UCR LITIGATION | : MDL No. 2020 |
| | : Master File No. 2:07-cv-3541 (FSH) (PS) |
| This Document Relates To: ALL CASES | : **ORDER** |
| | : Date: June 15, 2009 |

**CASE MANAGEMENT ORDER NO. 1**

This matter comes before the Court upon the submissions of the parties regarding proposals for case management orders; and the Court having considered the papers as well as the comments made at the April 7, 2009 status conference; it is hereby **ORDERED**:

**I. CASE MANAGEMENT**

1. Consolidation. The actions listed on Attachment 1, which were originally filed in the District of New Jersey, are consolidated with one another for all purposes. These actions are consolidated with those actions transferred here by the Judicial Panel on Multidistrict Litigation (the "MDL Panel") pursuant to its Order of April 8, 2009. All actions consolidated pursuant to this Order are consolidated under MDL No. 2020.

    a. Single Litigation Track. To allow this action to proceed in an efficient, manageable, and streamlined fashion, there shall be one litigation track for all actions consolidated pursuant to this Order. These actions shall be governed by a single Consolidated Amended Complaint, which shall be filed by Plaintiffs by **July 1, 2009**.

    b. Master File. The Clerk of the Court will maintain a master docket case file for

this matter under the caption "*In re: Aetna UCR Litigation*," and the identification "MDL No. 2020," with the master file bearing case number Master File No. 2:07-cv-3541 (FSH) (PS). All orders, pleadings, motions, and other documents, when filed and docketed in the master file, will be deemed filed and docketed in each individual case to the extent applicable.

      c. <u>Later Filed Actions</u>. Any actions later filed in, removed to, or transferred to this Court, or directly filed in the District of New Jersey, that involve claims for reimbursement against Aetna for out-of-network services pursuant to commercial health plans will automatically be consolidated with this matter without the necessity of future motions or orders. Cases originally filed in the District of New Jersey shall be consolidated for all purposes. Cases filed in other districts but transferred here pursuant to the Order of the MDL Panel shall be consolidated for pretrial proceedings. When such actions are filed in this District or transferred here from another court, the Clerk of the Court shall: (i) file a copy of this Order in the separate file for such action; and (ii) make an appropriate entry on the master docket sheet.

    2. <u>Captions and Filing</u>. All orders, pleadings, motions, and other documents submitted in these cases shall bear a caption similar to that of this Order. If generally applicable to all actions, the document shall include in its caption: "This Document Relates To: ALL CASES" and shall be filed and docketed only in the master file. Documents that pertain to one or only some of the actions shall indicate in their caption the case number(s) of the case(s) to which they apply.

    3. <u>Electronic Case Filing</u>. This case is subject to Electronic Case Filing ("ECF") pursuant to Standing Order 05-1 and Local Rule 5.2, which require that all documents in a civil case be filed electronically. Eligible attorneys shall register as ECF Users pursuant to Local Rule 5.2(4). All documents shall be electronically filed in Master File No. 2:07-cv-3541 (FSH) (PS).

Documents that pertain to one or only some of the actions shall also be electronically filed in the individual case(s) to which the document pertains.

  4. <u>Filed Documents</u>.

    a. <u>Briefs.</u>  All briefs shall comply with the applicable Local Rules.  Rules regarding page limitations will be strictly enforced.  All legal propositions asserted in briefs shall be supported by citations to relevant legal authorities.

    b. <u>Copies</u>.  In addition to electronic filing, one copy of all filed papers and briefs shall be submitted to Chambers.

  5. <u>Communications to the Court</u>.  All communications to the Court shall be in writing.  Communications to the Court by facsimile will not be accepted absent prior approval from the Court.  If it is necessary to make a telephone inquiry to the District Judge's chambers, then such calls shall only be made by an attorney working on the case solely regarding ministerial or scheduling questions.  Such calls shall be placed only between 4:00 p.m. and 5:30 p.m., unless counsel is returning a phone call placed by a law clerk.

