## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

IN RE: AETNA UCR LITIGATION,

This Document Relates To: ALL CASES

*FILED ELECTRONICALLY*

MDL NO. 2020

MASTER FILE NO. 2:07-CV-3541
(FSH)

## DECLARATION OF KAREN STILES

I, Karen Stiles, hereby certify and state:

1.     I make this Declaration in support of Defendants' Motion to Dismiss Plaintiffs'
Joint Consolidated Amended Complaint. If called as a witness I could and would testify
competently to the following.

2.     I am a paralegal in Aetna's Law Department. In my capacity as a paralegal, I am
generally familiar with how Aetna maintains plan documents for plans insured or administered
by Aetna and with how Aetna maintains its enrollment records and other records referred to in
this Declaration. In connection with this litigation, in conjunction with other Aetna personnel
who work regularly with these records and other Aetna paralegals in my group, I helped retrieve
or supervised retrieval of the documents and information referred to in this Declaration relating
to Plaintiffs Michele Cooper, Darlery Franco, Angela Hull, Carolyn Samit, Paul and Sharon
Smith, Jeffrey Weintraub, Michelle Werner, Carolyn Whittington, Dr. Darrick Antell, and
Dr. Frederick Valauri.

A.    **NAMED PLAINTIFFS' PLAN DOCUMENTS**

3.    According to Aetna's enrollment records, Plaintiff Michele Cooper was a member of the plan sponsored by Rosenberg & Associates from November 6, 2003 to January 31, 2006.

4.    The document attached as **Exhibit A** is a true and correct copy of the Booklet for the health benefits plan for Rosenberg & Associates effective May 1, 2004 through April 30, 2005.

5.    The document attached as **Exhibit B** is a true and correct copy of the Booklet for the health benefits plan for Rosenberg & Associates effective May 1, 2005 through April 30, 2006.

6.    According to Aetna's enrollment records, Plaintiff Michelle Werner was a member of the American Psychiatric Association health benefits plan from January 1, 2006 through June 30, 2007.

7.    The document attached as **Exhibit C** is a true and correct copy of the Booklet for the health benefits plan for the American Psychiatric Association effective January 1, 2006 through June 30, 2007.

8.    According to Aetna's enrollment records, Plaintiff Michele Werner was a member of the American Psychiatric Association dental benefits plan from January 1, 2006 through December 31, 2006.

9.    The document attached as **Exhibit D** is a true and correct copy of the Booklet for the dental benefits plan for the American Psychiatric Association effective January 1, 2006 through December 31, 2006.

10.    According to Aetna's enrollment records, Plaintiff Darlery Franco was a member of the ACSA / La Casa De Don Pedro plan from July 1, 2003 through June 30, 2004.

2

11.     The document attached as **Exhibit E** is a true and correct copy of the Group Agreement and Member Certificate of Coverage for ACSA / La Casa De Don Pedro Inc. effective July 1, 2003 through June 30, 2004.

12.     According to Aetna's enrollment records, Plaintiffs Paul and Sharon Smith were members of the Croda Inc. plan from January 1, 2008 to present.

13.     The document attached as **Exhibit F** is a true and correct copy of the Booklet for the health benefits plan for Croda effective January 1, 2007 to present.

14.     According to Aetna's enrollment records, Plaintiff Jeffrey Weintraub was a member of the New York University Student Health Insurance plan from August 21, 2007 through January 8, 2009.

15.     The document attached as **Exhibit G** is a true and correct copy of the Member Handbook for the health benefits plan for New York University's Student Health Insurance effective August 21, 2007, through August 20, 2008.

16.     According to Aetna's enrollment records, Plaintiff Carolyn Whittington was a member of the Amgen plan from October 31, 2005 to present.

17.     The document attached as **Exhibit H** is a true and correct copy of the Schedule of Benefits and Summary Plan Description for the health benefits plan for Amgen effective January 1, 2008 through December 31, 2008.

18.     According to Aetna's enrollment records, Plaintiff Carolyn Samit was a member of the New Jersey Individual Choice Plan D plan from February 1, 2007 to present.

19.     The document attached as **Exhibit I** is a true and correct copy of the New Jersey Individual Choice Plan D effective February 1, 2007 to present.

3

20.     According to Aetna's enrollment records, Plaintiff Angela Hull was a member of the Citigroup plan from January 1, 2005 to present.

21.     The document attached as **Exhibit J** is a true and correct copy of the Summary Plan Description for the health benefits plan for Citigroup effective January 1, 2008.

**B.     PLANS APPLICABLE TO PROVIDER CLAIMS**

22.     The Complaint refers to a claim for breast reconstruction services rendered by Dr. Antell on October 28, 2008.  According to Aetna's records, on that date Dr. Antell provided services to a member of the plan sponsored by the French-American School of New York.

23.     The document attached as **Exhibit K** is a true and correct copy of the Booklet effective September 1, 2007 to present and Rider effective January 1, 2008 for the health benefits plan for the French-American School of New York.

24.     The Complaint also refers to a claim for services rendered by Dr. Valauri on May 25, 2007.  According to Aetna's records, on that date, Dr. Valauri provided services to a member of the plan sponsored by Bank of America.

25.     The document attached as **Exhibit L** is a true and correct copy of the 2005 Associate Handbook and the 2006 Addendum to the Associate Handbook for the health benefits plan for Bank of America which is still effective as of today's date.

**C.     OTHER DOCUMENTS REFERRED TO IN COMPLAINT**

26.     The Complaint refers to an appeal by Carolyn Whittington on December 26, 2008 for UCR reductions for vision services provided to her son, and correspondence about that appeal.

27.     Based on Aetna's records, on February 13, 2009, Aetna reprocessed the claims that were the subject of this appeal (for services on ████████████████2008), and allowed the

provider's full billed amount.  The document attached as **Exhibit M** is a recreated copy based on Aetna's records of the Explanation of Benefits ("EOB") for ▆▆▆▆ Whittington for these services, dated January 1, 2009.  This EOB shows the UCR reduction for Whittington's vision services:  the "submitted charges" shown in Column A ($125) are greater than the "amount remaining" shown in Column F ($107) by the amount "not payable" shown in Column C ($18).

28.     The document attached as **Exhibit N** is a recreated copy based on Aetna's records of the EOB for ▆▆▆▆ Whittington for the same services, dated February 13, 2009.  The EOB shows that the claim was reprocessed and paid based on the provider's full billed charges: the "submitted charges" shown in Column A ($125) are equal to the "amount remaining" shown in Column F.  Aetna therefore paid a total of $87.50 for each of the provider's $125 charges, and Whittington's only "patient responsibility" was her coinsurance of 30 percent (*see* Column I).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on September 3, 2009

_Karen Stiles_
Karen Stiles

5