**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: AETNA UCR LITIGATION | Master File No. 07-3541 (FSH) MDL 2020 |
| This document relates to: ALL CASES | |
| DARLERY FRANCO, *et al.*, | Civil Action No: 07-6039(SRC)(PS) |
| Plaintiffs, | |
| vs. | |
| CONNECTICUT GENERAL LIFE INSURANCE CO., *et al.*, | |
| Defendants. | |

---

**MEMORANDUM OF LAW IN SUPPORT OF APPEAL**
**OF MAGISTRATE JUDGE ORDER**

---

James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

Barry M. Epstein, Esq.
Barbara Gail Quackenbos, Esq.
Lynne M. Kizis, Esq.
Kevin P. Roddy, Esq.
Phil Tortoreti, Esq.
WILENTZ, GOLDMAN & SPITZER, P.A.
90 Woodbridge Center Drive, Suite 900
Woodbridge, New Jersey 07095
(732) 636-8000

D. Brian Hufford
Robert J. Axelrod
POMERANTZ HAUDEK BLOCK
GROSSMAN & GROSS LLP
100 Park Avenue
New York, New York 10017
(212) 661-1100

Attorneys for Plaintiffs

Plaintiffs seek expedited review of the Magistrate Judge's July 15, 2010 Order refusing to extend the dates for serving merits expert reports from Friday, July 23, 2010 (the "July 15 Order"). Aetna consented to extending these dates until certain pending motions, Defendants' motions to dismiss, Plaintiffs' motions for class certification, and Defendants' *Daubert* motions to strike Plaintiffs' experts in connection with the motions for class certification, while CIGNA and United objected. This dispute had been submitted to Judge Shwartz for resolution by way of joint letter dated July 12, 2010[1] [Docket Entry 491 in *Aetna*; 456 in *CIGNA*]. By way of Order dated July 15, 2010[2], with an accompanying oral opinion[3], the Magistrate Judge denied the request to extend the dates for serving merits reports.

While these are hardly newly filed cases, and discovery has been proceeding apace, from a pleading perspective, both of these cases are still in their early stages. In both the *Aetna* and *CIGNA* actions, Defendants have filed motions to dismiss the respective Plaintiffs Consolidated Amended Complaint. Both of those motions have been fully briefed, but decisions are pending. As a result, neither the Aetna Defendants nor the CIGNA defendants have answered the respective Complaints. Until the Court rules upon the motions to dismiss, Plaintiffs do not know what claims are in or not in the case. Further, until Defendants answer, Plaintiffs do not know what affirmative defenses Defendants might raise which an expert may need to address.

Further, Plaintiffs have filed expert reports and affidavits in support of their respective motions for class certification, which have not yet been fully briefed. Plaintiffs intend to use many of the same experts with respect to the merits as they used in connection with class

---

[1] Exhibit A hereto.

[2] Exhibit B hereto.

[3] Exhibit C hereto.

certification.  However, with their opposition to class certification, Defendants also filed motions to strike and to preclude admissibility of Plaintiffs' experts under *Daubert*.  Plaintiffs would obviously not want to proceed with an expert who could later not be allowed to testify with respect to his or her respective subject matter.

More importantly, until the Court rules upon the pending motions for class certification, Plaintiffs do not know what areas they need an expert opinion.  Without knowing whether Plaintiffs' ERISA, antitrust, RICO, and state-law claims are certified, the parties are at a severe disadvantage in designating experts and obtaining reports on the merits of these claims.  For example, should the Court determine not to certify one or more of these claims, expert testimony from either side may not be necessary on the uncertified claim.

In summary, the July 15 Order compels Plaintiffs to produce what is essentially the expert equivalent of an advisory opinion.  Until the pending motions are decided, Plaintiffs do not know what claims are in the case, what claims have been certified, or even whether their experts will be allowed to testify on the merits.  While the Magistrate Judge has done an outstanding job in moving these cases along and resolving difficult discovery disputes, her decision in this instance is putting the parties in the position of potentially doing unnecessary work and/or redoing work related to the expert reports which would have to be done if her decision stands.  Even if Plaintiffs were to serve merits expert reports this Friday, they would still have to reevaluate those reports and potentially start over from scratch depending upon the Court's decision on the pending motions.  Plaintiffs believe that a more efficient approach, both in terms of time and expense, would be to have merits expert reports done after the pending motions are decided rather than having them redone after the pending motions are decided.

