# EXHIBIT 8

| | |
|---|---|
| **From:** | Arrington, David L. [DArrington@djplaw.com] |
| **Sent:** | Wednesday, April 23, 2008 2:09 PM |
| **To:** | Gee, Carla |
| **Subject:** | RE: Ingenix |

Okay

David L. Arrington
Durham Jones & Pinegar
111 East Broadway Suite 900
PO Box 4050
Salt Lake City, Utah 84110-4050
Phone:  801.415.3000
Fax:  801.415.3500
darrington@djplaw.com

---

**From:** Gee, Carla [mailto:Carla.Gee@ingenix.com]
**Sent:** Tuesday, April 22, 2008 4:24 PM
**To:** Arrington, David L.; Michael A Spinelli/AC/VCU
**Cc:** Seare, Susan P
**Subject:** RE: Ingenix

Let's use a call in -- since we will all be calling from different places.

888.844.7278
9823251

---

**From:** Arrington, David L. [mailto:DArrington@djplaw.com]
**Sent:** Tuesday, April 22, 2008 4:24 PM
**To:** Michael A Spinelli/AC/VCU
**Cc:** Gee, Carla; Seare, Susan P
**Subject:** RE: Ingenix

We will initiate the call.  Many thanks.

David

David L. Arrington
Durham Jones & Pinegar
111 East Broadway Suite 900
PO Box 4050
Salt Lake City, Utah 84110-4050
Phone:  801.415.3000
Fax:  801.415.3500
darrington@djplaw.com

---

**From:** Michael A Spinelli/AC/VCU [mailto:maspinel@vcu.edu]
**Sent:** Tuesday, April 22, 2008 3:00 PM
**To:** Arrington, David L.

1

**Cc:** Carla Gee; Susan Seare
**Subject:** RE: Ingenix

Tuesday 10:30 to Noon EST would work.   I assume the call would be made at 10:30AM?

| | |
|---|---|
| "Arrington, David L." <DArrington@djplaw.com> | To "Michael A Spinelli/AC/VCU" <maspinel@vcu.edu>, "Carla Gee" <carla.gee@ingenix.com> |
| 04/22/2008 04:56 PM | cc "Susan Seare" <sseare@ingenix.com> |
| | Subject RE: Ingenix |

```
Thank you.  Unfortunately, those needed for the conference from Ingenix are traveling at
that time.  We suggest Monday 1;30-5;00 EST or Tuesday 10;30 am-noon EST.  Will one of
these options work.  Many thanks.

Sent from my GoodLink synchronized handheld (www.good.com)

-----Original Message-----
From:             Michael A Spinelli/AC/VCU [mailto:maspinel@vcu.edu]
Sent:             Tuesday, April 22, 2008 02:33 PM Mountain Standard Time
To:               Arrington, David L.
Subject:          RE: Ingenix


David,

I left a message this morning on your voice mail suggesting Thursday at 1:00 PM Eastern
Daylight Time for us to talk about the issues.  If this is OK, let me know.

Michael



"Arrington, David L." <DArrington@djplaw.com>

04/21/2008 08:00 PM
To
          "Michael A Spinelli/AC/VCU" <maspinel@vcu.edu>
cc

Subject
          RE: Ingenix




Thank you for contacting me.  Let me know a good time to discuss your questions?  Feel
free to call me and I will arrange a time to speak with appropriate Ingenix
representatives and myself.  This should occur well before May 1.  Grazie mille.

David L. Arrington
Durham Jones & Pinegar
111 East Broadway Suite 900
PO Box 4050
```

2

```
Salt Lake City, Utah 84110-4050
Phone:  801.415.3058
Fax:  801.415.3500
darrington@djplaw.com
```

To comply with IRS regulations, we inform you that any U.S. federal tax advice
contained in this communication, including attachments, is not intended or written
to be used and cannot be used for the purpose of avoiding penalties under the
Internal Revenue Code or for promoting, marketing or recommending to another party
any transaction or matter addressed herein.

This email was sent by a law firm and contains information that may be privileged and
confidential. Any unauthorized use is prohibited. If you are not the intended recipient,
please delete this email, any attachments and notify the sender immediately.

---

From: Michael A Spinelli/AC/VCU [mailto:maspinel@vcu.edu]
Sent: Sunday, April 20, 2008 2:18 PM
To: Arrington, David L.
Subject: Fw: Ingenix


----- Forwarded by Michael A Spinelli/AC/VCU on 04/20/2008 04:15 PM -----
Michael A Spinelli/AC/VCU

04/20/2008 04:15 PM

To
            darrington@jplaw.com
cc

Subject
            Ingenix




Greetings David,

You recall that I have been working closely with Chuck Midkiff using the underlying
Ingenix data to defend workers compensation cases in Virginia.

I have been retained as an expert consultant with Nossaman et.al. in Los Angeles to
support and defend the Ingenix methodology for determining the prevailing rate for
medical services.  Attorney Jim Vorhis sent me your power point presentation.  I have
been reviewing it and have several questions.  The underlying principle is that the
sampling of charges should be sufficient in number and representative of the area in
which the services were provided.  Ideally it would be a random sample, however, most
likely it is a convenience sample.  If you would be kind enough to respond to the issues
I have below.

3

Confidential                                                                INGENIXMDL000074389

1.      What is the definition of a "record."?

2.      Is it true that you have only data for professional services and no data for hospital charges?

3.      Who are some of your 100 contributors?  Are they individual providers or institutions?  To what extent has there been a study to  determine how representative these contributors are amongst the       total population of medical providers?   In other words,  do you have providers from clinics,  government facilities, hospital,  physical therapy offices,  both large and small offices...Can you             send me the list of contributors?

4.      Are the providers aware that reimbursement is made based upon the service provided as defined by the CPT code, regardless of the reputation and speciality?

5.      What are the incentives for the contributors to provide the data?

6.      The data are updated four times a year and trended.  Would you be specific as to how the trending is utilized?

7.      You have complete and adequate charge data for only 400 of the 8700 CPT codes.  Could you send me a list of the 400 codes?

8.      What is your basis for grouping the  codes?   Is this solely for codes in which there are low frequencies?  Do you use the derived charges just for the codes in which there are low frequencies or         do you         use them for all of the codes?

9.      In the power point, there is a chart for code 99213.  Would you use this underlying data to determine the percentiles or would you use the derived charges?

10.     Have you compared the results of your methodology with other companies that have provide similar services?

11.     If I am to defend Ingenix, how can I be convinced that the billing charges in your data base accurately reflect the charges of the providers in the communities where services were provided?  How    can I defend the derived charges methodology for codes in which there are very few or no actual charges?

12.     According to Attorney General Cuomo in New York,  Ingenix deletes a large number of high fees from the data base so the customary charges are lower?   Do you delete any charges from         the submitted charges, either at the low end or the high end?

        I am sure I have other  questions and issues.  My phone number is 804 262-1603

Thank you.

Michael Spinelli

This e-mail, including attachments, may include confidential and/or proprietary information, and may be used only by the person or entity to which it is addressed. If the reader of this e-mail is not the intended recipient or his or her authorized agent, the reader is hereby notified that any dissemination, distribution or copying of this e-mail is prohibited. If you have received this e-mail in error, please notify the sender by replying to this message and delete this e-mail immediately.

Confidential                                                                                      INGENIXMDL000074390