**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

----------------------------------------------------------------X

IN RE:  AETNA UCR LITIGATION                    MDL NO. 2020

_____          MASTER DOCKET NO.
                                                  07-3541 (FSH) (PS)

This Document Relates to:    ALL CASES

----------------------------------------------------------------X

**DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION**
**FOR CLASS CERTIFICATION**
**(28 U.S.C. § 1746)**

ROBERT J. AXELROD avers the following under penalty of perjury,:

1.      I am a member of Pomerantz Haudek Grossman & Gross LLP, Chair of the Plaintiffs' Executive Committee. I make this Declaration in support of Plaintiffs' Motion for Class Certification.

2.      A true and correct copy of the Expert Report by Bernard R. Siskin, Ph.D., dated April 6, 2010, is annexed as Exhibit 1.

3.      A true and correct copy of a document, produced in discovery with Bates number AET-00063400-02, is annexed as Exhibit 2.

4.      A true and correct copy of a document, produced in discovery with Bates number AET-000634241, is annexed as Exhibit 3.

5.      A true and correct copy of a document, produced in discovery, Bates numbered AET-C00103216-17 is annexed as Exhibit 4.

6.      Exhibit 5 is a chart detailing Aetna's plans definitions of R&C, including those of Subscriber Plaintiffs.

7.      Annexed as Exhibit 6 is a true and correct copy of an email, produced in discovery with production number AET-00462524, by Deborah Justo, an analyst in Aetna's Provider Data Services unit, stating: "The Ingenix data is the primary source for R&C / RCL [UCR] based benefit determinations."

8.      A true and correct copy of excerpts from the 30(b)(6) deposition of Ingenix witness Kent Wrigley, dated May 19, 2010, 96:20-97:97:14, is annexed as Exhibit 7.

9.      A true and correct copy of excerpts from the Rule 30(b)(6) deposition of Ingenix witness, Carla Gee, Mar. 17-18, 2010, is annexed as Exhibit 8.

10.     A true and correct copy of the Report of Plaintiffs' expert, Dr. Stephen Foreman, dated April 6, 2010, is attached as Exhibit 9.

11.     A true and correct copy of excerpts from the deposition of Linda Timm, dated May 18, 2010, is annexed as Exhibit 10.

12.     A true and correct copy of a document, produced in discovery with Bates number AET-00706915, is annexed as Exhibit 11.

13.     A true and correct copy of excerpts from the Rule 30(b)(6) deposition of Aetna witness Deborah Justo, dated at Mar. 25, 2010, is annexed as Exhibit 12.

14.     True and correct copies of documents, produced in discovery, Bates numbered AET-00842426, AET-00820360, and AET-00714114, are annexed as Exhibit 13.

15.     A true and correct copy of excerpts from the Deposition of Dr. Andrew Joskow, May 19, 2010, is annexed as Exhibit 14.

16.     A true and correct copy of a document, produced in discovery with Bates number AET-01350384-87, is annexed as Exhibit 15.

17.     A true and correct copy of a document, produced in discovery with Bates number AET-037003851-52 is annexed as Exhibit 16.

2

18.     A true and correct copy of a document, produced in discovery with Bates number AET-00126292, is annexed as Exhibit 17.

19.     A true and correct copy of a document, produced in discovery with Bates number AET-00845343, is annexed as Exhibit 18.

20.     A true and correct copy of excerpts from the Rule 30(b)(6) deposition of Aetna witness, James D. Cross, M.D., Mar. 23, 2010, is annexed as Exhibit 19.

*21.*     A true and correct copy of Aetna's Supplemental and Amended Answers to Plaintiffs' First Set of Interrogatories, is annexed as Exhibit 20.

22.     True and correct copies of documents, produced in discovery with Bates numbers AET-00910799 and AET-00831025, are annexed as Exhibit 21.

23.     A true and correct copy of an email, produced in discovery with Bates numbers AET-01332444-45 ("back room manipulation of data"), by James Cross, Head of Aetna's Health Operation Policy Process Committee ("HOPP"), is annexed as Exhibit 22.

24.     A table of deposition testimony by Dr. Slottje, expressing no opinion on various issues, is annexed as Exhibit 23.

25.     A true and correct copy of the Expert Report of Aetna expert Dr. Andrew S. Joskow, dated Apr. 6, 2010, is annexed as Exhibit 24.

