ORDER NO. A07-59

STATE OF NEW JERSEY
DEPARTMENT OF BANKING AND INSURANCE

IN THE MATTER OF                     )
VIOLATIONS OF THE LAWS               ) ORDER DIRECTING REMEDIATION
OF NEW JERSEY BY                     ) AND ASSESSING PENALTIES
AETNA HEALTH INC.                    )

    THIS MATTER having been opened by the Department of Banking and Insurance (the "Department") in accordance with the authority set forth at N.J.S.A. 17B:17-1 et seq., N.J.S.A. 26:2J-1 et seq., N.J.A.C. 11:22-1 et seq., N.J.A.C. 11:24-1 et seq. and Executive Reorganization Plan No. 005-2005; and

    WHEREAS the following facts having been brought to the Department's attention:

    1.    Aetna Health Inc. ("Aetna") is a health maintenance organization ("HMO") licensed to transact business in New Jersey since March 1, 1983.

    2.    Aetna issues health benefit plans in New Jersey with benefits only for services rendered by network or participating providers and also issues health benefit plans in New Jersey with benefits for services rendered by both network and out-of-network or non-participating providers.

    3.    As of March 31, 2007 Aetna had 521,320 members in New Jersey.

    4.    In June 2007 the Department received several complaints concerning a letter sent by Aetna Provider Service Centers to certain providers who are not part of Aetna's provider network (out-of-network or non-participating providers). A copy of this letter is attached to this Order as Exhibit A..

    5.    The letter, dated June 1, 2007, states that Aetna's payment for services rendered by a non-participating provider, which services are approved at the in-network level of benefits, is based on Aetna's "determination of a fair payment for the service(s) provided."

    6.    The letter states: "To determine the payment amount when a provider does not participate with Aetna and the plan does not define the applicable allowable amount, our responsibility is to pay a fair amount for your services."

    7.    The letter further states that Aetna has set the fair payment amount to be 125% of the Medicare allowable amount, excluding lab and durable medical equipment, which are reimbursed at 75% of the Medicare allowable amount.

8. The letter then states that "Aetna will consider this as payment in full under the terms of the member's plan and additional reimbursement will not be considered."

9. On June 14 and 15, 2007, the Department asked Aetna several questions about the letter. The Department's June 14, 2007 e-mail explained that:

> when Aetna approves a member's use of a non-participating provider, the member is responsible only for the network level cost sharing and Aetna must pay the non-participating provider enough so that he does not balance bill the member. While Aetna may try to negotiate with the non-participating provider, ultimately, Aetna has to pay whatever the provider demands such that the member is held harmless. Since the letter states that 'additional reimbursement will not be considered', the letter is not an initial stage of a negotiation but rather a statement that all Aetna will pay is 125% of the Medicare allowable amount.

10. On June 29, 2007 Aetna advised the Department that the letter was sent to non-participating providers who generated ten or more claims in the first quarter of 2007. Aetna stated that a total of 130 providers were sent the June 1, 2007 letter, with the first letter being sent on or about June 8, 2007.

11. Aetna explained that the providers who were sent the letter were generally either hospital based physicians (including emergency room physicians) or ambulance providers. Aetna stated that there was no Aetna referral or authorization of the services per se, but because the services were in connection with an emergency or an inpatient admission, Aetna treated the services from the non-participating providers as in-network.

12. Aetna stated that where members are balance billed by non-participating providers who refused to accept 125% of the Medicare allowable amount as payment in full, it will reimburse the member the difference between the provider's billed charges and 125% of the Medicare allowable amount if the member contacts Aetna to complain about the balance billing. Aetna does not make additional payments to non-participating providers who indicate they intend to balance bill members nor does it make additional payments to non-participating providers who do balance bill members.

13. On July 11, 2007 a non-participating Aetna provider advised the Department that he complained to Aetna on June 16, 2007 concerning Aetna's payment of his claim. The provider submitted the Aetna June 19, 2007 response to his complaint which states, in pertinent part:

> **Payment to non-participating providers for services approved at the in-network level of benefits.** As a non-participating provider rendering services approved at the in-network level of benefits to our members, your payment amount is based on the reported service(s) and our determination of a fair payment for the service(s) provided.

2

> **How we decide on the payment amount.** The above claim was reimbursed according to the New Jersey scheduled rates for non-participating providers. Aetna will consider this as payment in full. [Emphasis contained in the original]

14. The Department has been advised that one non-participating provider has threatened to sue an Aetna member if Aetna does not pay it the difference between his billed charges and 125% of the Medicare allowed amount.

