UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE: AETNA UCR LITIGATION,

This Document Relates To: ALL CASES

*FILED ELECTRONICALLY*

MDL NO. 2020

Master File No. 07-3541(FSH)(PS)

PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION TO STRIKE
OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY

D. Brian Hufford
Robert J. Axelrod
Susan J. Weiswasser
Jay Douglas Dean
POMERANTZ HAUDEK GROSSMAN
 & GROSS LLP
100 Park Avenue
New York, New York 10017
(212) 661-1100
*Chair of the Aetna Plaintiffs' Executive Committee*

James E. Cecchi
Donald A. Ecklund
CARELLA BYRNE CECCHI
OLSTEIN BRODY & AGNELLO
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

*Member of the Aetna Plaintiffs'
Executive Committee*

[Additional Counsel on Signature Page]

## TABLE OF CONTENTS

Introduction…………………………………………………………………………………………1

Factual and Procedural Background………………………………………………………………2

Argument…………………………………………………………………………………………3

A.   Receiving the Declarations in November caused Defendants no prejudice……………...…6

B.   Plaintiffs did not act in bad faith by disclosing Drs. Foreman and Rausser's
     reply declarations with their reply brief………………………………………………………6

Conclusion………………………………………………………………………………………...9

## <u>TABLE OF AUTHORITIES</u>

*Alston v. Forsyth*,
379 Fed. Appx. 126 (3d Cir. 2010)……………………………………………………8

*Beck v. Univ. of Wisc. Bd. of Regents*,
75 F.3d 1130 (7th Cir. 1996)……………………………………………………….......3

*Borden v. Ingersoll-Rand Co.*,
2003 WL 21488511 (E.D. Pa. Jan. 17, 2003)……………………………………………6

*Bouder v. Prudential Fin., Inc.*,
2010 WL 2026707 (D.N.J. May 21, 2010)……………………………………………7

*Holbrook v. Woodham*,
2008 WL 544719 (W.D. Pa. Feb. 28, 2008)……………………………………………5

*In re Paoli R.R. Yard PCB Litig.*,
35 F.3d 717 (3d Cir. 1994)……………………………………………………5

*In re TMI Litig.*,
193 F.3d 613 (3d Cir. 1999)…………………………………………………...7

*Konstantopoulos v. Westvaco Corp.*,
112 F.3d 710 (3d Cir. 1997)……………………………………………………5

*Larcher v. West*,
147 F. Supp. 2d 538, 539 (N.D. Tex. 2001)……………………………………………4

*M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co.*,
2007 WL 979854 (D.N.J. March 30, 2007)……………………………………………7

*McRaith v. Leading Edge Group Holdings, Inc.*,
2010 WL 4446852 (D.N.J. Nov. 1, 2010)……………………………………………...8

*Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.*,
60 F.3d 153 (3d Cir. 1995)……………………………………………………5

*Onyx Waste Servs., Inc. v. Morgan*,
203 F. Supp. 2d 777 (E.D. Mich. 2002)……………………………………………9

*Rowe v. E.I. du Pont de Nemours & Co.*,
76 Fed. R. Serv. 3d 48 (D.N.J. 2010)……………………………………………6

## INTRODUCTION

Plaintiffs respectfully submit this memorandum of law in opposition to Defendants' motion to strike or, in the alternative, for leave to take discovery, submit responsive expert reports, and to file a sur-reply. Defendants' motion fails for two principal reasons. First, Defendants' motion mischaracterizes the factual record and the good grounds for Plaintiffs' reply brief and the related reply declarations. Second, Defendants ignore the high burden required to exclude relevant evidence which they cannot meet for the simple reason that Plaintiffs' submissions were entirely appropriate.

Defendants' motion is nothing more then an attempt to exclude the reply declarations of two distinguished experts deeply versed in the issues central to this case and important to Plaintiffs' claims or, in the alternative, to grant them leave to file a sur-reply so that they may have the "proverbial last word." This is the true act of gamesmanship in this case. It rests exclusively on defendants upside down world view where they -- the non-moving party – have the last word and where the moving party is somehow precluded from filing appropriate responsive declarations in support of its own motion. The law does not support this unique understanding of motion practice.

