NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re AETNA UCR LITIGATION | Civil Action No. 07-3541 (SRC) |
| This Document Relates to: | MDL No. 2020 |
| ALL CASES | OPINION |

**CHESLER**, District Judge

    This matter comes before the Court upon the motion filed by certain Subscriber Plaintiffs[1] for the disqualification and recusal of the undersigned judge pursuant to 28 U.S.C. § 455. The motion has been opposed by Defendants Aetna, UnitedHealth Group and Ingenix and by certain other Plaintiffs (who will be identified below as the "Settling Plaintiffs").

    The undersigned became the presiding judge over this action on June 2, 2011, after it was reassigned from the docket of another district judge. At that time, a Rule 12(b)(6) motion filed by Defendants had been fully briefed and argued and was awaiting decision. Upon reassignment, however, the parties jointly expressly to the undersigned a desire to pursue settlement negotiations and agreed that the Court should hold its decision on the Rule 12(b)(6) motion in abeyance pending those settlement discussions. Accordingly, the undersigned did not consider the motion, and indeed, to date, that motion remains pending on the docket of this action. For the next year-and-a-half, the undersigned's involvement with this action was limited to periodic status conferences with the attorneys to confirm that the parties remained committed

---

[1] The moving plaintiffs are Michele Cooper, Darlery Franco, Carolyn Samit, Paul Smith, Sharon Smith and Michele Werner. For reasons the Court will explain below, these plaintiffs will collectively be referred to as the "Non-Settling Plaintiffs."

1

to attempting to reach an amicable resolution of this matter and wished to continue the informal stay of litigation.  Those efforts ultimately proved to be fruitful, although certain of the Subscriber Plaintiffs opposed the settlement submitted for preliminary approval.  (To be clear about identifying the various parties who have expressed their views on the recusal issue, the Court will refer to the "Settling Plaintiffs" and the "Non-Settling Plaintiffs.")[2]  On December 7, 2012, the Settling Plaintiffs and Aetna filed a joint motion for preliminary approval of the settlement and preliminary certification of two settlement classes, a Subscriber Settlement Class and a Provider Settlement Class, collectively referred to as the "Settlement Class."  The Settlement Class, as defined by the motion for preliminary approval and certification, expressly excludes, among others, "Any Judge who presides or has presided over the Actions, together with his/her immediate family members and any other individual residing in the Judge's household."  (Settlement Agreement, dated December 6, 2012, at 13, docket entry 839, Exhibit A.)  The motion for preliminary approval of the class action settlement was opposed by the Non-Settling Plaintiffs and by Defendants UnitedHealth Group and Ingenix, and this Court scheduled oral argument on the motion for January 23, 2013.

In the process of reviewing the motion for preliminary approval and preparing for oral argument, the undersigned realized that, were it not for the express exclusion, he and his wife could be considered absent members of the putative class.  He investigated further and compared the Settlement Class definition with the definition set forth in the operative Complaint, which did not exclude judges and their relatives. Upon this realization, the Court immediately, and on the record, disclosed the following information to the parties, who were gathered in the

---

[2] The Settling Plaintiffs are subscribers John Seney, Jeffrey M. Weintraub and Alan John Silver and providers Alan B. Schorr, Frank G. Tonrey, Carmen M. Kavali and Brian Mullins.  The Non-Settling Plaintiffs are Michele Cooper, Darlery Franco, Carolyn Samit, Paul Smith, Sharon Smith and Michele Werner.

undersigned's courtroom for the purpose of arguing the motion for preliminary approval of the class action settlement:  From the time this case was reassigned to the undersigned judge through December 31, 2012, the undersigned's wife had maintained health insurance through an Aetna ERISA plan offered by her employer.  The Aetna plan provided the undersigned with secondary coverage, as at all relevant times the undersigned subscribed to his own health benefits plan with the Government Employees Health Association, through his employment with the United States District Court.

In addition to making these disclosures regarding his wife's Aetna health plan, the undersigned also renounced, on the record, any interest, right and/or claim he or his wife, who had expressly authorized him to speak on her behalf, might have in the subject matter of this lawsuit. The record states:

> To the extent that we would have been members of this class or are members of this class, we hereby opt out and, in addition to that, my wife and I . . . intend to and will forego any interest in any of the claims which have been asserted in this case up till now under which we could claim in this lawsuit or any other lawsuit.

(Jan. 23, 2013 Hearing Tr. at 5-6.)  The undersigned also noted that he and his wife were excluded from the Settlement Class.

