| | |
|---|---|
| **In re AETNA UCR LITIGATION**<br><br>**This Document Relates to:**<br><br>**ALL CASES** | Civil Action No. 07-3541 (KSH) (CLW)<br><br>MDL No. 2020<br><br>**ORDER PRELIMINARILY CERTIFYING SETTLEMENT CLASSES, GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, AND APPROVING CLASS NOTICE** |

THIS MATTER having been opened to the Court by Settlement Class Counsel (on behalf of the Representative Plaintiffs) and by the Company's Counsel (on behalf of the Company), by way of their joint motion for preliminary approval of the proposed Settlement in the above Actions;

WHEREAS, the Court having reviewed and considered the joint motion for preliminary approval and supporting materials filed by Settlement Class Counsel and the Company's Counsel, and having also reviewed the extensive Court file in this Action; and

WHEREAS, this Court has fully considered the record and the requirements of law; and good cause appearing;

IT IS ON THIS 30th day of August, 2013,

ORDERED that the Settlement (including all terms of the Settlement Agreement and exhibits thereto) is hereby PRELIMINARILY APPROVED. The Court further finds and orders as follows:

    **1.**    The Court has subject matter jurisdiction under 28 U.S.C. § 1331, and venue is proper in this district.

    **2.**    The Court has personal jurisdiction over the Representative Plaintiffs, Settlement Class Members, and the Company.

1

**3.** The Settlement was the result of the parties' good faith negotiations. The Settlement was entered into by experienced counsel and only after extensive arm's-length negotiations with the aid of an experienced mediator. The Settlement Agreement is not the result of collusion.

**4.** The extensive proceedings that occurred before the Parties reached the Settlement Agreement gave counsel opportunity to adequately assess this case's strengths and weaknesses—and thus to structure the Settlement in a way that adequately accounts for those strengths and weaknesses.

**5.** The Settlement falls within the range of reason. The Settlement has no obvious deficiencies. The Proposed Settlement does not unreasonably favor the Representative Plaintiffs or any segment of either of the Settlement Classes.

**6.** Because the Settlement meets the standards for preliminary approval, the Court preliminarily approves all terms of the Settlement, including the Settlement Agreement and all of its exhibits.

**7.** The Court finds, for settlement purposes only, that all requirements of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied. The Court certifies two Settlement Classes, as follows:

> All Persons and entities who, at any time from June 3, 2003 through the Preliminary Approval Date, (i) were Out-of-Network Health Care Providers[1] or Out-of-Network Health Care Provider Groups;[2] (ii) provided Covered Services or Supplies to Plan

---

[1] All capitalized terms that are not defined in this Order are defined in the Settlement Agreement, and those definitions are adopted and apply herein.

[2] "Out-of-Network Health Care Provider Group" means a corporation, partnership, or other distinct legal entity that did not have a valid written contract with the Company to provide Covered Services or Supplies to Plan Members when it provided or billed for Covered Services or Supplies to a Plan Member. An Out-of-Network Facility is also considered an Out-of-Network Health Care Provider Group, but only to the extent that: (a) the bills were submitted by

2

Members; and (iii) whose resulting claims for reimbursement included Partially Allowed Claims (the "Provider Class").[3]

All Persons who, at any time from March 1, 2001 through the Preliminary Approval Date, (i) were Plan Members;[4] (ii) received a Covered Service or Supply from an Out-of-Network Health Care Provider or Out-of-Network Health Care Provider Group; and (iii) whose resulting claims for reimbursement included Partially Allowed Claims (the "Subscriber Class").

Excluded from the Settlement Classes are the Company and its affiliates, assignees, and successors-in-interest, and their officers, directors, and employees; any Judge who presides or has presided over this litigation and/or its constituent actions, together with his/her immediate family members and any other individual residing in the Judge's household; individuals and entities that opted-out of the Settlement in accordance with the procedures approved by this Court; and the United States and/or State governments and their agencies and departments.

**8.** The Court conditionally certifies the proposed Settlement Classes, and finds that the requirements of Rule 23(a) are satisfied, for settlement purposes only, as follows:

**a)** Pursuant to Fed. R. Civ. P. 23(a)(1), the members of both Settlement Classes are so numerous that joinder of all members is impracticable.

**b)** Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(1)(B), the Court determines that there are common issues of law and fact for both Settlement Classes as follows:

---

the Out-of-Network Facility for Covered Services or Supplies provided by an Out-of-Network Health Care Provider; or (b)(1) the Allowed Amount for the Out-of-Network Facility's fees or charges for specific Covered Services or Supplies was based on the Ingenix Databases and (ii) those Covered Services or Supplies were provided to a Plan Member whose Plan was sitused or based in the State of New Jersey.

