IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------x

IN RE: AETNA UCR LITIGATION,   x   **MDL NO. 2020**
                                               x   **MASTER FILE NO. 2:07-CV-3541**

This Document Relates to:  ALL CASES   x   **(FSH) (PS)**

---------------------------------------------x

## OBJECTIONS REGARDING PROPOSED SETTLEMENT

To The Honorable District Judge:

Bill Clark, ("Objector"), files these Objections to the Proposed Settlement, Objections to Class Certification, Objections to Attorneys' Fees, Notice of Intent to Appear, and Request to Speak at the Hearing, and would show as follows:

### I. Objector

Objector is a member of the settlement class, as shown by Objector's attached declaration. Objector's address, telephone number and signature are included in the attached declaration, which is incorporated herein by reference.

Objector, through counsel, intends to appear at the hearing. Objector requests that Objector's counsel be allowed to appear at the final approval hearing to talk about these objections and to otherwise participate in the final approval hearing.

### II. Objections to Class Certification

Objector objects to class certification for the following reasons.

#### A. The class representatives are not adequate

Rule 23 and due process permit class certification only when the representative parties will fairly and adequately protect the interests of the class. FED. R. CIV. P. 23 (a)(4)(permitting certification "only if ... the representative parties will fairly and adequately protect the interests of the class"); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985)("the Due Process Clause of course requires that the named plaintiff at all times adequately represent the interests of the absent class members"). The MANUAL FOR COMPLEX LITIGATION 4th explains that the requirement means that the class representative and Class Counsel must represent the interests of *all* members of the class, which includes their interests vis-à-vis each other:

1

> Divergent interests must be taken into account and fairly accommodated before the parties negotiate a final settlement. Consider whether the counsel who have negotiated the settlement have fairly represented the interests of *all* class members.

MANUAL FOR COMPLEX LITIGATION 4th § 21.612, p. 314 (emphasis added).

Rule 23(a)'s adequacy of representation requirement "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). Class representatives "must be part of the class and possess the same interest and suffer the same injury as the class members." *Id.* at 625-26.

The MANUAL FOR COMPLEX LITIGATION also says that if significant differences in interests exist between different groups within the class, the certification must create subclasses, with separate representatives and class counsel for each subclass. MANUAL FOR COMPLEX LITIGATION 4th, §21.23, p. 272. The Supreme Court addressed the adequacy requirement in *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) and *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999), where it mandated separate class representatives *and counsel* for subgroups within the class, even in the settlement context:

> The settling parties, in sum, achieved a global compromise with no structural assurance of fair and adequate representation for the diverse groups and individuals affected. Although the named parties alleged a range of complaints, each served generally as representative for the whole, not for a separate constituency. In another asbestos class action, the Second Circuit spoke precisely to this point: "[W]here differences among members of a class are such that subclasses must be established, we know of no authority that permits a court to approve a settlement without creating subclasses on the basis of consents by members of a unitary class, some of whom happen to be members of the distinct subgroups. The class representatives may well have thought that the Settlement serves the aggregate interests of the entire class. But the adversity among subgroups requires that the members of each subgroup cannot be bound to a settlement except by consents given by those who understand that their role is to represent solely the members of their respective subgroups." In re Joint Eastern and Southern Dist. Asbestos Litigation, 982 F.2d 721, 742-743 (1992), modified on reh'g sub nom. In re Findley, 993 F.2d 7 (1993).

*Amchem Prods., Inc. v. Windsor*, 521 U.S. at 742.

The Supreme Court reiterated this rule in *Ortiz*:

> [I]t is obvious after Amchem that a class divided between holders of present and future claims (some of the latter involving no physical injury and attributable to claimants not yet born) requires division into homogeneous subclasses under Rule 23(c)(4)(B), with separate representation to eliminate conflicting interests of counsel. See *Amchem*, 521 U.S., at 627, 117 S.Ct. 2231 (class settlements must provide "structural assurance of fair and adequate representation for the diverse

2

groups and individuals affected"); cf. 5 J. Moore, T. Chorvat, D. Feinberg, R. Marmer, & J. Solovy, Moore's Federal Practice § 23.25[5][e], p. 23-149 (3d ed. 1998) (an attorney who represents another class against the same defendant may not serve as class counsel). FN31

> FN31. ... In Amchem, we concentrated on the adequacy of named plaintiffs, but we recognized that the adequacy of representation enquiry is also concerned with the "competency and conflicts of class counsel." Id., at 626, n. 20, 117 S.Ct. 2231 ... ; see also 5 Moore's Federal Practice § 23.25[3][a] (adequacy of representation concerns named plaintiff and class counsel).

