UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE: AETNA UCR LITIGATION     )     MDL NO. 2020
                                )     MASTER DOCKET NO. 07-3541
                                )

## OBJECTIONS TO THE PROPOSED SETTLEMENT OF CLASS ACTION

COMES NOW Objector Guillermo Godoy of Tuscaloosa Newborn Medicine, P.C., (Notice No. P40932343), a "Provider" as defined by the class Notice, and being a member of one of the Settlement Classes in the above-styled litigation, presents these objections to the Proposed Settlement of the Class Action in accordance with the Notice of the Proposed Settlement of Class Action and Final Hearing, and gives notice of his intention to appear and be heard at the fairness hearing scheduled for March 18, 2014 through his undersigned counsel.

### (a) Attorneys' Fees

1. Under the terms of settlement, a Class Member is to file a claim in order to receive monetary benefits under the settlement.

2. If the Class member elects to file a claim for monetary benefits under the General Settlement Fund, that claim is subject to being prorated in the event that the claims for benefits exceed the *net* General Settlement Fund (the "net" being the remaining amount available after the payment of expenses, such as costs of notice, claim administration, and attorney's fees and expenses for Settlement Class Counsel, as well as service payments to the individual Representative Plaintiffs).

3. According to the Notice, Settlement Class Counsel intend to request a fee award not to exceed 33-1/3% of the "Settlement Fund". The term "Settlement Fund" is not defined either in the Notice or the Settlement Agreement. For purposes of this Objection, it is assumed

that the "Settlement Fund" is the total of the General Settlement Fund, the Subscriber Prove-Up Fund, and the Provider Prove-Up Fund, equaling $120 million.

4. Thus, Settlement Class Counsel seeks an award not to exceed $40 million from the General Settlement Fund.

5. As of the date of the filing of these objections, no motion requesting attorneys' fees has been posted on the AETNA UCR SETTLEMENT WEBSITE, and is not due until March 11, 2014.

6. The fee to be requested by Settlement Class Counsel and to be paid from the General Settlement Fund is excessive if it is 33 1/3%. The percentage of recovery far exceeds that which is reasonable under the circumstances.

7. Since Settlement Class Counsel is requesting credit for the creation of a recovery of $120 million, the requested fees should be divided between the different funds – 50% from the General Settlement Fund, 33.34% from the Subscriber Prove-Up Fund, and 16.66% from the Provider Prove-Up Fund.

8. Under the terms of the settlement as it presently stands the General Settlement Fund is responsible for all the fees. In addition, the General Settlement Fund is responsible for all costs associated with the administration of the funds. If the class members taking under the General Settlement Fund are to receive a "prorated" amount of their claim due to the high volume of claims, the General Settlement Fund should only be "taxed" to the extent of the size of the fund to the overall settlement. The Subscriber Prove-up Fund and the Provider Prove-Up Fund are being administered without being "taxed" with any fees or costs.

9. It is difficult, if not impossible, to do an analysis of the fee request under the factors as set forth by the Third Circuit in *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d. 294, 301 (3d.

Cir. 2005) without seeing the Motion for Fees and decide if the fee request of such a large percentage might past the test of (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiff's counsel; and (7) awards in similar cases.

10. With regards to awards of similar settlements, over a $100 million seems to be the informal marker of a "very large" settlement. *In re Orthopedic Bone Screw Prod. Liab. Litig.,* 2000 WL 1622741, at 7 (E.D.Pa. Oct.23, 2000). Courts tend to scale down the percentage of recovery of large settlements. *Id.*

11. It is fairly standard in the Third Circuit that a recovery of $100- $200 million, that the percentage of recovery should fall somewhere between 25% and 30%, taking in the other factors. *In re Rite Aid Corp. Securities Litigation*, 396 F.3d 294, 303 (3d. Cir. 2005).

12. A fee request of one-tird of the settlement fund is excessive under the Third Circuit case law.

### (b) Claim Filing Necessity

13. Aetna has provided information to the Settlement Administrator regarding the Covered Services or Supplies received from an Out-of-Network Health Care Provider or Out-of-Network Health Care Provider Group, from March 1, 2001through August 30, 2013. Aetna should be willing to pay at least the amount it shows due to a Care Provider or Group without the necessity of filing a claim if the Settlement is approved.

14. It seems that the process for receiving benefits under the Settlement are arduous and difficult in order to discourage claims from being filed when in fact claims should not have

to made other than to identify the class member. This is especially true due to the fact that all unclaimed funds from the settlement remain with Aetna.

15. A more fair and reasonable settlement for the Providers should only entail that the Provider file a claim for identification purposes only, and with the information that is in the hands of Aetna, the Providers that file claims be reimbursed without the necessity of going through years of records to verify the Provider's claim.

## CONCLUSION

For the foregoing reasons, Objector respectfully request that the Court deny approval of the proposed Settlement.

*/s/ Frank H. Tomlinson*
Frank H. Tomlinson
Attorney No. ASB-7042-T66F
Tomlinson Law, LLC
2100 1st Avenue North, Suite 600
Birmingham, AL 35203
(205) 326-6626

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed via the ECF filing system on February 25, 2014, and that as a result electronic notice of the filing was served upon all attorneys of record.

*/s/ Frank H. Tomlinson*
Frank H. Tomlinson