UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

IN RE: AETNA UCR LITIGATION  :  MDL NO. 2020

:

:  MASTER DOCKET NO. 07-3541

This Document Relates to: ALL CASES  :

:

Statement of Objections:

    I, Jill K. Cannata ("Objector"), a member of the Class Action Settlement involving Aetna, Inc. and its subsidiaries and affiliates in the case called *In Re: AETNA UCR LITIGATION*. Objector was an Aetna Plan member who received services and supplies from out-of-network health care providers and groups; and out-of-network health care providers and groups who provided those services or supplies. See Exhibit A hereto attached. Please consider the following detailed Objections:

1.    The Notice of Settlement to the class does not disclose the specific amount of Attorneys' fees that will be requestedby Class Counsel, nor does it disclose any specific information to justify any particular fee in any particular amount. Instead, the Notice states vaguely that "Class Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 33-1/3% of the Settlement Fund and reimbursement of expenses not to exceed $3,000,000."

2.    Because the Notice of Settlement does not contain any meaningful information about the amount of the fee or the basis for an amount of fee, when the Motion for Fees, is presented to the Court, the Class Members should be fully noticed in writing to the entire Class pursuant to the same procedures and methodology for Notice of the underlying settlement. This formal Notice of the fee request must also include a reasonable time period within which class members may object to the fee request, and/or opt out of the settlement.

3.    Federal Rule of Civil Procedure 23(H) provides:

    (1) A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. **Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.**

    (2) A class member, or a party from whom payment is sought, **may object to the motion.** (Emphasis added.)

1

4. In this case, the Notice of Settlement imposes an Objection deadline of **February 26, 2014**. Since the Class Counsel has not filed its Motion for Award of Attorneys' Fees and the deadline to do so is March 11, 2014, notice to class members should be put forth in a reasonable manner and must fully notice in writing to the entire Class pursuant to the same procedures and methodology for Notice of the underlying settlement. Therefore, pursuant to Civil Rule 23(H), all of the class members must receive notice of the Motion for Attorneys' Fees when it is filed, and all of the class members must be afforded a reasonable time in which to object to said award of fees.

5. Because this case is so complex and involves many attorneys, who are seeking fees, this Objector and their counsel hereby request leave of Court to review the time records of class counsel so as to determine 1) to what extent there is any repetitive or unnecessary work; 2) to what extent billable time has been incurred by "contract attorneys" who have been hired on a temporary basis for this case only and who are being paid very low hourly fees; 3) whether any of the billable hours have been incurred by clerks, summer associates, paralegals, or secretaries, etc.; 4) to what extent hourly work has been incurred after the settlement has already been arrived at or finalized; and 5) to what extent the expenses sought for reimbursement are fully documented and justified.

6. In paragraph XII of the Notice of Settlement, it is stated that "Class Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 33-1/3% of the Settlement Fund and reimbursement of expenses not to exceed $3,000,000."

7. Notwithstanding the ambiguity of the Notice of Proposed Settlement, given the size of the Class and the General, Subscriber and Provider Settlement Funds ("Funds") created for the Class Members benefit, the Attorneys' Fees should be no more than 15% of the cash portion of the settlement and 3% for additional injunctive relief. The Funds of the settlement will be approximately $120 million. If the total payment to Class Counsel is 18% percent of the cash fund or $21.6 million, that will adequately compensate Class Counsel and be in line with other settlements of this magnitude.

9. If this Court finds that 18% of the cash funds will adequately compensate Class Counsel, the difference from the requested amount ($40 million) and the suggested fee ($21.6 million) or $18.4 million should be returned to the cash funds to be distributed accordingly to the Class Members.

10. The claims process is illusory and burdensome to the Class Members which puts a "chilling effect" on Class Members ability to submit a Subscriber Claim Form. The Subscriber Claim Form requires Class Members to (a) confirmation or certification as to the status of a claimant as an Aetna Plan Member during one or more of the 12 years in question; (b) the name of the employer or plan; (c) indentifying the years services and supplies were received for the claimant's benefit from an out-of-network provider; and (d) determine the years the out-of-network charges resulted in a partially allowed claim. This complicated process noticeably directs Class Members to just make a claim from the less costly General Settlement Fund and away from the more costly Subscribers Settlement Fund. This is especially evident given the fact that, "[I]f the Subscriber Settlement and/or Provider Settlement Fund is not exhausted after

all the claims have been made, any leftover amounts in the Fund shall remain with Aetna and will not be paid out under the Settlement. Furthermore there is no indication that the attorneys' fees will be reduced if leftover amounts are returned to Aetna.