  6. <u>Discovery</u>.

    a. <u>Schedule</u>.  Discovery shall be conducted in accordance with the schedule outlined below.

    b. <u>Coordination of Discovery</u>.  All discovery conducted in *Cooper v. Aetna Health Inc. PA*, Case No. 2:07-cv-3541 ("*Cooper*") shall be deemed as if taken in all of the cases consolidated pursuant to this Order.  No party shall be subjected to duplicative discovery in the cases covered by this Order, and the parties may not serve requests for production of documents and interrogatories that are duplicative of those already served and answered in any of the individual cases now consolidated.

c. Electronic Data Protocol. The Electronic Data Protocol agreed upon by the parties in *Cooper* shall be applicable to all cases consolidated pursuant to this Order.

d. Confidentiality Order. The Confidentiality Order entered in *Cooper* shall be applicable to all cases consolidated pursuant to this Order.

e. Interrogatories. Plaintiffs collectively may serve interrogatories limited to 20 single questions (including subparts) that do not duplicate interrogatories served in *Cooper* or any other case consolidated pursuant to this Order. These interrogatories are in addition to those already propounded in *Cooper* or any other case consolidated pursuant to this Order. The Defendants collectively may serve interrogatories limited to 20 single questions (including subparts) on each named Plaintiff. These interrogatories are in addition to those already propounded in *Cooper* or any other case consolidated pursuant to this Order.

f. Depositions.

i. Coordination. Absent agreement of the parties or order of the Court for good cause shown, a witness (including, without limitation, any party, third party, or any person testifying as a corporate representative under Fed. R. Civ. P. 30(b)(6) if reasonable notice of that person's identity is given to all parties in advance of the 30(b)(6) deposition) may only be deposed once, for seven hours, for all purposes across all UCR cases.[1] Such time limits will not apply to expert witnesses, and Defendants shall have the right to take a seven-hour deposition of each named plaintiff in these MDL proceedings, regardless of whether that plaintiff is also a

---

[1] The "UCR cases" involve claims for reimbursement for out-of-network services pursuant to commercial health plans. The UCR cases currently pending in this District are listed on Attachment 2.

4

plaintiff in another UCR case against a different defendant, or has been or will be deposed in that action. Notice of a deposition in any UCR case shall be sent to counsel for all parties in those cases. Subject to an appropriate protective order protecting confidential information, counsel for a party in this MDL proceeding may attend a deposition in any other UCR case and may question the witness; provided, however, that counsel must work in good faith, before the deposition begins, to provide reasonable notice to the witness and to fairly allot time among those parties who wish to ask questions. The schedule of counsel in the other UCR cases is not a basis to adjourn a deposition scheduled in this case.

        ii. <u>Number</u>. Absent agreement of counsel or leave of the Court for good cause shown, the number of depositions to be taken by each side (*i.e.*, Plaintiffs collectively and Defendants collectively) shall not exceed 30. Depositions already completed shall be deemed as if taken in all cases consolidated by this Order and the parties shall not conduct duplicative depositions. Completed depositions may be reopened only to address issues not already covered.

        iii. <u>Objections</u>. No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege. *See* Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated. If disputes arise during depositions that require Court intervention, then it shall be sought from the Magistrate Judge during the deposition. Failure to seek assistance at that time will constitute a waiver of the right to seek relief.

    g. <u>Application of Discovery to Tag-Along Actions</u>. Once any action is transferred to MDL No. 2020 either through the tag-along process or through intra-district transfer and included in these proceedings, all parties in any such actions are bound by this Order and must proceed with discovery pursuant to the procedures and timeframes set forth in this

Order, including all of the foregoing provisions designed to eliminate duplicative discovery across all of the UCR cases.

      h. <u>Preservation of Privileges</u>.  No communication among Plaintiffs' counsel or among Defendants' counsel in any of the actions referred to in this Order shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

    7. <u>Organization and Duties of Counsel</u>.  The efforts at a private ordering of the organization and duties of counsel having failed, the Court will designate a leadership structure for Plaintiffs' counsel.  Commencing activity under and complying with this Order shall begin immediately, and shall not be postponed pending the Court's designation of a leadership structure.