4

Since merits expert reports are due to be served this Friday, July 23, 2010, Plaintiffs respectfully request that the Court grant an expedited hearing of this appeal, since Plaintiffs will be severely prejudiced if they either are forced to serve expert reports by this Friday, or if they wait until the Court rules on this application.

## LEGAL ARGUMENT

### THE MAGISTRATE JUDGE'S DECISION TO NOT EXTEND THE TIME TO SERVE MERITS EXPERT REPORTS SHOULD BE REVERSED BECAUSE IT WAS CLEARLY ERRONEOUS

The District Judge may reverse a Magistrate Judge's rulings on non-dispositive orders where the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). A ruling is not "clearly erroneous" simply because the reviewing court may have reached a different conclusion. *Cardona v. General Motors Corp*, 942 F.Supp. 968, 971 (D.N.J. 1996). Rather, the reviewing court must be "left with the definite and firm conviction that a mistake has been made." *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006). An order is "contrary to law" if the Magistrate Judge has misinterpreted or misapplied applicable law. *Gunter v. Ridgewood Energy Corp.*, 32 F.Supp.2d 162, 164 (D.N.J. 1998). Where a Magistrate Judge is authorized to exercise his or her discretion on a non-dispositive motion, the decision will be reversed only for an abuse of that discretion. *Thomas v. Ford Motor Co.*, 137 F.Supp.2d 575, 579 (D.N.J. 2001); *Cooper Hospital/University Medical Center v. Sullivan,* 183 F.R.D. 119, 127 (D.N.J. 1998).

We respectfully believe that the Magistrate Judge's decision in this instance was clearly erroneous and an abuse of discretion. In this instance Plaintiffs believe that this is an instance where the District Court would be "left with the definite and firm conviction that a mistake has been made." Although the Magistrate Judge relied upon Fed.R.Civ.P. 1, which provides that the Rules should be "administered to secure the just, speedy, and inexpensive determination of every action or proceeding", (Tr. at 3-4), her decision would work contrary to Rule 1 by actually making the litigation slower and more expensive.

As is summarized above, the pending motions could greatly affect the content of the parties' merits expert reports. First, although the Parties have taken class and merits discovery on all aspects of these actions pursuant to the Case Management Orders issued in both cases, the Plaintiffs and Aetna believe that the designation of experts and the content of expert reports must await an understanding of what claims are ultimately permitted to go forward.  Therefore, whether and what expert reports and testimony are needed by all sides with respect to the claims and any affirmative defenses remains an open question but would be precluded from consideration under the current deadline.

Second, and again in both the *Aetna* and *CIGNA* actions, the parties' briefing on Plaintiffs' motions for class certification is not complete.  Plaintiffs' reply briefs are due August 23, 2010.  Awaiting the Court's determination of what claims should be certified before exchanging merits expert reports is clearly more efficient and less costly than serving expert reports that may not be needed.  Significantly, substantive discovery is moving forward in both cases and will not be affected by Plaintiffs' request.

Third, it would be fundamentally unfair to force Plaintiffs to designate merits experts prior to the Courts' resolution of all *Daubert* challenges.  For example, should the Court preclude the testimony of one or more of Plaintiffs' experts, Plaintiffs' designation of merits experts would likely be different than the situation should the Court deny Defendants' *Daubert* motions. So too, Defendants' merits experts may well be different depending on the resolution of these motions. Forcing the parties to serve merits expert reports before the resolution of these issues would be unjust.

Fourth, certain of Plaintiffs' merits experts intend to complete the analysis of the claims data according to the detailed methodology described in their class expert reports, pursuant to the

standards set out in the Third Circuit by *Hydrogen Peroxide*. To perform this analysis, the experts will utilize actual billed charges sourced from, among other places, nonparty insurers, some of whom did not contribute such data to Ingenix. As Plaintiffs explained in prior correspondence with the Court, Plaintiffs wish to put off the actual production of the subpoened billed charge data in light of the pendency of the *in limine* motions and the motions to dismiss and certify. The reason that Plaintiffs wish to defer production of the documents is that, although Plaintiffs have agreed to share the expense of producing these documents with the nonparty insurers, it appears that Plaintiffs' share of producing these documents will be in excess of $100,000. This is a considerable expense that Plaintiffs are attempting to save on behalf of the class. Plaintiffs believe it would not benefit the classes to compel production of claims data now, before they are needed, and at significant cost to Plaintiffs and, if Plaintiffs are successful, to the classes.