26.     A true and correct copy of the Expert Report of Aetna expert Dr. Robin Cantor, dated Apr. 6, 2010, is annexed as Exhibit 25.

27.     A true and correct copy of a document entitled "Aetna Preliminary Findings of Manual Claim Review Process," dated July 22, 2008, and bearing Bates number AET-04040716, is annexed as Exhibit 26.

28.     A true and correct copy of the Declaration of James D. Cross, M.D., dated June 30, 2010, is annexed as Exhibit 27.

29.     A true and correct copy of excerpts from the deposition of Dr. Bernard Siskin, is annexed as Exhibit 28.

30.     A true and correct copy of the Declaration of Merry Noss, dated June 29, 2010, is annexed as Exhibit 29.

31.     A true and correct copy of a letter, dated May 22, 2009, and bearing Bates numbers AET-03314889–90, is annexed as Exhibit 30.

32.     A true and correct copy of excerpts from the deposition of Aetna witness Michelle Denise Ferensic-Smith, dated Apr. 12, 2010, is annexed as Exhibit 31.

33.     A true and correct copy of a document, produced in discovery with Bates number AET-01170062, is annexed as Exhibit 32.

34.     A true and correct copy of a document, produced in discovery with Bates number AET-01169626, is annexed as Exhibit 33.

35.     A true and correct copy of a document, produced in discovery with Bates number AET-00856079, is annexed as Exhibit 34.

36.     A true and correct copy of a document, produced in discovery with Bates number AET-01074976, is annexed as Exhibit 35.

37.     A true and correct copy of documents, produced in discovery with Bates numbers AET-01332363-65, AET-00700258, AET-00874344, AET-00904651, is annexed as Exhibit 36.

38.     A true and correct copy of a document, produced in discovery with Bates number AET-00847811, is annexed as Exhibit 37.

39.     A true and correct copy of excerpts from the deposition of Theresa Hatzikostas, March 26, 2010, is annexed hereto as Exhibit 38.

40.     A true and correct copy of excerpts from the deposition of plaintiff Michele Werner, dated Jan. 25, 2010, is annexed as Exhibit 39.

4

41.     A true and correct copy of excerpts from the deposition of Plaintiff Michele Cooper., dated Jan. 19, 2010, is annexed as Exhibit 40.

42.     A true and correct copy of excerpts from the transcript of the deposition of Francis J. Traceski, dated July 8, 2010, are annexed as Exhibit 41.

43.     A true and correct copy of a document, produced in discovery with Bates number AET-00861823, is annexed as Exhibit 42.

44.     A true and correct copy of excerpts from the transcript of the deposition of Michelle Denise Ferensic-Smith, dated April 12, 2010, is annexed as Exhibit 43.

45.     A true and correct copy of a document, produced in discovery with Bates numbers AET-00680858-76 (2002 RBRVS Analysis; "significant potential savings for most regions (even in the worst case)") is annexed as Exhibit 44

*46.*     A true and correct copy of a document, produced in discovery with Bates number AET-00884779, is annexed as Exhibit 45.

*47.*     A true and correct copy of New Jersey Department of Banking & Insurance Order No. A07-59, dated July 23, 2007, is annexed as Exhibit 46.

*48.*     A true and correct copy of excerpts from the transcript of the deposition of Susan Seare, dated July 13, 2010, are annexed as Exhibit 47.

49.     A true and correct copy of excerpts from the transcript of the deposition of Antonio Rocchino, dated July 30, 2010, is annexed as Exhibit 48.

50.     A true and correct copy of the Expert Report by Bernard R. Siskin, Ph.D., dated August 9, 2010, is annexed as Exhibit 49.

51.     A true and correct copy of an Aetna tracking log dated Sept. 15, 2006, and bearing Bates numbers AET-04275723–36, is annexed as Exhibit 50.

52.     A true and correct copy of excerpts from the transcript of the deposition of Billie Shuler, dated August 5, 2010, is annexed as Exhibit 51.

53.     A true and correct copy of a document, produced in discovery with Bates number INGENIXMDL000544441, is annexed as Exhibit 52.

54.     A true and correct copy of a document, produced in discovery with Bates number INGENIX 018 00183, is annexed as Exhibit 53.

55.     A true and correct copy of excerpts from the deposition of Plaintiff Darlery Franco, dated Jan. 22, 2010, is annexed as Exhibit 54.