15. N.J.A.C. 11:22-5.6(b) requires that an HMO limit a member's liability for all services rendered during an admission to a network hospital by a network physician to the network copayment, deductible or coinsurance.

16. N.J.A.C. 11:24-5.3(b) requires HMOs to limit a member's liability for emergency care rendered by non-participating providers, including ambulances, to the network copayment, deductible or coinsurance.

17. N.J.A.C. 11:24-5.1(a)1 provides that if an HMO refers a member to a non-participating provider, the HMO is fully responsible for payment to the provider and the member's responsibility is limited to the network copayment, coinsurance or deductible.

18. N.J.A.C. 11:24-9.1(d)9 provides that HMO members have the right to "be free from balance billing by providers for medically necessary services that were authorized or covered by the HMO except as permitted for copayments, coinsurance and deductibles by contract."

19. The above regulations establish that for services rendered by non-participating providers for emergency care, during admissions to a network hospital by a network provider and where a member is referred by the HMO to a non-participating provider, the member has no liability for the difference between the non-participating provider's billed charges and the benefit paid by the HMO because the member is responsible only for the network copayment, coinsurance or deductible.

20. Accordingly, in such situations, Aetna must pay the non-participating provider a benefit large enough to insure that the non-participating provider does not balance bill the member for the difference between his billed charges and the Aetna payment, even if it means that Aetna must pay the provider's billed charges less the member's network copayment, coinsurance or deductible.

21. The statement in the June 1, 2007 Aetna letter that "additional reimbursement will not be considered" indicates that Aetna will not pay the non-participating provider more than 125% of the Medicare allowable amount, contrary to N.J.A.C. 11:22-5.6(b), N.J.A.C. 11:24-5.1(a)1, N.J.A.C. 11:24-5.3(b) and N.J.A.C. 11:24-9.1(d)9.

22. The statement that "additional reimbursement will not be considered" is not consistent with Aetna's statement in its June 29, 2007 correspondence that where providers balance bill members for the difference between their billed charges and 125% of the Medicare allowable amount, Aetna reimburses the members for the amount billed.

23. By letter dated July 20, 2007 Aetna advised the Department that approximately 3,099 claims for services rendered by non-participating providers for emergency care, for services rendered by non-participating providers during an admission to a network hospital by a network provider, and for services rendered by non-participating providers pursuant to a referral or authorization from Aetna

NOW, THEREFORE, it is on this 23rd day of July, 2007 ordered that:

1. Aetna shall cease using 125% of the Medicare allowable amount as the maximum allowable charge for services rendered by non-participating providers for emergency care, for services rendered by non-participating providers during an admission to a network hospital by a network provider, and for services rendered by a non-participating provider pursuant to a referral or authorization by Aetna.

2. Aetna shall reprocess all claims under insured contracts issued in New Jersey for services rendered by non-participating providers for emergency care, for services rendered by non-participating providers during an admission to a network hospital by a network provider, and for services rendered by non-participating providers pursuant to a referral or authorization from Aetna, so that the total benefit paid for such services amounts to the provider's billed charges, less the cost sharing of the covered person for network services. The Department shall, at Aetna's expense, retain a consultant to review the reprocessing for accuracy. Any additional amounts payable shall be accompanied by 12% interest accruing from the date the claim was initially paid.

3. Aetna shall send a notice, in a form acceptable to the Department, advising each non-participating provider who received the form of letter in attached Exhibit A or similar communication, that Aetna's obligation is not to pay them a "fair" amount but an amount sufficient to insure that they do not balance bill members for emergency or urgent services, for services rendered during an admission to a network hospital by a network provider, and for services pursuant to a referral or authorization from Aetna.

4. Aetna shall pay a fine of $9,457,500 in one lump sum, made payable by check or money order to "Treasurer, State of New Jersey," no later than the date on which this paragraph becomes effective, to Lee Barry, Assistant Commissioner, Consumer Protection Services, Department of Banking and Insurance, P. O. Box 325, Trenton, New Jersey 08625-0325, for the following:

   a. $530,000 for failure to limit a covered person's liability for services rendered by non-participating providers for emergency care, for services rendered by a non-participating provider during an admission to a network hospital by a network provider, and for services rendered by a non-participating provider pursuant to a referral

or authorization from Aetna in violation of N.J.A.C. 11:24-5.3(b), 11:24-5.1(a)1 and 11:22-5.6(b) ($10,000 per day for each day from June 1, 2007 to July 23, 2007 pursuant to N.J.S.A. 26:2J-24a),