Defendants' request also improperly seeks to hinder the Court's truth-finding role through contrived "disqualifications" of reply declarations from experts with unassailable credentials and highly relevant information. While Defendants attempt to allege bad faith, Plaintiffs' reply brief and reply declarations were timely and appropriate, and thus, should be considered by the Court. Finally, since Defendants can show no prejudice from the timing of the expert disclosures in any event, there is no sound basis for exclusion.

Plaintiffs believe that this case should be decided on the facts, on the merits, and upon a complete record. The Court is fully capable of reviewing both Defendants' rebuttal reports and the new report of Dr. Thomas R. McCarthy and Plaintiffs' reply declarations, and determining whether or not the information contained therein is helpful. There is, respectfully, no reason for this unfortunate sideshow.

## FACTUAL AND PROCEDURAL BACKGROUND

What is missing from Defendants' lengthy submission is the single salient fact which puts the issue before the Court in its proper, reasonable context. On October 18, 2010, the Court ordered the parties to *re-file* their class certification papers in a more concise manner. Plaintiffs complied. Defendants did not. In their opposition to Plaintiffs' moving brief in support of class certification, Defendants submitted three rebuttal reports, numerous new or altered affidavits and expert reports, and for the first time disclosed a *new* expert, Dr. McCarthy. Dr. McCarthy's report raised new opinions and issues that Defendants extensively relied on in their opposition to, class certification. Dr. McCarthy had never previously appeared or been mentioned in this case.

Plaintiffs did not over react or seek to preclude the court from considering Dr. McCarthy's opinions. To the contrary, plaintiffs did exactly what they should have done; namely, they sought leave to depose Dr. McCarthy for the purposes of understanding his report. Equally significant, plaintiffs expressed their intention to respond to it – and all of Defendants' other new arguments and opinions – in their reply papers. D.E. 692. On November 24, Plaintiffs filed their reply papers – which appropriately contained reply declarations from their previously identified experts, Drs. Foreman and Rausser, responding to Dr. McCarthy. This was neither nefarious nor a surprise to anyone. On December 1, Defendants wrote to the Court and complained about Plaintiffs' reply papers and the two reply declarations. Plaintiffs responded on

December 2. Nothing further occurred until late last week, two and a half months later, when Defendants filed their motion to strike.

## **ARGUMENT**

Defendants' belated request to strike portions of Plaintiffs' class certification reply brief and reply declarations of their experts in their entirety, or to get the final word by filing a sur-reply, should be denied. Plaintiffs' reply brief and the related reply declarations were entirely appropriate. They challenge and directly respond to arguments Defendants raised in their opposition to plaintiffs' motion for class certification... The function of a reply is, quite simply, to address arguments raised by the other side in its opposition. Plaintiffs' reply does just that. In Defendants' distorted view, the movant is barred from replying to arguments placed in issue by the opposition brief and is limited simply to restating points previously argued. But this upside down position finds no support in practice, in the case-law or in the rule. Reply papers provide the movant with an opportunity to respond to attacks raised in an opposition, even where such arguments were not anticipated or addressed in the opening papers. *See, e.g., Beck v. Univ. of Wisc. Bd. of Regents*, 75 F.3d 1130, 1134 n.1 (7th Cir. 1996) (denying motion to strike affidavit attached to reply brief that responded to issues raised in respondent's response for the first time).

This is exactly what occurred here – the reply declarations of Drs. Foreman and Rausser were submitted in response to Defendants' new expert submissions. According to Defendants' position, they would have been able to use their rebuttal reports, new affidavits, and the new expert report of Dr. McCarthy to challenge class certification, and Plaintiffs would have been precluded from responding at all with their experts – leaving these lengthy submissions effectively unchallenged. This is the gravamen of Defendants' motion to strike, an attempt to preserve the consequences of their own gamesmanship in relying on a new expert report in their

3

opposition papers while precluding plaintiffs from responding to them. This is neither fair nor consistent with the Court's expressed intention of deciding this case on the facts and on the merits. Plaintiffs conduct is consistent with this salutary objective, whereas defendants' effort to strike relevant information is decidedly not.