While Settling Plaintiffs and Aetna wished to proceed on the motion for preliminary approval, the Court considered it prudent to refrain from entertaining that motion until the parties had a meaningful opportunity to consider the information disclosed by the undersigned.  Indeed, Non-Settling Plaintiffs requested such an opportunity to determine how to proceed.  Thereafter, they filed the instant motion for recusal under 28 U.S.C § 455.

Non-Settling Plaintiffs take the position that, although the undersigned and his wife are not members of the Settlement Class and have affirmatively waived any claim they may have

against Aetna related to this controversy, the undersigned is nevertheless disqualified from presiding over this action pursuant to 28 U.S.C. § 455(a) and (b)(4). Section 455(a) requires a judge to recuse himself from "any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under § 455(b)(4), a judge must recuse himself if [h]e knows that he, . . . or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4).

Non-Settling Plaintiffs emphasize that while one generally knows, and could be expected to know, the identity of his or her insurance carrier, the undersigned failed to disclose his Aetna coverage and divest himself of any claims until almost 20 months after he was assigned this action. They argue that while the undersigned stated that the fact of that coverage "all of a sudden hit [the undersigned]" upon review of the motion for preliminary approval of the settlement, he knew or must have known of this coverage long before the disclosure, presumably upon his affirmative election to acquire coverage under his wife's plan. Moreover, Non-Settling Plaintiffs stress that apart from the reasonable inference of actual knowledge at or near the time of his assignment to this action on June 2, 2011, the judge should have known, as required by § 455(c), about his and his wife's financial interest in the Aetna plan. They cite to this provision of the recusal statute, which imposes an affirmative duty on judges "to stay informed of any personal or fiduciary financial interest they may have in cases over which they preside." Liljeberg v. Health Svcs. Accquisition Corp., 486 U.S. 847, 862 n. 9 (1988).

In sum, Non-Settling Plaintiffs maintain that because of the judge's actual or imputed knowledge of a disqualifying interest existing for 20 months, an objective observer might harbor doubts about the undersigned's impartiality, requiring the judge's recusal under § 455(a). See

4

Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004). The standard, they note, is not actual bias, but rather a reasonable possibility of bias. Id. Additionally, Non-Settling Plaintiffs argue that apart from the possibility of bias, the pre-divestiture financial interest that existed by virtue of the judge's membership in the putative class presents an independent and equally compelling basis for the undersigned's recusal under § 455(b)(4). See Tramonte v. Chrysler Corp., 136 F.3d 1025, 1030 (5th Cir. 1998).

The undersigned concludes that it is clear that he and his spouse were, until the January 23, 2013 divestiture, members of the putative class. During at least some portion of the relevant time period, that is, the period in which Aetna determined ONET benefits using Ingenix data, the judge and his wife received health benefits under an Aetna ERISA plan. As such, they had a financial interest in this action, triggering the undersigned's obligation to recuse under § 455(b)(4). Id.

In Tramonte, the Fifth Circuit Court of Appeals addressed the existence of a disqualifying financial interest of the judge and/or a close relative in a class action context. Id. at 1029-30. The Tramonte court held that "where a judge, her spouse, or a minor child residing in her household is a member of a putative class, there exists a 'financial interest' in the case mandating recusal under § 455(b)(4)." Id. It reasoned that although the uncertainty of recovery in the pre-certification stage of a class action may diminish the expected value of the financial interest, § 455 stresses that even a de minimis interest mandates recusal. Id. Indeed, 28 U.S.C. § 455(d)(4) defines the term "financial interest" broadly, to include "ownership of a legal or equitable interest, *however small* . . . ." 28 U.S.C. § 455(d)(4) (emphasis added). The Fifth Circuit concluded that "[b]ecause § 455 (b)(4) requires recusal for even paltry financial interests, the increased uncertainty of recovery in the precertification stage of a class action affects the size but

not the existence of a disqualifying financial interest." Tramonte, 136 F.3d at 1030. This Court finds the Fifth Circuit's reasoning persuasive and likewise concludes that the financial interest that exists where a judge and/or his spouse are putative class members disqualifies the judge from presiding over a case, pursuant to § 455(b)(4). As such, recusal is required in this case.[3]

The Court notes that the recusal statute also provides a mechanism, under § 455(f), which authorizes a judge to cure the disqualifying interest and thereby eliminate the recusal obligation. The parties opposing this motion have argued that the undersigned validly exercised that authority when he renounced his and his wife's interest in the subject matter of this lawsuit. Section 455(f) provides as follows:

> Notwithstanding the preceding provisions of this section, if any justice, judge, magistrate judge, or bankruptcy judge to whom a matter has been assigned would be disqualified, after substantial judicial time has been devoted to the matter, because of the appearance or discovery, after the matter was assigned to him or her, that he or she individually or as a fiduciary, or his or her spouse or minor child residing in his or her household, has a financial interest in a party (other than an interest that could be substantially affected by the outcome), disqualification is not required if the justice, judge, magistrate judge, bankruptcy judge, spouse or minor child, as the case may be, divests himself or herself of the interest that provides the grounds for the disqualification.

28 U.S.C. § 455(f). This provision formed the basis of the decision not to recuse, in spite of two appellate judges' membership in a class, in the case of In re Literary Works in Electronic Databases Copyright Litigation, 509 F.3d 136 (2d Cir. 2007). There, two Second Circuit judges, serving on a panel assigned to hear an objector's appeal of a class action settlement, realized, after extensive preparation for oral argument, that they were likely members of the settlement

---

[3] Because the Court concludes that recusal is required under § 455(b)(4), it need not reach Non-Settling Plaintiffs' alternative basis for moving for recusal, that is, disqualification under § 455(a). However, the undersigned wishes to express that it is highly dubious that the de minimis impact that a decision in this action would have on the undersigned or a family member would warrant an objective observer to harbor doubts about the judge's impartiality, as required for § 455(a) to apply.

class, albeit ineligible to recover due to expiration of the period for making claims on the settlement.  Id. at 139.  The Second Circuit judges ultimately concluded that their divestiture of a small yet disqualifying financial interest in the subject matter of the lawsuit supported their decision not to recuse themselves.  Id.  In so doing, they expressly disagreed with the opinion they solicited from the Committee on Codes of Conduct of the Judicial Conference of the United States, which had concluded that, under the Codes' analog to § 455(f), "curative divestment is possible only if made immediately upon assignment of the case to the judge." Id. at 143.  Judge Walker, writing for himself and his colleague Judge Winter, concluded that, to the contrary, because § 455(f) is meant to conserve judicial resources, it should prevent recusal when a judge who has devoted substantial time to a case learns that he has a disqualifying interest and promptly renounces it upon discovery.  Id. at 143.

     Here, in contrast, the undersigned has not devoted substantial time or effort to the case.  Though the case had been on the undersigned's docket for over a year-and-a-half before the realization that, as Aetna insureds who had made ONET claims, the judge and his wife were putative class members, the undersigned's involvement in the action was, to put it plainly, minimal.  By design and by the parties' express agreement to pursue mediation rather than move the litigation forward, the undersigned made no substantive decisions or even considered any aspect of this action, other than basic housekeeping, during that time.  Moreover, the timing of the undersigned's realization of his and his wife's financial interest in the litigation distinguishes the recusal question presented in this action from the exercises of curative divestment found appropriate by the judges in the Literary Works action and by the Committee on Codes of Conduct.  As to the former, the Second Circuit judges opined that "curative divestment should generally be possible when recusal is mandatory under § 455(a) or (b) if a reasonable person

would not have known the circumstances warranting recusal prior to his divestment of the offending interest." Id. at 142.  The undersigned, however, has acknowledged that while it was during his review of the motion for preliminary approval of the settlement, and in particular his consideration of the proposed definition of the Settlement Class, that he realized he and his wife had been potential class members, he should have made the connection between his wife's Aetna health plan and the controversy in litigation much sooner.  Had the undersigned done so, and investigated whether he or she had made ONET claims giving them an interest in the claims at issue in this action, a prompt opt-out from the class and divestment of that financial interest may have been effected under § 455(f).  Under the Committee's view, as set forth in its letter to Judges Walker and Winter, an immediate divestment of the offending interest upon assignment of the action to the undersigned would have been required for the undersigned to continue to serve as the district judge.

Perhaps under different circumstances a recusal may have been avoided.  However, upon this posture, where the undersigned has had a disqualifying interest for such a prolonged period of time and made a belated discovery on the presentation of the critical motion for preliminary certification of a Settlement Class, combined with the undersigned's performance of no substantive work on this action, the undersigned concludes that recusal under § 455(b)(4) is appropriate.

An appropriate Order will be filed, and the action will be reassigned by the Chief Judge for the District of New Jersey.

    s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated:  April 15, 2013

8