[3] "Partially Allowed Claim" means any claim line for a Covered Service or Supply provided to a Plan Member that is not a Denied Claim and for which the Allowed Amount is less than the amount billed by the provider. Partially Allowed Claims must relate to services provided to a Plan Member by an Out-of-Network Provider or an Out-of-Network Provider Group.

[4] "Plan Member" means an individual enrolled in or covered by a Plan insured or administered by the Company.

  **i.**  Whether Aetna's use of the Ingenix databases or its other challenged reimbursement practices with respect to out-of-network services and supplies resulted in artificially reduced payments to Settlement Class Members; and

  **ii.**  Whether Aetna's use of the Ingenix databases or its other challenged reimbursement practices with respect to out-of-network services and supplies violated ERISA, RICO, or the Sherman Act.

 **c)**  Pursuant to Fed. R. Civ. P. 23(a)(3), the claims of the Representative Plaintiffs are typical of the claims of the Settlement Classes that they represent in that the Representative Plaintiffs allege that they were under-reimbursed or underpaid for out-of-network services and supplies because of the Company's use of Ingenix and other challenged reimbursement practices.

  **i.**  The Court hereby appoints the following Representative Plaintiffs as class representatives for the Subscriber Settlement Class: John Seney, Jeffrey M. Weintraub, Alan John Silver, and Mary Ellen Silver.

  **ii.**  The Court hereby appoints the following Representative Plaintiffs as class representatives for the Provider Settlement Class: Dr. Alan Schorr, Dr. Frank Tonrey, Dr. Carmen Kavali, and Brian Mullins, M.S., P.T.

 **d)**  Pursuant to Fed. R. Civ. P. 23(a)(4), the Representative Plaintiffs will fairly and adequately protect and represent the interests of all members of the Settlement Classes, and the interests of the Representative Plaintiffs are not antagonistic to those of the Settlement Classes. The Representative Plaintiffs are

represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

9. The Court further finds that the requirements of Rule 23(b)(3) are satisfied, as follows:

**a)** Questions of law and fact common to the members of the Settlement Class, as described above, predominate over questions that may affect only individual members; and

**b)** A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

10. The Court finds that the content of the Settlement Notices attached as Exhibits F and G to the Settlement Agreement, and the Claim Forms attached as Exhibits A and B to the Settlement Agreement, satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and due process and accordingly approves those Settlement Notices and Claim Forms.

11. This Court further approves the proposed methods for giving notice of the Settlement to the Members of the Settlement Classes, as reflected in the Settlement Agreement and the joint motion for preliminary approval. The Court has reviewed the notices attached as exhibits to the Settlement, and the notice procedures, and finds that the Members of the Settlement Classes will receive the best notice practicable under the circumstances. The Court specifically approves the Parties' proposal to use reasonable diligence to identify potential class members and an associated address in the Company's records, and their proposal to direct the Settlement Administrator to use this information to mail absent class members notice via first class mail. This Court also approves the Parties' proposal to publish the notice no more than three (3) times in the legal notices section in USA Today and any other sources identified by

class counsel and approved by this Court. The Court also approves payment of notice costs as provided in the Settlement. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and due process.

12. The Court preliminarily finds that the following counsel fairly and adequately represent the interests of the Settlement Classes and hereby appoints James E. Cecchi as Settlement Class Counsel for both Settlement Classes pursuant to Rule 23(g). The Court also appoints D. Brian Hufford and Robert J. Axelrod as Provider Class Counsel, along with Joe R. Whatley, Jr., Edith Kallas, Andrew S. Friedman, and Christopher P. Ridout. The Court hereby appoints Stephen A. Weiss, Diogenes P. Kekatos, David R. Scott, Christopher M. Burke, Joseph P. Guglielmo, Raymond R. Boucher, H. Tim Hoffman, and Kevin P. Roddy as Subscriber Class Counsel.

13. The Court finds that the settlement fund escrows that will be established pursuant to the Settlement Agreement (the "Settlement Funds") are "qualified settlement funds" as defined by Section 1.468B-1(a) of the Treasury Regulations in that they satisfy each of the following requirements: (a) the Settlement Funds are established pursuant to an order of this Court and are subject to the continuing jurisdiction of this Court; (b) the Settlement Funds are established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and (c) the assets of the Settlement Funds are segregated from other assets of the Company, the transferor, or payments to the Settlement Funds.