*Ortiz*, 527 U.S. at 856.

### 1. Objector incorporates the ERISA Subscriber Plaintiffs' objections

Objector hereby incorporates the arguments of the "ERISA Subscriber Plaintiffs," Doc. 843, p. 3-12 regarding the inadequacy of the representative Plaintiffs.

### 2. Conflicts between subgroups within the class require separate representatives and counsel

The Supreme Court has held that separate class representatives and class counsel must be appointed when there is a conflict between subgroups within the class. *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591 (1997) and *Ortiz v. Fibreboard Corp.,* 527 U.S. 815 (1999), mandate separate class representatives and counsel in such a case. In *Amchem* and *Ortiz* the Supreme Court held that there was inadequate representation, even though the basis for the claims was the same for both groups, because the *type* of damages sought differed. As the Supreme Court summarized in *Ortiz*:

> [I]t is obvious after *Amchem* that a class divided between holders of present and future claims (some of the latter involving no physical injury and attributable to claimants not yet born) requires division into homogeneous subclasses under Rule 23(c)(4)(B), with separate representation to eliminate conflicting interests of counsel. See Amchem, 521 U.S., at 627, 117 S.Ct. 2231 (class settlements must provide "structural assurance of fair and adequate representation for the diverse groups and individuals affected"); cf. 5 J. Moore, T. Chorvat, D. Feinberg, R. Marmer, & J. Solovy, Moore's Federal Practice § 23.25[5][e], p. 23-149 (3d ed. 1998) (an attorney who represents another class against the same defendant may not serve as class counsel). FN31
>
> FN31. ... In *Amchem,* we concentrated on the adequacy of named plaintiffs, but we recognized that the adequacy of representation enquiry is also concerned with the "competency and conflicts of class counsel." *Id.,* at 626, n. 20, 117 S.Ct. 2231 ... ; see also 5 Moore's Federal Practice § 23.25[3][a] (adequacy of representation concerns named plaintiff and class counsel).

*Ortiz*, 527 U.S. at 856.  There are numerous intra-class conflicts here.

First, there is a conflict between providers and subscribers. The settlement itself recognizes this difference in that it creates two separate funds. Yet, there is also a General Settlement Fund that is not segregated, but is subject to pro rata reductions. Thus, the more providers that make claims, the lower the claim payments to subscribers. Inexplicably, the settlement provides separate funds for the two groups as to class members with documentation, but fails to do so for those without documentation (or claims below the cap). Although separate counsel were assigned for the two groups, their compensation is not based on the outcome of their subgroup's recovery. Thus, they had no financial incentive to maximize the recovery of their subgroup.

Second, there is a conflict between class members who no longer have documentation (or whose claim does not exceed the $200 threshold) and those that do have documentation for claims above the threshold. That conflict is most evident in the fact that *the entire fee award is to come from the first group, and not a single penny of the fee award is to come from the latter group*. Thus, the first group was not adequately represented because they are being forced to pay the attorneys' fees for the other subgroup.

Third, there is a conflict between those class members with claims before and after 2011. Those with claims after 2011 receive a smaller benefit under the settlement, yet were not separately represented.

### 3. Unreasonably high incentive awards

The high incentive awards for class representatives shows that their self-interest in an excessive incentive award eliminated their ability to adequately represent the class.

### B. The commonality and predominance requirements are not met

The settling parties have failed to satisfy the commonality and predominance requirements. Objector incorporates herein the objections of UNITEDHEALTH GROUP INCORPORATED and INGENIX INC., Doc. 841, p. 8-38. The Supreme Court in *Wal-Mart v. Dukes*, 131 S. Ct. 2541 (2011) explained the commonality requirement:

> **Commonality requires the plaintiff to demonstrate that the class members "have suffered the same injury,"** *Falcon, supra,* at 157, 102 S.Ct. 2364. This does not mean merely that they have all suffered a violation of the same provision of law. … That common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.