11.     Aetna should already have the information required for a Subscribers Claim and should rely on their own records to reimburse the Class Members and any funds not exhausted should be returned to the General Settlement Fund and distributed accordingly to the Class Members. Also the attorneys' fees should be based on the actual benefit Class Members received.

12.     Objectors play an important role in assuring that settlements and attorneys' fees are reasonable and fair, which is why their existence is assured and guaranteed under Rule 23(e)(5). Several cases have discussed why objectors are necessary to the class settlement process, including *Vollmer v. Selden*, 350 F.3d 656 (7th Cir. 2003):

> Class counsel, for instance, might settle claims for significantly less than they are worth, not because they think it is in the class's best interest, but instead because they are satisfied with the fees they will take away. [Citation]. Intervenors counteract any inherent objectionable tendencies by reintroducing an adversarial relationship into the settlement process and thereby improving the chances that a claim will be settled for its fair value.... The slightness of individual recovery does not make the counsel's purpose invalid nor his role as objector less vital. 350 F. 3d at 660 (emphasis added).

13.     Objectors provide a benefit to the Class Action Settlement. Independent information provided by Objector's counsel complements the Court's fiduciary role in protecting the class members, rather than detracting from it, and prevents a rubber stamp of a settlement which may not have resolved the issues in favor of class members. Objectors respectfully adopt and incorporate into these Objections all other well-taken, timely filed Objections that are not inconsistent with these Objections. Objectors also reserve the right to supplement these Objections with other and fuller objections.

14.     The Class Members have a legally protectable interest in this litigation. That interest will be impacted by the proposed settlement agreement, and the legal fees that are proposed to be paid.

15.     These Objections, presented to the Court as a matter of right, are properly and timely filed by the Objector. All of the legally required prerequisites material to these objections have been met.

16.     Objectors will rely on these written Objections, as well as the supplemental Objections to be filed addressing the specific fee request. Objectors do not plan to attend the fairness hearing, but rather will rely on their written Objections.

17.     Objector is represented by: Sam P. Cannata (OH #0078621), 30799 Pinetree Rd., #254, Cleveland, Ohio 44124; Telephone: (216) 214-0796; Email: spc@cplpa.com.

3

WHEREFORE, Objectors respectfully request that this Court:

A. Sustain these Objections in full;
B. Deny approval of the settlement, for the reasons stated herein;
C. Continue the issue of attorneys' fees and expense reimbursement for further review and a separate hearing;
D. Upon completion of the fairness hearing, enter such orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of this settlement.

Dated: February 25, 2013

*Jill Cannata*
Jill Cannata
14944 Hillbrook Drive
Cleveland, OH 44022
Objector
NOTICE NUMBER: S75299251

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 25th day of February 2014, via regular U.S. first class mail, postage prepaid upon the following:

James E. Cecchi
Carella, Byrne, Cecchi, Olstein, Brody & Agnello
5 Becker Farm Road
Roseland, NJ 07068

D. Brian Hufford
Robert J. Axelrod
Pomerantz Grossman Hufford Dahlstrom & Gross LLP
600 Third Avenue
New York, NY 10016

Joe R. Whatley, Jr.
Edith M. Kallas
Whately Kallas, LLP
380 Madison Avenue, 23rd Floor
New York, NY 10017

Stephen A. Weiss
Seeger Weiss LLP
77 Water Street, 26th Floor
New York, NY 10005

Christopher M. Burke
Joseph P. Guglielmo
Scott + Scott LLP
405 Lexington Ave, 40th Floor
New York, NY 10174

Richard J. Doren
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071

Geoffrey M. Sigler
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, NW
Washington, DC 20036

*Jill Cannata*
Jill Cannata

Aetna UCR Litigation
c/o Berdon Claims Administration LLC
P.O. Box 15000
Jericho, NY 11853-0001

**EXHIBIT A**

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
**PAID**
NLDM INC.
19428

**IMPORTANT LEGAL INFORMATION**



Notice Number: S75299251

S1101-011   5269692
*****AUTO**5-DIGIT 44022

JILL K CANNATA
14944 HILLBROOK DR
CHAGRIN FALLS OH 44022-6804

**AETNA**