## II.  SCHEDULE

    8. <u>Pleading Deadlines</u>.

      a. <u>Consolidated Amended Complaint</u>.  Plaintiffs shall file and serve a Consolidated Amended Complaint by **July 1, 2009**.  The Consolidated Amended Complaint is solely for administrative purposes to facilitate coordination of pretrial proceedings, and except for the cases filed in the District of New Jersey, "does not constitute a determination that [the underlying] actions should be consolidated for trial, nor does it have the effect of making any entity a party to an action in which it has not been joined and served in accordance with the Federal Rules of Civil Procedure."  Manual for Complex Litigation (Fourth) § 40.21.

      b. <u>RICO Statement</u>.  If the Consolidated Amended Complaint contains a RICO claim, Plaintiffs shall file and serve a RICO statement by **July 15, 2009**.

      c. <u>Initial Disclosures, Standing and Exhaustion</u>.  The parties shall serve their initial disclosures required by Fed. R. Civ. P. 26(a) no later than **July 30, 2009**.  These materials

shall include standing and exhaustion related documents.

      d. <u>Motions to Dismiss</u>.  Defendants shall file and serve any motions to dismiss and supporting papers no later than **September 9, 2009**.  Any opposition shall be filed no later than **October 21, 2009**.  Any reply briefs shall be filed no later than **November 11, 2009**.

    9. <u>Settlement Conference</u>.  There will be a settlement conference before the Hon. Faith S. Hochberg on **November 18, 2009 at 10:00 a.m.**  Counsel and clients with full settlement authority must attend the conference.  If counsel and client with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

    10. <u>Class Certification Fact and Expert Discovery Deadlines</u>.

      a.  The deadline for completion of class certification fact discovery shall be **December 21, 2009**.

      b.  The deadline for bringing any class certification discovery disputes before the Magistrate Judge shall be **November 10, 2009**.

      c.  <u>Class Certification Experts</u>.

        i.  Affirmative class certification expert reports shall be served by **January 20, 2010**.

        ii.  Responsive class certification expert reports shall be served by **February 22, 2010**.

        iii.  Class certification expert depositions shall be completed by **March 5, 2010**.

    11. <u>Class Certification Briefing Deadlines</u>.

      a. Plaintiffs shall file their motion for class certification no later than **March 19, 2010**.

      b. Any opposition briefs shall be filed no later than **April 9, 2010**.

      c. Any replies shall be filed by **April 23, 2010**.

      d. The return date shall be **May 17, 2010** before the Hon. Faith S. Hochberg. The Court will advise the parties if oral argument will be required.

    12. <u>Fact Discovery Deadlines</u>.

      a. No requests for production of documents or interrogatories may be served after **November 30, 2009**.

      b. Merits fact discovery shall be completed no later than **July 19, 2010**.

      c. The deadline for bringing any discovery disputes (other than disputes that arise during depositions) before the Court shall be **January 18, 2010**. Counsel shall confer in good faith to informally resolve any discovery disputes before seeking the Court's intervention. Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention via joint letter that sets forth: (a) the request; (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient. No further submissions regarding the dispute may be submitted without leave of the Court. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute. No discovery motion or motion for sanctions for failure to provide discovery shall be made before utilizing the procedures set forth herein without prior leave of the Court.

    13. <u>Experts</u>.

      a. All expert reports are to be in the form and content required by Fed. R. Civ. P. 26(a)(2)(B). No expert shall testify at trial as to any opinions not substantially disclosed in the expert report or base any opinions on facts not substantially disclosed in the expert report.

      b. All affirmative merits expert reports shall be served by **July 23, 2010**.

      c. All rebuttal merits expert reports shall be served by **August 27, 2010**.

      d. All merits expert depositions shall be completed by **October 1, 2010**.