      Plaintiffs are mindful of and have remained faithful to Judge Hochberg's instructions in CMO 2 [*Aetna* Docket Entry 236, ¶5] to minimize attorneys' fees and expenses. Proceeding with merits expert reports at this time would only increase, rather than minimize, fees and expenses. If the parties were forced to proceed with serving merits expert reports at this point, they would have no choice but to serve expert reports related to all possible claims which could possibly be certified. If the Court were to hold in the motions to dismiss that certain of the claims should not proceed, or in the class certification motion that the claims should not be certified, it would be a waste of time and expense in having expert reports on those claims which will not proceeding. By the same token, Plaintiffs intend to use many of the same experts for merits testimony as for class certification. If one or more of those experts are precluded from testifying under *Daubert*, then the attorney time and expense, as well as the expert time and

expense, in preparing a necessarily extensive merits report will have been wasted. Proceeding with merits expert reports now would be contrary to the spirit of Rule 1, upon which the Magistrate Judge relied, as well as the dictates of Judge Hochberg's Case Management Order 2.

The Magistrate Judge correctly noted that the approach which has been taken in the case is that discovery should proceed regardless of whatever motions might be pending. (Tr. at 4-5). While that approach has generally worked in the past, the orders setting forth that approach were set without knowing what motions might be pending at the particular time when other things needed to be done. The parties, obviously, have no control over when the Court will decide the matters before it. Because the litigation is a fluid process, it is often necessary to rethink whether a scheduling decision made in the past makes sense based upon the present situation.

The Magistrate Judge believed that the parties' request was "tantamount to a request that the Court reconsider its Rule 16 orders in this case", but that "[n]o new facts have been brought to the Court's attention that would require reconsideration of that approach." (Tr. at 4, l. 4-13). To that extent, the Magistrate Judge's Order was contrary to law because she used an improper legal standard in deciding the issue before her. Plaintiffs were not seeking "reconsideration" of the Court's past orders in the Local Civil Rule 7.1(i) sense. Rather, Plaintiffs believed that there was "good cause" to modify the existing scheduling order under Fed.R.Civ.P. 16(b)(4) and Local Civil Rule 16.1(a)(2). The Magistrate Judge was incorrect when she stated that "there has been no unfair burden placed on the parties by having to proceed". (Tr. at 4, l. 19-22). Because of the convergence of events, for the reasons set forth above, the present schedule, and the Magistrate Judge's refusal to modify it, *is* placing an unfair burden on the parties in proceeding with serving merits expert reports prior to the pending motions being decided. That unfair burden is, respectfully, "good cause" for modifying the existing discovery schedule relating to merits

expert reports under Rule 16. Plaintiffs' request that the service of merits experts report wait until after the pending motions are decided would not "essentially bring to a halt the movement of this case forward" as the Magistrate Judge believed. (Tr. at 4, l. 4-5). That is factually incorrect. Rather, every other aspect of the case would continue to move forward as scheduled, including almost daily depositions and mediation sessions. Plaintiffs believe that the suggested delay in serving merits expert reports is instead a reasonable "time out" in one aspect of the proceedings which, in the end, will result in a more efficient and less expensive method of bringing the proceedings to a close.

For all of these reasons, Plaintiffs respectfully request that the Magistrate Judge's July 15, 2010 Order be reversed and that the Court set a schedule for merits expert reports to a date subsequent to the adjudication of the parties' pending motions to dismiss, preclude, and certify.

                                        CARELLA, BYRNE, CECCHI,
                                        OLSTEIN, BRODY & AGNELLO
                                        Attorneys for Plaintiffs

                                        By:   /s/ James E. Cecchi
                                               JAMES E. CECCHI

Dated: July 21, 2010

| | |
|---|---|
| D. Brian Hufford | Barry M. Epstein, Esq. |
| Robert J. Axelrod | Barbara Gail Quackenbos, Esq. |
| POMERANTZ HAUDEK BLOCK | Lynne M. Kizis, Esq. |
| GROSSMAN & GROSS LLP | Kevin P. Roddy, Esq. |
| 100 Park Avenue | Phil Tortoreti, Esq. |
| New York, New York 10017 | WILENTZ, GOLDMAN & SPITZER, P.A. |
| (212) 661-1100 | 90 Woodbridge Center Drive, Suite 900 |
| | Woodbridge, New Jersey 07095 |
| | (732) 636-8000 |