56.     A true and correct copy of excerpts from the deposition of Plaintiff Carmen Kavali, M.D., dated Feb. 12, 2010, is annexed as Exhibit 55.

57.     A true and correct copy of excerpts from the deposition of Frank G. Tonrey, M.D. dated Feb. 22, 2010, is annexed as Exhibit 56.

58.     A true and correct copy of excerpts from the deposition of Alan B. Schorr, M.D., dated Mar. 12, 2010, is annexed as Exhibit 57.

59.     A true and correct copy of a document, produced in discovery, Bates numbered AET-01170064-71, is annexed as Exhibit 58.

60.     A true and correct copy of a document, produced in discovery with Bates number AET-00879455-59, is annexed as Exhibit 59.

61.     A true and correct copy of excerpts from the United HealthCare Corporation 10-K Report for 2009 and the Aetna Inc. Form 10-Q for the Quarterly Period Ended Mar. 31, 2010, at 28, is annexed as Exhibit 60.

62.     A true and correct copy of an email discussion document, produced in discovery with Bates number AET – 00907577, is annexed as Exhibit 61.

63.     A true and correct copy of a document, produced in discovery with Bates number AET-00708388, is annexed as Exhibit 62.

*64.*     A true and correct copy of a document, produced in discovery with Bates number AET-01332363, is annexed as Exhibit 63.

65.     A true and correct copy of the Expert Witness Report of Plaintiffs' expert Gordon Rausser, Ph.D., Robert Gordon Sproul Distinguished Professor and Professor of Agricultural and Resource Economics at the University of California at Berkeley, dated April 6, 2010, is annexed as Exhibit 64.

66.     A true and correct copy of Dr. Foreman's Responsive Report, dated May 1, 2010, is attached as Exhibit 65.

67.     A true and correct copy of Aetna's Objections and Responses to Plaintiffs' Requests for Admissions, dated March 19, 2010, is annexed as Exhibit 66.

68.     A true and correct copy of excerpts from the deposition of Plaintiff Carolyn Samit dated Feb. 2, 2010 is annexed at Exhibit 67.

69.     True and correct copies of excerpts from the deposition of Plaintiff Sharon Smith dated Jan. 21, 2010 are annexed as Exhibit 68.

70.     True and correct copies of excerpts from the deposition of Plaintiff Paul Smith dated Jan. 20, 2010 are annexed as Exhibit 69.

71.     True and correct copies of excerpts from the deposition of Plaintiff Jeffrey Weintraub dated Mar. 1, 2010 are annexed as Exhibit 70.

72.     A true and correct copy of the Expert Report of Dr. Daniel J. Slottje on Class Certification Issues, dated April 6, 2010, is annexed as Exhibit 71.

73.     True and correct copies of excerpts from the deposition of Plaintiff Brian Mullins, M.S., P.T. are annexed as Exhibit 72.

74.     True and correct copies of Explanation of Benefit and Explanation of Payment statements (EOBs and EOPs) and appeal denial communications are annexed as Exhibit 73, as follows: Appeal Denial Letters: Tonrey - AET-00005376-7, Kavali - AET-03508979-80, Mullins - AET-01637299-300; EOBs: Tonrey - AET-00005379, AET-00005381, Kavali - AET-00005320, AET-00005292, AET-00005323, AET-00005282, Mullins - AET-02178982, AET-02218948, Schorr - AET-03368384-5, AET-03368428-31, AET-03368507; Statement of Payments - Schorr - AET-03540606, 607, 609; Claim Payments - Schorr - AET-00005362, AET-00005365, AET-00005366-7, Kavali - AET-03509173.

75.     A true and correct copy of the Expert Report by Dr. Foreman, dated August 9, 2010, is annexed as Exhibit 74.

76.     A true and correct copy of a document, produced in discovery with Bates number AET-04300041-42, is annexed as Exhibit 75.

77.     A true and correct copy of a document, produced in discovery with Bates number AET-04300043, is annexed as Exhibit 76.

78.     A true and correct copy of a document, produced in discovery with Bates number AET-04300044-57, is annexed as Exhibit 77.

79.     A true and correct copy of a document, produced in discovery with Bates number AET-04300058-67, is annexed as Exhibit 78.

80.     A true and correct copy of a document, produced in discovery with Bates number AET-04300068-139, is annexed as Exhibit 79.

81.     A true and correct copy of a document, produced in discovery with Bates number AET-04300140-43, is annexed as Exhibit 80.