    b. $650,000 for misrepresenting Aetna's obligation with respect to claims for services rendered by non-participating providers in the June 1, 2007 letter sent to 130 providers in violation of N.J.S.A. 17B:30- 3 and 17B:30-13.1a ($5,000 per violation for 130 letters pursuant to N.J.S.A. 17B:30-17),

    c. $7,747,500 for not attempting in good faith to effectuate prompt, fair and equitable satisfaction of claims for services rendered by non-participating providers for emergency care, for services rendered by non-participating providers during an admission to a network hospital by a network provider, and for services rendered by non-participating providers pursuant to referrals or authorizations from Aetna in violation of N.J.S.A. 17B:30-13.1f ($2,500 per violation for each of 3,099 violations), and

    d. $530,000 for not providing its members the right to be free of balance billing by providers for medically necessary services that were authorized or covered in violation of N.J.A.C. 11:24-9.1(d)9 ($10,000 per day for each day from June 1, 2007 to July 23, 2007)

    5. Obligations under this Order are imposed pursuant to the police powers of the State of New Jersey for the enforcement of law and protection of public health, safety, and welfare and are not intended to constitute a debt or debts subject to limitation or discharge in a bankruptcy proceeding.

    6. If Aetna wishes to request an administrative hearing, it shall submit its request in writing no later than 30 days following the date of this Order to Lee Barry, Assistant Commissioner, Consumer Protection Services, P. O. Box 329, Trenton, New Jersey 08625-0329, or by fax at (609) 292-5333. A request for a hearing shall include:

    e. the name, address, daytime telephone number, and fax number of a contact person familiar with the matter;

    f. a statement requesting a hearing;

    g. a concise statement with a separate respond to each of the specific paragraphs set forth in this Order and describing the basis for Aetna's contention that the findings of fact set froth in this Order are erroneous.

    7. If no hearing is requested within 30 days of the date of this Order, this Order constitutes a final agency decision and becomes effective immediately on that date. Any appeals from this Order must be filed with the New Jersey Superior Court, Appellate Division, within 45 days from that date.

8.  The Department reserves the right, by further Order, to impose additional penalties or to order additional remediation should additional facts be discovered concerning the scope or extent of the violations.

Questions regarding this Order should be submitted to Lee Barry, Assistant Commissioner, Consumer Protection Services.

_____
Steven M. Goldman
Commissioner

Case 2:07-cv-03541-KSH-CLW   Document 635-10   Filed 11/09/10   Page 7 of 7 PageID: 22637

TOTAL P.002

EXHIBIT A



**Aetna Provider Services**
151 Farmington Ave., RS51
Hartford, CT 06156

June 1, 2007

Dear Health Care Professional:

**Payment to non participating providers for services approved at the in-network level of benefits**
According to our records, you have delivered care to our members in the last five months. This letter is to remind you that as a nonparticipating provider rendering services approved at the in-network level of benefits to our members, your payment amount is based on the reported service(s) and our determination of a fair payment for the service(s) provided.

**How we decide on the payment amount**
To determine the payment amount when a provider does not participate with Aetna and the plan does not define the applicable allowable amount, our responsibility is to pay a fair amount for your services. For your services, we set this payment at 125% of the Medicare allowable amount, excluding lab and durable medical equipment (DME), which is reimbursed at 75% of the Medicare allowable amount. State specific exceptions might apply.

Aetna will consider this as payment in full under the terms of the member's plan and additional reimbursement will not be considered.

The Medicare rate-setting process takes into account the factors relevant to determining a reasonable rate level, such as the work required for each service and a physician's office expense. By adding a significant premium over the Medicare allowable amount in setting our payment for services other than lab and DME, we believe we have ensured that this is a fair payment for your service(s).

**We are available to answer your questions**
If you have questions, please call our Provider Service Centers:
- 1-800-624-0756 for calls about HMO-based benefits plans.
- 1-888-MD-Aetna (1-888-632-3862) for calls about indemnity and PPO-based benefits plans.
- Call our automated voice response system, Aetna Voice advantage®, day or night to:
  - check claims status
  - verify patient coverage and benefits information
  - request faxed copies of claims and eligibility information

Sincerely,

Aetna Provider Service Centers

Aetna is the brand name used for products and services provided by one or more of the Aetna group of subsidiary companies. The Aetna companies that offer, underwrite or administer benefits coverage include Aetna Health Inc., Aetna Health of California Inc., Aetna Health of the Carolinas Inc., Aetna Health of Illinois Inc., Aetna Life Insurance Company, Aetna Health Insurance Company of New York, Corporate Health Insurance Company and Aetna Health Administrators, LLC.

26.5-7.3