Defendants' protestations to the contrary notwithstanding, it is generally accepted that the party bearing the burden of proof – here Plaintiffs on their motion for class certification – is entitled to the last word. Likewise, it is well-established that leave to file a sur-reply is an "exceptional or extraordinary" remedy, and is "highly disfavored, as [it] usually [is] a strategic effort by the non-movant to have the last word on a matter." *Larcher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001). Here, Plaintiffs submitted reply papers in support of their class motion including the reply declarations. The new expert declarations of Drs. Foreman and Rausser were clearly reasonable, especially given the new expert relied upon by Defendants.

Finally, that Plaintiffs' reply addresses Dr. McCarthy's new opinions and Defendants' new arguments was hardly surprising, much less shocking, as Defendants' motion suggests. On November 15, 2010, Plaintiffs filed a letter with the Court that explained that "it [was] critical that [we] have the opportunity to take Dr. McCarthy's deposition prior to filing [our] reply on class certification and be afforded an opportunity to adequately respond to the arguments being made in his report." D.E. 692. Plaintiffs plainly stated their intention to address *all* of Defendants' arguments and their experts' opinions. While the Court gave Plaintiffs an additional few days for their response, they did not have time to depose Dr. McCarthy before the deadline. Defendants hardly could have been surprised that Plaintiffs nevertheless responded to Dr. McCarthy's new expert report, or that Plaintiffs used their previously identified experts to do so. For Defendants to feign wide-eyed surprise at the revelation that the reply submission did, in

4

fact, address these new opinions and arguments is as preposterous as Captain Renault's claim in *Casablanca*, uttered as he pocketed his winnings, that he was "shocked, shocked" to discover that gambling was going on at Rick's Café.

Putting aside Defendants' mischaracterization of the factual record, exclusion of the evidence is also improper because Defendants suffer no prejudice. In weighing the propriety of a District Court's decision to exclude expert evidence, the Third Circuit considers four factors:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court, and (4) bad faith or willfulness in failing to comply with the district court's order.

*Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (quoting *Meyers v. Pennypack Woods Home Ownership Ass'n,* 559 F.2d 894, 904-905 (3d Cir. 1977)). In addition to considering "the importance of the excluded testimony," the Third Circuit instructs that "the exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Id.*; *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 792 (3d Cir. 1994) (same); *see also Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.*, 60 F.3d 153, 156 (3d Cir. 1995) ("[Rule 37] expressly provides that sanctions should not be imposed if substantial justification exists for the failure to disclose, or if the failure to disclose was harmless.").

Applying the *Meyers* factors, district courts in this Circuit have been exceptionally reluctant to exclude untimely yet valuable expert evidence. As one court explained, the "Third Circuit . . . requires what amounts to 'flagrant disregard' of the district court's orders" before adding that the "Third Circuit requires an egregious showing of bad faith." *Holbrook v. Woodham*, 2008 WL 544719, at *3 (W.D. Pa. Feb. 28, 2008) (concluding that untimely party's

"behavior, while bad, was just simply not bad enough to permit exclusion of its second expert and his evidence"). Another court in this Circuit applying the *Meyers* factors states "exclusion of testimony is appropriate only if a party (1) has revealed previously undisclosed evidence when trial was either imminent or in progress, or (2) acted in bad faith." *Borden v. Ingersoll-Rand Co.*, 2003 WL 21488511 (E.D. Pa. Jan. 17, 2003). And this Court recently summarized the law, stating that "[t]he Third Circuit has, on several occasions, manifested a distinct aversion to the exclusion of important testimony absent evidence of extreme neglect or bad faith on the part of the proponent of the testimony." *Rowe v. E.I. du Pont de Nemours & Co.*, 76 Fed. R. Serv. 3d 48 (D.N.J. 2010).