14. In addition, under the "relation-back" rule provided under Section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that the Settlement Funds meet the above

requirements of this Order approving the establishment of the Settlement Funds subject to the continued jurisdiction of this Court, and the Company and Claims Administrator may jointly elect to treat the Settlement Funds as coming into existence as a "qualified settlement fund," on the later of (1) the date the Settlement Fund met the requirements of paragraph 13 of this Order or (2) January 1 of the calendar year in which all requirements of paragraph 13 of this Order are met. If such a relation-back election is made, the assets held by the Settlement Funds on such date shall be treated as having been transferred to the Settlement Funds on that date.

15. The Court directs that pursuant to Fed. R. Civ. P. 23(e)(2) a hearing will be held on **March 18, 2014** at **10:00 A.M.**, to consider final approval of the Settlement (the "Final Approval Hearing" or "Fairness Hearing") including, but not limited to, the following issues: (a) whether the Subscriber Class and Provider Class should be certified, for settlement purposes only; (b) the fairness, reasonableness, and adequacy of the Settlement; (c) Class Counsel's application for an award of attorneys' fees and costs; and (d) approval of an award of service payments to the Representative Plaintiffs. The Final Approval Hearing may be adjourned by the Court and the Court may address the matters set out above, including final approval of the Settlement, without further notice to the Settlement Classes other than notice that may be posted at the Court and on the Court's and Claims Administrator's websites.

16. Persons wishing to object to the proposed Settlement and/or be heard at the Fairness hearing shall follow the following procedures:

> **a)** To object, a member of the Settlement Classes, individually or through counsel, must file a written objection with the Clerk, and must also serve a copy thereof upon the following, by **February 26, 2014**:

**Settlement Class Counsel:**

James E. Cecchi
CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973)994-1700
Fax: (973)994-1744
Email: jcecchi@carellabyrne.com

**Provider Class Counsel:**

D. Brian Hufford
Robert J. Axelrod
POMERANTZ GROSSMAN HUFFORD DAHLSTROM & GROSS LLP
600 Third Avenue
New York, NY 10016
Telephone: (212)661-1100
Fax: (212) 661-1373
Email: dbhufford@pomlaw.com
         rjaxelrod@pomlaw.com

Edith M. Kallas
Joe R. Whatley, Jr.
WHATLEY KALLAS, LLC
380 Madison Avenue, 23rd Fl.
New York, NY 10017
Telephone: (212)447-7060
Fax: (212)447-7077
Email: ekallas@whatleykallas.com
         jwhatley@whatleykallas.com

**Subscriber Class Counsel:**

Stephen A. Weiss
SEEGER WEISS LLP
One William Street
New York, NY 10004
Telephone: (212)584-0700
Fax: (212)584-0799
Email: sweiss@seegerweiss.com

Christopher Burke
Joseph P. Guglielmo
SCOTT + SCOTT LLP
29 West 57th Street

New York, NY 10019
Telephone: (212)223-6444
Fax: (212)223-6334
Email: jguglielmo@scott-scott.com

Kevin P. Roddy
WILENTZ, GOLDMAN & SPITZER
90 Woodbridge Center Drive
Woodbridge, New Jersey 07095
Telephone: (732)855-6402
Fax: (732)726-6686
Email: kroddy@wilentz.com

**Defendants:**

Liza M. Walsh
CONNELL FOLEY
85 Livingston Avenue
Roseland, NJ 07068
Telephone: (973)535-0500
Fax: (973)535-9217
Email: lwalsh@connellfoley.com

Richard J. Doren
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213)229-7038
Fax: (213)229-6038

Geoffrey M. Sigler
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., NW
Washington, D.C. 20036
Telephone: (202)955-8500
Fax: (202)530-9635

**b)** Any member of the Settlement Classes who files and serves a written objection by the deadline stated in paragraph 21 of this Order may also appear at the Fairness Hearing, to the extent permitted by the Court, either in person or through an attorney hired at the Settlement Class member's expense, to object to the fairness, reasonableness or adequacy of the proposed Settlement. Any attorney representing a

member of one of the Settlement Classes for the purpose of making objections must also file a Notice of Appearance with the Clerk, and must also serve copies by mail to the counsel listed above.