*Id.* at 2551 (emphasis added). Quoting from Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U.L.Rev. 97, 131–132 (2009), the Court explained:

> "What matters to class certification … is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." Nagareda, *supra,* at 132.

4

131 S. Ct. at 2551. Here Defendant's liability to each class member depends on individual proof that Aetna underpaid the specific claim. Thus, the commonality and predominance issues have not been satisfied.

### III. Objections to the Settlement

A district court may approve a settlement only if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Settlements that take place prior to formal class certification, as was the case here, require a higher standard of fairness:

> We ask district courts to apply an even more rigorous, "heightened standard" in cases "where settlement negotiations precede class certification, and approval for settlement and certification are sought simultaneously." We have explained that this "heightened standard is designed to ensure that class counsel has demonstrated sustained advocacy throughout the course of the proceedings and has protected the interests of all class members."

*In re Pet Food Products Liability Litigation*, 629 F.3d 333, 350 (3rd Cir. 2010) (citations omitted).

The settlement is not fair, reasonable, or adequate, and Objector objects to the settlement, for the following reasons.

#### A. Benefits unfairly discriminate between class members

A settlement that gives preferential treatment to some class members is not fair, reasonable, or adequate. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-628 (1997). The MANUAL FOR COMPLEX LITIGATION 4th agrees:

> Fairness calls for a comparative analysis of the treatment of class members vis-à-vis each other …

MANUAL FOR COMPLEX LITIGATION 4th, §21.62, p. 315.

The settlement unfairly discriminates against class members who no longer have documentation or whose claim does not exceed the $200 threshold. Those class members recover from the General Settlement Fund, while the other class members recover from the Subscriber and Provider Settlement Funds. Yet, the entire attorney's fee comes from the General Settlement Fund, meaning that this group will pay not only their share of any fee award, but also the entire share of the remaining class members.

#### B. Claim requirement is unreasonable for those class members whom Defendant can already identify and know that they are entitled to relief

The requirement that a class member file a claim is unnecessary in most instances. Each class member is entitled to receive up to $40 for each year they received Covered Services or Supplies from an Out-of-Network Provider or Out-of-Network Provider Group that resulted in a Partially

5

Allowed Claim. Aetna currently has that information necessary to determine whether the class member is entitled to relief, so there is no basis for requiring class members to file a claim form.

### C. The amount of the requested incentive award is evidence that the settlement is not fair, reasonable, or adequate.

Just as the amount of the proposed attorneys' fees is an integral element in determining whether the settlement is fair, reasonable, and adequate, Manual For Complex Litigation 4th § 21.7, p. 335, so too is the amount of the incentive awards. The incentive award is also a good indication of whether the class representative has put his or her interests ahead of the interests of the class. In this case, the settlement provides an incentive award of $20,000. There is no evidence to substantiate that excessive amount.

### D. The settling parties have not met their burden of proof

Objector objects to the settlement because the parties have failed to meet their burden to prove that the amount of the settlement is fair, reasonable, and adequate. The burden of proof is on the settlement parties, not objectors:

> At the fairness hearing, the proponents of the settlement must show that the proposed settlement is 'fair, reasonable, and adequate.' [979]
>
> 979. *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 316 (3d Cir. 1998) (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 785 (3d Cir. 1995));

MANUAL FOR COMPLEX LITIGATION 4th, §21.634, p. 322.

### IV. Objections to an Award of Attorneys' fees

When class counsel seeks to reduce the benefits to the class with a fee award, they become an adversary of the class and the district court becomes a fiduciary to protect the class:

> During the fee-setting stage of common fund class action suits such as this one, "[p]laintiffs' counsel, otherwise a fiduciary for the class, ... become[s] a claimant against the fund created for the benefit of the class." This shift puts plaintiffs' counsel's understandable interest in getting paid the most for its work representing the class at odds with the class' interest in securing the largest possible recovery for its members. Because "the relationship between plaintiffs and their attorneys turns adversarial at the fee-setting stage, courts have stressed that when awarding attorneys' fees from a common fund, the district court must assume the role of fiduciary for the class plaintiffs." As a fiduciary for the class, the district court must "act with 'a jealous regard to the rights of those who are interested in the fund' in determining what a proper fee award is."