14. <u>Motions for Suggestion of Remand</u>. Any motion seeking a suggestion of remand from the Court to the MDL Panel must be filed no later than **September 21, 2010**.

15. <u>Dispositive Motions</u>. Any and all dispositive motions must be filed no later than **November 29, 2010**. No pretrial dispositive motions will be entertained after that date. All dispositive motions shall be discussed in advance of filing with the Magistrate Judge either in person or by teleconference. Any responses shall be filed no later than **December 20, 2010** and any replies shall be filed no later than **January 14, 2011**. The return date shall be **January 24, 2011** before the Hon. Faith S. Hochberg. Her Honor's chambers will advise the parties if oral argument will be required.

16. <u>Final Pretrial Conference</u>.

      a. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **March 9, 2011 at 10:00 a.m.** The final pretrial conference will occur even if dispositive motions are pending. The Court will adjourn the final pretrial conference only if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

      b. Not later than 20 working days before the pretrial conference, the parties shall exchange copies of all proposed trial exhibits. Each exhibit shall be pre-marked with an exhibit

9

number conforming to the party's exhibit list.

      c. All counsel are directed to assemble at the office of Plaintiffs' counsel not later than 10 days before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court. Plaintiffs' counsel shall prepare the Joint Final Pretrial Order and shall submit it to all other counsel for approval and execution.

      d. The original of the Joint Final Pretrial Order shall be delivered to the chambers of the Magistrate Judge no later than **March 1, 2011 at 3:00 p.m.** All counsel are responsible for the timely submission of the Joint Final Pretrial Order.

17. <u>Telephone Conferences</u>. Telephone conferences with the Magistrate Judge shall be held at **3:30 p.m.** on the following dates: **September 9, 2009; December 9, 2009; March 8, 2010; June 9, 2010; September 7, 2010; December 9, 2010.**

18. <u>Extensions</u>. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except upon a written submission, electronically filed, showing good cause, and by leave of the Court, even with consent of all counsel.

19. <u>Sanctions</u>. Failure to comply with the terms of this Order may result in sanctions.

                                                **/s/ Faith S. Hochberg**
                                                Hon. Faith S. Hochberg, U.S.D.J.

# ATTACHMENT 1

*Cooper v. Aetna Health Inc. PA*, Case No. 2:07-cv-3541

*Seney v. Aetna Health Inc. PA*, Case No. 2:09-cv-468

*American Medical Association v. Aetna Health Inc. PA*, Case No. 2:09-cv-579

*Tisko v. Aetna Health Inc. PA*, Case No. 2:09-cv-1577

*Abraham I. Kozma, P.A. v. Aetna Health Inc. PA*, Case No. 2:09-cv-1972

## ATTACHMENT 2

*Cooper v. Aetna Health Inc. PA*, Case No. 2:07-cv-3541

*Seney v. Aetna Health Inc. PA*, Case No. 2:09-cv-4268

*American Medical Association v. Aetna Health Inc. PA*, Case No. 2:09-cv-579

*Tisko v. Aetna Health Inc. PA*, Case No. 2:09-cv-1577

*Abraham I. Kozma, P.A. v. Aetna Health Inc. PA*, Case No. 2:09-cv-1972

*Weintraub v. Ingenix Inc.*, Case No. 2:09-cv-2027

*Franco v. Conn. Gen. Life Ins. Co.*, Case No. 2:07-cv-6039

*Chazen v. Conn. Gen. Life Ins. Co.*, Case No. 2:08-cv-4106

*American Medical Association v. Conn. Gen. Life Ins. Co.*, Case No. 2:09-cv-578

*Shiring v. CIGNA Corp.*, Case No. 2:09-cv-1971

*McDonough v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, Case No. 2:09-cv-571

*Becker v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, Case. No. 2:09-cv-1154

*Samsell v. Wellpoint, Inc.*, Case No. 2:09-cv-667

*O'Brien v. Wellpoint, Inc.*, Case No. 2:09-cv-2384

*Malchow v. Oxford Health Plans, Inc.*, Case No. 2:08-cv-935