82.     A true and correct copy of a document, produced in discovery with Bates number AET-043000144-51, is annexed as Exhibit 81.

83.     A true and correct copy of the Dr. Siskin's Rebuttal Report, dated Apr. 30, 2010, is annexed as Exhibit 82.

84.     A true and correct copy of Dr. Rausser's Expert Report, dated August 9, 2010, is annexed as Exhibit 83.

85.     A true and correct copy of Dr. Rausser's Report, dated August 23, 2010, in opposition to a motion to strike, is annexed as Exhibit 84.

86.     A true and correct copy of a document, produced in discovery with Bates number AET-00080488, is annexed as Exhibit 85.

87.     A true and correct copy of Aetna's website glossary, concerning a glossary definition of R&C, http:/www.creative-health-insurance.com/AetnaScripts/Aetna-Glossary-of-health-insurance-terms.html, site visited on October 27, 2010, is annexed as Exhibit 86.

88.     A true and correct copy of excerpts from the transcript of the deposition of Carla Gee, dated April 6, 2005, is annexed as Exhibit 87.

89.     True and correct copies of documents, produced in discovery with Bates numbers AET-0000044 and AET-C0001405, are annexed as Exhibit 88.

90.     True and correct copies of documents, produced in discovery with Bates numbers AET-0856739 and AET-00847691-93, are annexed as Exhibit 89.

91.     A true and correct copy of a document, produced in discovery with Bates number AET-00632780, is annexed as Exhibit 90.

92.     A true and correct copy of a document, produced in discovery with Bates number AET-000681205, is annexed as Exhibit 91.

93.     A true and correct copy of a document, produced in discovery with Bates number AET-00880956, is annexed as Exhibit 92.

94.     A true and correct copy of a document, produced in discovery with Bates number INGENIXMDL000520269, is annexed as Exhibit 93.

95.     A true and correct copy of a document, produced in discovery with Bates number AET-008839450, is annexed as Exhibit 94.

96.     A true and correct copy of a document, produced in discovery with Bates number AET-00907577, is annexed as Exhibit 95.

97.     A true and correct copy of a document, produced in discovery with Bates number AET-0028924669, is annexed as Exhibit 96.

98.     A true and correct copy of a document, produced in discovery with Bates number INGENIX01800131-32, is annexed as Exhibit 97.

99.     A true and correct copy of a document, produced in discovery with Bates number INGENIX01800422, is annexed as Exhibit 98.

100.     A true and correct copy of a document, produced in discovery with Bates number INGENIX01800427-28, is annexed as Exhibit 99.

101.     A true and correct copy of a document, produced in discovery with Bates number INGENIXMDL000756096-103, is annexed as Exhibit 100.

102.     A true and correct copy of a document, produced in discovery with Bates number INGENIXMDL000756130-36, is annexed as Exhibit 101.

103.     A true and correct copy of a document, produced in discovery with Bates number AET-00681203-04, is annexed as Exhibit 102.

104.     A true and correct copy of a document, produced in discovery with Bates number AET-01350708, is annexed as Exhibit 103.

105.     A true and correct copy of a document, produced in discovery with Bates number AET-00847135, is annexed as Exhibit 104.

106.    A true and correct copy of a document, produced in discovery with Bates number AET-01350700-02, is annexed as Exhibit 105.

107.    A true and correct copy of a document, produced in discovery with Bates number AET-03703879-80, is annexed as Exhibit 106.

108.    A true and correct copy of excerpts from the deposition of Merry Noss, dated August 12, 2010, is annexed as Exhibit 107.

109.    Annexed hereto as Exhibit 108, 109, 110, 111 and 112 are true and correct copies of the firm resumes of member firms of the Plaintiffs' Executive Committee.

110.    The following Plaintiffs bring this motion:

> **Subscriber Plaintiffs:** Michele Cooper, Michele Werner, Darlery Franco, Paul and Sharon Smith, Carolyn Samit, and Jeffrey M. Weintraub (collectively, "Subscriber Plaintiffs"); and

> **Provider Plaintiffs:**   Alan B. Schorr, M.D., Frank G. Tonrey, M.D., Carmen M. Kavali, M.D., and Brian Mullins, M.S., P.T. (collectively, "Provider Plaintiffs").