A.     <u>Receiving the Declarations in November caused Defendants no prejudice</u>

Defendants cannot seriously contend that they have suffered prejudice by the timing of the reply declarations of Drs. Foreman and Rausser. These responsive declarations were necessitated by their own filings, including the first reliance on Dr. McCarthy and his expert report, filed shortly before, in Defendants' "re-filed" opposition papers. Plaintiffs did not seek to strike the report of Dr. McCarthy or the other new submissions provided with Defendants' opposition to class certification. Rather, Plaintiffs filed their timely reply to the opposition and its contents. Defendants cannot claim any prejudice, particularly given that a reply submission is supposed to respond to those legal and factual assertions made in the opposing party's response. This is what reply papers are for. This is not remotely similar to a situation where there is prejudice because a trial was either imminent or in progress. And Defendants do not even attempt to state what "unfair" advantage Plaintiffs have obtained against them.

B.     Plaintiffs did not act in bad faith by disclosing Drs. Foreman
       <u>and Rausser's reply declarations with their reply brief</u>

6

While Defendants refer to Plaintiffs' conduct as "sandbagging," "unfair," "gamesmanship," and a "flouting" of this Court's Case Management Order, the facts undermine their rhetoric. Considering the full factual record and the case law cited above, it is apparent that Plaintiffs did nothing that was improper, in disregard of a Court order, or in bad faith when making their disclosures when they did. Indeed, it would have been irresponsible and a violation of their duty to their clients had Plaintiffs' counsel not responded to the McCarthy report and other issues raised in Defendants' opposition to the class motion by, *inter alia*, using Plaintiffs' pre-existing experts. And while Defendants object to not being able to depose plaintiffs' experts (yet again) to address their final declarations, plaintiffs were unable to depose Dr. McCarthy until after the reply papers were filed. Plaintiffs, instead, responded to Dr. McCarthy's report through the expert declarations, which was entirely appropriate and reasonable. Plaintiffs should not be precluded from presenting expert testimony on issues that Defendants' expert first raised in opposition to Plaintiffs' motion for class certification when those issues are central to this case.

Finally, Defendants direct this Court to cases striking expert reports, (Defendants' Memorandum at 8 and 9), such as *In re TMI Litig.*, 193 F.3d 613 (3d Cir. 1999), and *Bouder v. Prudential Fin., Inc.*, 2010 WL 2026706 (D.N.J. May 21, 2010). Those cases, however, are inapposite because they involved flagrant violations of pre-trial orders and unjustified delays. *See M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co.*, 2007 WL 979854 (D.N.J. March 30, 2007) (striking supplemental expert affidavit that was filed more than five years after the close of expert discovery where there was no attempt to explain the gap in time); *In re TMI Litig.*, 193 F.3d 613 (3d Cir. 1999) (upholding exclusion where there was a pattern of flagrant violations of pre-trial orders that was both persistent and unjustified); *Bouder v. Prudential Fin., Inc.*, 2010

7

WL 2026707 (D.N.J. May 21, 2010) (sanctioning exclusion where the party failed to file an expert report despite an extension of the expert discovery deadline by more than one year and, instead, attempted to include the expert report with an opposition to summary judgment). These cases excluded evidence due to prejudicial and egregious conduct that is not remotely implicated in these circumstances.