    **c)**    Members of the Settlement Classes or their attorneys intending to appear at the Fairness Hearing must, by **February 26, 2014**, serve on Settlement Class Counsel and counsel for Defendants, and file with the Clerk, a notice of Intent to Object, which includes: (i) the name, address, and telephone number of the Settlement Class member and, if applicable, the name, address and telephone number of the Settlement Class member's attorney (who must file a Notice of Appearance); (ii) the objection, including any papers in support thereof; and (iii) the name and address of any witnesses to be presented at the Fairness Hearing, together with a statement as to the matters on which they wish to testify and a summary of the proposed testimony.

    **d)**    Any member of the Settlement Classes who does not timely file and serve a Notice of Intent to Object, and any witness not identified in the Notice of Intent to Object, shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

    **17.**    The Court hereby directs the Parties to petition this Court for appointment of a Settlement Administrator within **14 days** of the entry of this Order.

    **18.**    Members of either Settlement Class who elect not to participate in the Settlement (i.e., "opt-out") must submit a written request for exclusion that is postmarked no later than **February 26, 2014**. The Settlement Administrator shall compile a list of all Opt-Outs to be filed with the Court no later than the Fairness Hearing.

**19.** Any member of the Settlement Classes failing to properly and timely mail such a written notice of exclusion shall be automatically included in one of the Settlement Classes and shall be bound by all the terms and provisions of the Settlement Agreement and the Settlement, including the Release, and Order of Final Judgment. The Court shall resolve any disputes concerning the Opt-Out provision of the Settlement Agreement.

**20.** In order to participate in the Settlement and receive a distribution from the Settlement Funds, members of the Settlement Classes must mail to the Settlement Administrator a properly executed Claim Form in substantially the form contained in Exhibits A or B to the Settlement Agreement, as applicable. To be effective, any such Claim Form must be postmarked no later than **March 28, 2014**, and must otherwise comply with the procedures and instructions set forth in the Claim Form.

**21.** The following are the deadlines for the following events:

| EVENT | DEADLINE |
|---|---|
| Parties Designate Settlement Administrator | **September 13, 2013 (§ 4(g))** |
| Notice of Class Action Settlement and Claim Form Mailed and Posted on Internet | **December 28, 2013 (§ 5.1)** |
| Notice of Class Action Settlement to be Published in National Media | **December 28, 2013 (§ 5.1)** |
| Postmark/Filing Deadline for Requests for Exclusions, and Objections | **February 26, 2014 (§§ 7.1; 7.2)** |
| Service/Filing Notice of Appearance at Fairness Hearing | **February 26, 2014 (§§ 7.1; 7.2)** |
| Affidavit of Compliance with Notice Requirements and Report of Exclusions and Objections | **March 5, 2014 (§ 12.4)** |
| Filing Motion for Final Approval, Attorney Fees, Reimbursement of Expenses, and Service Awards To be Filed by Class Counsel | **March 11, 2014** |
| Final Approval Hearing | **March 18, 2014** at **10:00 A.M. (§ 7.4)** |
| Postmark/Filing Deadline for Submitting Claim Form | **March 28, 2104 (§ 9.4)** |

**22.**     To the extent not otherwise defined herein, all defined terms in this order shall have the meaning assigned in the Settlement Agreement.

**23.**     In the event that the Settlement does not become effective for any reason, this Preliminary Approval Order and Judgment shall be rendered null and shall be vacated, and all orders entered and delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.  If the Settlement does not become effective, the Company and any other Released Persons shall have retained any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation).  These actions shall thereupon revert immediately to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

**24.**     Nothing in this Preliminary Approval Order and Judgment, the Settlement Agreement, or any other documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by the Company, or an admission of the priority of class certification for any purposes other than for purposes of the current proposed Settlement.

**25.**     All other proceedings in the Actions are hereby stayed until such time as the Court renders a final decision regarding approval of the proposed Settlement.  No discovery with regard to any of these Actions, or with respect to this Settlement, shall be permitted other than as may be directed by the Court upon a proper showing by the party seeking such discovery by motion properly noticed and served in accordance with this Court's Local Rules.  In addition, pending a determination of final approval of the Settlement, all Settlement Class Members are

hereby barred and enjoined from commencing or prosecuting any action involving any Released Claims.

26. The Court shall retain continuing jurisdiction over the Action, the Parties and the Settlement Classes, and the administration, enforcement, and interpretation of the Settlement. Any disputes or controversies arising with respect to the Settlement shall be presented by motion to the Court, provided, however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights under Paragraphs 23 and 25 above.

/s/ Katharine S. Hayden  
Katharine S. Hayden, U.S.D.J.