*In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988, 994-995 (9th Cir. 2010)(citations omitted).

Objector objects to Class Counsel's fee request for the following reasons.

### A. The objection deadline precedes the filing of the fee application

Rule 23 requires district courts to give class members a full and fair opportunity to contest class counsel's fee motion:

> Attorney's Fees and Nontaxable Costs. In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement. The following procedures apply:
>
> (1) A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. Notice of the motion must be served on all parties and, for motions by class counsel, **directed to class members in a reasonable manner**.
>
> (2) A class member, or a party from whom payment is sought, may object to the motion.
>
> (3) The court may hold a hearing and must find the facts and state its legal conclusions under Rule 52(a). ...

FED. R. CIV. P. 23 (h)(emphasis added).

It is unreasonable notice *per se* when the deadline for objecting to the fee request is before the date the fee request is made, which is the case here. The notice provided:

> Any Settlement Class Member who objects to the Settlement, the Settlement Agreement, **the application for attorneys' fees and expenses**, or the other matters to be considered at the Final Settlement Hearing may appear and present such objections. You may also appear by counsel, if you wish. In order to be permitted to do so, however, you must, on or **before February 26, 2014**:

Notice p. 5. Yet, the Court ordered that the application for attorney's fees and expenses be filed on **March 11, 2014**. Doc. 898 p. 11. Thus, the Court has required class members to file objections to a motion before the motion is even filed. That requirement violates Rule 23 and due process.

A Ninth Circuit case reversed a district court for failing to give class members adequate time to review and object to class counsel's fee request:

> The plain text of the rule requires that any class member be allowed an opportunity to object to the fee "motion" itself, not merely to the preliminary notice that such a motion will be filed.

*In re Mercury Interactive*, 618 F.3d at 993-994. That Court went on to explain that the intent of the rule was to ensure that class members have sufficient time to review the motion and supporting documentation:

7

> The Advisory Committee Notes to the 2003 amendments to Rule 23(h) further support this reading of the rule. They elaborate that "[i]n setting the date objections are due, the court should provide sufficient time after the full fee motion is on file to enable potential objectors to examine the motion." Fed. R. Civ. P. 23, 2003 Advisory Committee Notes, ¶ 68. The Advisory Committee Notes further contemplate that, in appropriate cases, the court will permit an "objector discovery relevant to the objections." *Id.* ¶ 69. Clearly, the rule's drafters envisioned a process much more thorough than what occurred in this case.

*Id.* at 994. Finally, the Ninth Circuit noted that commentators agree that class members should be given sufficient opportunity to review and challenge class counsel's fee request:

> Commentators also agree with this logical interpretation of the rule. For example, Moore's Federal Practice counsels that "[a]ny objection deadline set by the court should provide the eligible parties with an adequate opportunity to review all of the materials that may have been submitted in support of the motion and, in an appropriate case, conduct discovery concerning the fees request." 5 Moore's Federal Practice § 23.124[4] (Matthew Bender 3d ed. 2009). Allowing class members an opportunity thoroughly to examine counsel's fee motion, inquire into the bases for various charges and ensure that they are adequately documented and supported is essential for the protection of the rights of class members. It also ensures that the district court, acting as a fiduciary for the class, is presented with adequate, and adequately-tested, information to evaluate the reasonableness of a proposed fee.

*Id.*

Importantly, a district court is required to give class members a full and fair opportunity to contest class counsel's fee motion.

> Included in that fiduciary obligation is the duty to ensure that the class is afforded the opportunity to represent its own best interests. When the district court sets a schedule that denies the class an adequate opportunity to review and prepare objections to class counsel's completed fee motion, it fails to fulfill its fiduciary responsibilities to the class.

*Id.* at 995. The Ninth Circuit case is on point and reversed the district court for using the very procedure followed here:

> We hold that the district court abused its discretion when it erred as a matter of law by misapplying Rule 23(h) in setting the objection deadline for class members on a date before the deadline for lead counsel to file their fee motion. Moreover, the practice borders on a denial of due process because it deprives objecting class members of a full and fair opportunity to contest class counsel's fee motion.

8

*In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988, 993 (9th Cir. 2010). Similarly here, the Court would abuse its discretion by approving a fee when it set the objection deadline for class members on a date before the deadline for lead counsel to file their fee motion.