111.    Subscriber Plaintiffs Werner, Franco, and the Smiths seek to be class representatives of an "Subscriber ERISA Class," defined as:

> All persons who are, or were, from July 30, 2001 through the present ("ERISA Class Period"), Members in any group healthcare plan insured or administered by Aetna, subject to ERISA (other than New Jersey small employer plan Members), who received hospital or medical services or supplies from a Nonpar provider (or any provider Aetna considered Nonpar for purposes of paying benefits) for which Aetna (or any third party acting on behalf of Aetna) allowed less than the provider's billed charge in determining benefits.

112.    Subscriber Plaintiffs Cooper and Samit seek to be class representatives of a "Subscriber New Jersey SEHP and Individual Plan Class," defined as:

> All persons who are, or were, from July 30, 2001 through the present ("New Jersey SEHP and Individual Plan Class Period") Members in any New Jersey small group healthcare plan insured or administered by Aetna, subject to ERISA, and Members of Individual Plans insured or administered by Aetna not subject to

11

ERISA who received hospital or medical services or supplies from a Non-Par provider (or any provider Aetna considered Nonpar for purposes of paying benefits) for which Aetna (or any third party acting on behalf of Aetna) allowed an amount less than the provider's billed charge in determining benefits.

113.    Each of the Subscriber Plaintiffs seek to be class representatives of a "Subscriber RICO Antitrust Class," defined as:

All persons who are, or were, from March 1, 2001 through the present ("RICO Class Period"), Members in any healthcare plan (ERISA or non-ERISA) insured or administered by Aetna who received hospital or medical services or supplies from a Nonpar provider (or any provider Aetna considered Non-Par for purposes of paying benefits) for which Aetna (or any third party acting on behalf of Aetna) allowed an amount less than the provider's billed charge in determining benefits, based on the use of the Ingenix Databases.

114.    Each of the Subscriber Plaintiffs except Weintraub seek to be class representatives of a "Subscriber RICO Section 664 Subclass," defined as:

All persons who are, or were, from March 1, 2001 through the present ("RICO Section 664 Subclass Period"), Members in any healthcare ERISA plan insured or administered by Aetna who received hospital or medical services or supplies from a Nonpar provider (or any provider Aetna considered Non-Par for purposes of paying benefits) for which Aetna (or any third party acting on behalf of Aetna) allowed an amount less than the provider's billed charge in determining benefits, based on the use of the Ingenix Databases.

115.    Weintraub seeks to be a class representative of a "Subscriber New York Damages Class," defined as:

All persons or entities residing in New York who paid premiums for out-of-network health insurance coverage from Aetna and received reimbursement for ONETs between April 29, 2004 and the present.

116.    In addition, Weintraub seek to be a class representative of a Subscriber "Non-ERISA Class" defined as follows:

All persons who, are or were, from April 29, 2004 through the present ("Non-ERISA Class Period") Members in any plan insured or administered by Aetna, which was not subject to nor governed by ERISA, who received hospital or medical services or supplies from

12

a Non-par provider for which Aetna (or any third party acting on behalf of Aetna) allowed less than the provider's billed charges in determining benefits.

117.    The Provider Plaintiffs seek to be class representatives of a "Provider Class," defined as:

> All Nonparticipating healthcare providers within the boundaries of the United States of America, who provided services to any member of any Aetna insured or administered health plan, at any time during the period June 3, 2003 through the date of certification and were paid less than their billed charge for such "out-of-network" medical services.

118.    In addition, the Provider Plaintiffs seek to be class representatives of a "Provider ERISA Subclass" defined as follows:

> All non-participating healthcare providers, within the boundaries of the United States of America, who provided services to any member of any Aetna insured or administered group health plan subject to ERISA, at any time during the period June 3, 2003 through the date of certification and were paid less than their billed charge for such "out-of-network" medical services.

119.    A true and correct copy of the U.S. Senate Committee on Commerce, Science and Transportation Staff Report for Chairman Rockefeller, dated June 24, 2009, entitled "Underpayments to Consumers by the Health Insurance Industry," is annexed as Exhibit 113.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of November, 2010.

s/ Robert J. Axelrod                          
Robert J. Axelrod

CERTIFICATE OF SERVICE

I, Susan J. Weiswasser, hereby certify that on this the 8th day of November 2010, a true and complete copy of the foregoing paper was served on counsel of record through electronic notification via the CM/ECF system.

s/ Susan J. Weiswasser
Susan J. Weiswasser