Similarly, Defendants' reliance on *Alston v. Forsyth*, 379 Fed Appx. 126 (3d Cir. 2010), and *McRaith v. Leading Edge Group Holdings, Inc.*, 2010 WL 4446852 (D.N.J. Nov. 1, 2010), in support of their request for leave to depose Dr. Foreman (yet again), submit additional expert reports, and to submit a sur-reply, is misplaced. *Alston* is inapposite – the court's decision centered on a *pro se* litigant who was afforded an opportunity to file a sur-reply. *See Alston v. Forsyth*, 379 Fed. Appx. 126 (3d Cir. 2010) (allowing sur-reply in silica dust exposure case filed by *pro se* prisoner against federal employees that worked at the prison due to fundamental fairness concerns). Such is not the case here. The *Alston* opinion does not stand for the sweeping proposition, as Defendants suggest, that a sur-reply is warranted whenever new arguments are presented in a reply brief. Likewise, *McRaith* is inapplicable, as Plaintiffs have not changed their basis for class certification. *See McRaith v. Leading Edge Group Holdings, Inc.*, 2010 WL 4446852 (D.N.J. Nov. 1, 2010) (accepting a sur-reply from the plaintiff in light of new arguments raised by defendants UBS Financial Services Inc. and UBS Bank USA in a motion to dismiss the complaint for lack of subject matter jurisdiction where defendants initially moved to dismiss pursuant to 21 U.S.C. § 853, which governs criminal forfeitures, but shifted their reliance to the Civil Asset Forfeiture Reform Act, 18 U.S.C. § 981 in their reply). Accordingly, Defendants' motion should be denied in its entirety.

To summarize, Defendants seek an extraordinary and abusive application of Rule 37, which the Court should deny, or an unnecessary sur-reply, which the Court should also deny. If, however, the Court grants Defendants' alternative relief of leave to file a sur-reply, Plaintiffs, as movant, request the opportunity to respond. *See, e.g., Onyx Waste Servs., Inc. v. Morgan*, 203 F. Supp. 2d 777, 779 (E.D. Mich. 2002) (noting that "the moving party [ ] should receive the 'proverbial last word,'" and permitting a reply to the sur-reply).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' motion.

Dated: February 21, 2011

<div style="margin-left:40%">

Respectfully submitted,

s/ D. Brian Hufford
D. Brian Hufford
Robert J. Axelrod
Susan J. Weiswasser
Jay D. Dean
POMERANTZ HAUDEK
GROSSMAN & GROSS LLP
100 Park Avenue
New York, New York 10017
(212) 661-1100
*Chair of the Aetna Plaintiffs' Executive Committee*

James E. Cecchi
Donald A. Ecklund
CARELLA BYRNE CECCHI
OLSTEIN BRODY & AGNELLO
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

Joe R. Whatley
Edith M. Kallas
W. Tucker Brown
WHATLEY DRAKE & KALLAS, LLC

</div>

1540 Broadway, 37th Floor
New York, New York 10036
(212) 447-7070

Barry M. Epstein
Kevin Peter Roddy
Lynne Kizis
Barbara Gail Quackenbos
WILENTZ, GOLDMAN & SPITZER P.A.
90 Woodbridge Center Drive
PO Box 10
Woodbridge, New Jersey 07095
(732) 636-8000

Kevin M. Berry
WILENTZ, GOLDMAN & SPITZER P.A.
110 William Street, 26th Floor
New York, New York 10038
(212) 267-3091

Stephen A. Weiss
Christopher A. Seeger
Diogenes P. Kekatos
James A. O'Brien III
SEEGER WEISS LLP
One William Street
New York, New York 10004
(212) 584-0700

Joseph P. Guglielmo
SCOTT + SCOTT LLP
500 Fifth Avenue, 40th Floor
New York, New York 10110
(212) 223-6444

David R. Scott
Amanda F. Lawrence
SCOTT + SCOTT LLP
PO Box 192
108 Norwich Ave.
Colchester, Connecticut 06415
(860) 537-5537

Christopher M. Burke
SCOTT + SCOTT LLP-CA
707 Broadway, Suite 1000

10

San Diego, California 92101
(619) 233-4565

Andrew S. Friedman
Elaine A. Ryan
Kathryn A. Jann
BONNETT, FAIRBOURN, .FRIEDMAN &
BALINT, P.C.
2901 North Central Avenue, Suite 1000
Phoenix, Arizona 85012
(602) 274-1100

*Members of the Aetna Plaintiffs' Executive
Committee*

11