### B. Failure to give notice of the amount of the fee request

The notice provides that counsel will seek "an amount not to exceed 33-1/3% of **the Settlement Fund**." (emphasis added). Which fund? The notice does not identify and "Settlement Fund," but instead refers to three separate funds: the General Settlement Fund, the Subscriber Settlement Fund, and the Provider Settlement Fund. Those are three separate and distinct funds, and there is no separate "Settlement Fund." Thus, it is unclear as to what amount of fee class counsel will request: a percentage of only the General Settlement Fund, since all fees will come from that Fund? Or a percentage of the total of all three funds combined? Given the known amount of each fund, counsel could have easily inserted a dollar amount in the notice, rather than an ambiguous percentage. Thus, they have failed to give adequate notice to the class of their fee request.

### C. No attorneys' fee should be awarded on amounts that revert to Defendant

The U.S. Supreme Court has distinguished between a "common fund" case and a "claims made" case, like this one:

> Nothing in the court's order made Boeing's liability for this amount contingent upon the presentation of individual claims. Thus, we need not decide whether a class-action judgment that simply requires the defendant to give security against all potential claims would support a recovery of attorney's fees under the common-fund doctrine.

*Boeing Co. v. Van Gemert*, 444 U.S. 472, 481, n. 5 (1980). In a "claims made" case like this, Class Counsel's fees should be based on the benefits actually paid to class members. No fee should be awarded on amounts that Defendants never actually pay. Allowing Class Counsel to base their fees on hypothetical claims rather than actual benefits to class members leads to many "troubling consequences:"

> Under the terms of the settlement, the portion of the fund not claimed by class members and not paid to respondents in attorney's fees and expenses was to revert to petitioners. ... We had no occasion in *Boeing* [*Co. v. Van Gemert,* 444 U.S. 472 (1980)] to address whether there must at least be some rational connection between the fee award and the amount of the actual distribution to the class. The approval of attorney's fees absent any such inquiry could have several troubling consequences. Arrangements such as that at issue here decouple class counsel's financial incentives from those of the class, increasing the risk that the actual distribution will be misallocated between attorney's fees and the plaintiffs' recovery. They potentially undermine the underlying purposes of class actions by providing defendants with a powerful means to enticing class counsel to settle lawsuits in a manner detrimental to the class. And they could encourage the filing of needless lawsuits where, because the value of each class member's individual

9

claim is small compared to the transaction costs in obtaining recovery, the actual distribution to the class will inevitably be minimal.

*International Precious Metals Corp. v. Waters*, 530 U.S. 1223 (2000)(Statement of Justice O'CONNOR respecting the denial of the petition for a writ of certiorari.). This settlement creates the same problems identified by Justice O'Connor, so the fee should be based on a reasonable percentage of the funds actually distributed to the class.

The Fifth Circuit has also addressed this issue. In *Strong v. BellSouth Telecommunications, Inc.*, 137 F.3d 844, 852 (5th Cir. 1998) that court held:

> [Class Counsel] argue that *Boeing Co. v. Van Gemart*, 444 U.S. 472, 100 S.Ct. 745, 62 L.Ed.2d 676 (1980), mandates that we reverse the district court for considering the actual rather than potential awards claimed. … [We] conclude that the district court acted within its discretion in considering the actual claims awarded.

*Id.* at 851-52.

This Court has the opportunity to "fix" the broken class action vehicle by tying the award of attorneys' fees to claims made by class members. It will not only benefit this class, but it will benefit future classes because class counsel will seek to maximize the class members' return because that return will directly affect the attorneys' fees.

Indeed, that is exactly what the Federal Judicial Center recommends. The Center calls a provision wherein claims are required and permitting the Defendant to keep the unclaimed funds a "hot button indicator" of an unfair settlement. Barbara J. Rothstein & Thomas E. Willging, MANAGING CLASS ACTION LITIGATION: A POCKET GUIDE FOR JUDGES, SECOND EDITION, (Federal Judicial Center 2009), at 17-18 (identifying this as a "hot button indicator," which the Center defines at p. 15 as a term of "potential unfairness on [its] face."). The Center recommends exactly what Objector proposes here:

> To align plaintiff counsel's interests with those of the class, to discourage the use of a reversion clause, and to negate the effect of a clear sailing agreement, consider linking the award of attorney fees to the value of the funds distributed to the class or the coupons redeemed by the class.

*Id.* at 18.

The Court should delay the decision on the fee request until the claim deadline. The Court should not award a fee that exceeds a reasonable percentage of the claims that will actually be paid to class members under the settlement.

## V. Prayer

Regarding the proposed class settlement, the Court is limited to a single decision: approve or disapprove the settlement. *Evans v. Jeff D.*, 475 U.S. 717, 726-727 (1986). The Court may not

amend the settlement. *Id.* Thus, Objector prays that the Court disapprove the settlement and deny the motion to certify. If the Court nevertheless approves the settlement, Objector prays that the Court deny the requested fees to Class Counsel. Objector further prays that the Court grant Objector such other and further relief as to which Objector may be entitled.

_____
Jeffrey Weinstein
TX State Bar No. 21096450
WEINSTEIN LAW
518 East Tyler Street
Athens, TX 75751
903/677-5333
903/677-3657 – facsimile

**ATTORNEY FOR OBJECTOR**

## Certificate of Service

I hereby certify that a copy of the above and foregoing document has been served upon all counsel of record by electric mail by the Clerk of the Court via the CM/ECF system on February 25th, 2014, including the following:

United States District Court
District of New Jersey
Martin Luther King, Jr. U.S. Courthouse and Federal Building
50 Walnut Street, Room 4015
Newark, NJ 07101

Settlement Class Couusel:
James E. Cecchi
CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO
5 Becker Farm Road
Roseland, NJ 07068

Provider Class Counsel:
D. Brian Hufford
Robeli J. Axelrod
POMERANTZ GROSSMAN HUFFORD DAHLSTROM & GROSS LLP
600 Third Avenue
New York, NY 10016

Edith M. Kallas
Joe R. Whatley, Jr.
WHATLEY KALLAS, LLP
380 Madison Avenue, 23rd Fl.
New York, NY 10017
Telephone: (212)447-7060

Subscriber Class Counsel:
Stephen A. Weiss
SEEGER WEISS LLP
One William Street
New York, NY 10004

Christopher Burke
Joseph P. Guglielmo
SCOTT + SCOTT LLP
29 West 57'h Street
New York, NY 10019

Kevin P. Roddy
WILENTZ, GOLDMAN & SPITZER
90 Woodbridge Center Drive
Woodbridge, New Jersey 07095

Defendants:
Liza M. Walsh
CONNELL FOLEY
85 Livingston Avenue
Roseland, NJ 07068

Richard J. Doren
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071

Geoffrey M. Sigler
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., NW
Washington, D.C. 20036

Jeffrey Weinstein

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------x

IN RE: AETNA UCR LITIGATION,      x    MDL NO. 2020
                                  x    MASTER FILE NO. 2:07-CV-3541
This Document Relates to: ALL CASES   x   (FSH) (PS)

---------------------------------------------x

## DECLARATION OF BILL CLARK

1. My name is Bill Clark. I am capable of making this Declaration. The facts stated in this Declaration are within my personal knowledge and are true and correct.

2. I am a member of the "Subscriber Class." I am an individual who at any time from March I, 2001 through August 30, 2013, (i) was a Plan Members, (ii) received a Covered Service or Supply from an Out-of-Network Health Care Provider or Out-of-Network Health Care Provider Group; and (iii) whose resulting claims for reimbursement included Partially Allowed Claims.

3. The parties sent me the notice as a class member, notice number 578380497.

4. I am not a Defendant herein, its affiliate, assignee, or successor-in-interest, or their officer, director, or employee; a Judge who presides or has presided over this litigation and/or its constituent actions, or his/her immediate family member or residing in the Judge's household.

5. My address is 605 Redbud Cir., Athens TX 75751. My telephone number is 903-880-7526, but I request that any communications be made through my counsel.

6. Based on advice of counsel, I do not believe the proposed settlement is fair, reasonable, or adequate and I believe that approval of the settlement is not in the best interests of the class. My objections are set out in the Objections document to which this declaration is attached. I have retained the attorneys at Weinstein Law to represent me in seeking disapproval of the settlement and Class Counsels' fee request.

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 20, 2014 in Athens, Texas.

*Bill Clark* (signature)
Bill Clark

13