February 25, 2014

*Via Federal Express Priority Overnight*
United States District Court
District of New Jersey
Clerk of the Court
Martin Luther King Building
 & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:     *In Re: Aetna UCR Litigation*; MDL No. 2020, Master Docket No. 07-3541

Dear Clerk of Court:

Please accept this letter as my objection to the proposed class action settlement, the award of excessive attorneys' fees to class counsel, and the Court's approval of the settlement in the above referenced class action lawsuit and my notice of intention to appear at the fairness hearing (as qualified below). The settlement should be rejected and, if approved, class counsel's attorney fee and incentive award request should be denied.

My name is Sean Hull. My address is 7890 Witney Place, Lone Tree, Colorado 80124 and my telephone number is (303) 519-8711.

I am a class member. I received a postcard that evidences my membership in this class. Exhibit A. Please also see my declaration. Exhibit B. I also rely upon Aetna's own records which would prove my membership in this class. I object to any requirement that I provide any more information or comply with any other procedures or requirements to object other than what I have done. I also object to any requirements or procedures to object that are not contained in the notice I received or at minimum in the long form notice. I also object to the extent that attending the fairness hearing or providing a notice of intention to appear at the fairness hearing is a requirement to object or appeal on the basis that such a requirement violates my due process

1

rights, Rule 23 and is calculated only to unfairly raise the costs on a class member to object. I also object on the basis that the class notice is ambiguous as to whether personal appearance (or through counsel) at the fairness hearing is a prerequisite to objecting. In the event it is a requirement, please let this serve as notice of my intention to appear at the fairness hearing either personally or through counsel that I will engage for that purpose.

Settlement fairness depends not just on the total value of the settlement, but on the allocation between the class and their attorneys. *See In re Dry Max Pampers Litig.*, 724 F.3d 713 (6th Cir. 2013). "For the economic reality [is] that a settling defendant is concerned only with its total liability, and thus a settlement's allocation between the class payment and the attorneys' fees is of little or no interest to the defense... And that means the courts must carefully scrutinize whether [class counsel's and the named representatives'] fiduciary obligations have been met." *Id.* at 717-18 (internal quotations omitted).

Objection is made to the claims process. It is calculated to drive down claims and increase Aetna's reversion. A much simpler claims process was feasible, or perhaps even no claims process at all where claims would be determined by Aetna's records. The claims deadline is likewise too short.

As an initial matter, this is a $120 million settlement in name only. Aetna holds a reversionary interest in $60 million and has constructed a difficult claims process and short claims deadline that will make it highly unlikely that any of the $60 million ($20 million in the provider fund and $40 million in the subscriber fund) will ever leave Aetna's grasp. Objection is made to the byzantine claims process and unreasonably short claims deadline. One wonders why Aetna's own records could not determine how much a class member should receive. Requiring this information from class members serves only one purpose, to drive down claims and to raise

2

Aetna's ultimate reversion. Class counsel agreed to this unfair settlement which pretty much guarantees a huge reversion to Aetna in return for class counsel only seeking their $40 million in fees from a separate $60 million fund set up for attorneys' fees, administrative expenses, notice, etc.... At the end of the day the class will be lucky to actually receive more than $10-20 million.

This is a grossly unfair settlement rife with conflicts of interest created by class counsel and class representatives. No decision on whether this settlement should be approved should be made until after all claims data has been gathered and it is known what was actually distributed to the class and what reversion will be received by Aetna. Only then can the fairness of the settlement be evaluated and, in the unlikely event this settlement is approved at that point, may an award of attorneys' fees or incentive awards be made.

While it is *necessary* that a settlement is at "arm's length" without express collusion between the settling parties, it is not *sufficient*. "While the Rule 23(a) adequacy of representation inquiry is designed to foreclose class certification in the face of 'actual fraud, overreaching or collusion,' the Rule 23(e) reasonableness inquiry is designed precisely to capture instances of unfairness not apparent on the face of the negotiations." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011) (internal quotation omitted). Due to the defendant's indifference as to the allocation of funds between the class, the named representatives and class, it is enough that the settlement evinces "subtle signs that class counsel have allowed pursuit of their own self-interest and that of certain class members to infect the negotiations." *Pampers*, 724 F.3d at 718 (quoting *Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012)).

As the Third Circuit has held, settlement fairness should be based on what the class actually receives. The parties have failed to present evidence as to what this will be. No fees should be awarded until the class's *actual* share of the settlement is known. *In re Baby*

*Prods. Antitrust Litig.*, 708 F.3d 163 (3d Cir. 2013). It is not enough to point to the size of the settlement fund, say that's fair and walk away. One must calculate the *actual* benefit to the class, what the class *actually* receives, and ensure that the class counsel has not received a disproportionate share of the settlement benefit. *Id.*

Here, class counsel reserves the right to seek two thirds of a $60 million settlement fund for themselves (it is misleading to say that class counsel is seeking one third of even the fictitious $120 million fund). There should be little doubt that this qualifies as a "disproportionate distribution of the settlement" and as the first (and perhaps most important) warning sign of an inequitable settlement. *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). This is especially true where class counsel seeks to measure their fee on the basis of the fictitious $120 million amount, rather than what is actually distributed to the class.

With increasing frequency, especially after *Bluetooth*, courts around the country now make the proper comparison between the fee award and the amount actually claimed by class members. *Vought v. Bank of Am., N.A.*, 901 F. Supp. 2d 1071, 1092 (C.D. Ill. 2012) (emphasizing the "scant" 4.5% claims rate and result that $38,000 of $500,000 available would be paid out, ultimately denying approval of settlement); *Kaufman v. Am. Express Travel Related Servs.*, 283 F.R.D. 404, 407 (N.D. Ill. 2012) (finding a vast disparity between attorneys' fees and class claims' values to be "troubling and ultimately unacceptable."); *Trombley v. Bank of Am. Corp.*, No. 08-cv-456-JD, 2012 U.S. Dist. LEXIS 63072, at *8 (D. R.I. May 3, 2012) (finding an attorney award that consumed 66% of the settlement to be "excessive" and grounds for denying final approval); *Ferrington v. McAfee, Inc.*, No. 10-cv-1455-LHK, 2012 U.S. Dist. LEXIS 49160, at *36-*37 (N.D. Cal. Apr. 6, 2012) (finding an attorney award that constituted 83% of the settlement amount was disproportionate and grounds for denying final approval); *Strong v.*

*BellSouth Telcoms., Inc.*, 173 F.R.D. 167, 172 (W.D. La. 1997), *aff'd* 137 F.3d 844 (5th Cir. 1998) ("A request for $ 6 million in attorneys' fees where counsel has provided no more than $ 2 million in benefits to the class is astonishing. It is a sad day when lawyers transmogrify from counselors into grifters.")

Naturally low claims rates are the "[t]he reality" here, and mean that "this settlement benefits class counsel vastly more than it does the consumers who comprise the class." *Pampers*, 724 F.3d at 721. This Court should deny final approval until class counsel are no longer "the foremost beneficiaries of the settlement." *Baby Prods.*, 708 F.3d at 179. Indeed, in this case, because Aetna has a reversionary interest in unclaimed funds it has the incentive to make the claims process as difficult and short as possible, and objection is made on that basis as well.

Class counsel's proposed fee award is also excessive under both a percentage of recovery and lodestar methodology. Two thirds of $60 million is grossly excessive. The proponents of this settlement say this is a $120 million settlement. $100 million is the threshold for being considered a mega-fund case, where the percentage recovery declines as the size of the fund increases. Class counsel agreed that their fees would not be taken out of the two funds that Aetna has a reversionary interest in. Class counsel violated its duty to the class in agreeing to the proposed settlement and in accepting excessive benefits for themselves. The same can be said of the class representatives and their excessive incentive awards. Objection is made on the basis of intra-class conflicts of interest for class counsel and class representatives.

In addition, class counsel's fee request violates the principles established in *In re High Sulfur Content Gas. Prods. Liab. Litig.*, 517 F.3d 220 (5th Cir. 2008).

I also object to the proponents of the settlement not sustaining their burden of proof on commonality, predominance, superiority and adequacy of class counsel and class representatives under Federal Rule of Civil Procedure 23.

5

I also join in and incorporate herein by reference any and all objections filed by other objectors as though set forth in full, except to the very limited extent that such objections directly contradict arguments expressly made herein.

I have sought legal advice and assistance in this matter by Texas attorney Christopher A. Bandas, of Bandas Law Firm, P.C., Corpus Christi, Texas and this document was prepared with the assistance of counsel, no special favor or treatment is requested due to the fact that any document I submit is filed *pro se*.

I am mailing and delivering my objections, as indicated above and below, to the court and to the attorneys identified in the notice as required recipients.

Sincerely,

Sean Hull

## cc: *Via Federal Express Priority Overnight*

James E. Cecchi
CARELLA, BYRNE, CECCHI,
 OLSTEIN, BRODY & AGNELLO
5 Becker Farm Road
Roseland, NJ 07068

Joe R. Whatley, Jr.
Edith M. Kallas
WHATLEY KALLAS, LLP
380 Madison Avenue, 23rd Floor
New York, NY 10017

D. Brian Hufford
Robert J. Axelrod
POMERANTZ GROSSMAN HUFFORD
 DAHLSTROM & GROSS LLP
600 Third Avenue
New York, NY 10016

Stephen A. Weiss

SEEGER WEISS LLP
77 Water Street, 26th Floor
New York, NY 10005

Christopher M. Burke
Joseph P. Guglielmo
SCOTT + SCOTT LLP
405 Lexington Ave., 40th Floor
New York, NY 10174

Richard J. Doren
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071

Geoffrey M. Sigler
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036

6

## DECLARATION OF SEAN HULL IN SUPPORT
## OF OBJECTIONS TO CLASS ACTION SETTLEMENT IN
## *IN RE: AETNA UCR LITIGATION*

Comes now SEAN HULL and states the following under oath and under penalty of perjury in support of her objection:

"My name is Sean Hull. I am over the age of eighteen (18) years. I have never been convicted of a felony. I am qualified and competent to make this affidavit. The facts stated herein are within my personal knowledge."

"My address is 7890 Witney Place, Lone Tree, Colorado 80124. My telephone number is (303) 519-8711. I am a resident of Lone Tree, Colorado."

"I am a class member. I was or am a Subscriber and Aetna Plan Member that received a Covered Service or Supply from an Out-of-Network Health Care Provider or Out-of-Network Health Care Provider Group whose resulting claims for reimbursement included Partially Allowed Claims from March 1, 2001 through August 30, 2013. I received a postcard that evidences my membership in this class."

"I object to the proposed settlement of *In Re: Aetna UCR Litigation*, United States District Court District of New Jersey, MDL No. 2020, Master Docket No. 07-3541 for the reasons stated in my objection."

"I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this the 25th day of February, 2014, at Lone Tree, Colorado."

Sean Hull

Aetna UCR Litigation
c/o Berdon Claims Administration LLC
P.O. Box 15000
Jericho, NY 11853-0001

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
PAID
MLDMANC
13428

**IMPORTANT LEGAL INFORMATION**



Notice Number:  S80533476

1000 S1101-028 8823289
**********AUTO**5-DIGIT 80124

SEAN K HULL
7890 WITNEY PL
LONE TREE CO 80124-9797

AETNA

EXHIBIT
"A"

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: AETNA UCR LITIGATION<br><br>This Document Relates to: ALL CASES | MDL NO. 2020<br>MASTER DOCKET NO. 07-3541 |

# NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION AND FINAL SETTLEMENT HEARING

**A CLASS ACTION SETTLEMENT INVOLVING AETNA, INC. AND ITS SUBSIDIARIES AND AFFILIATES WILL PROVIDE CASH PAYMENTS TO AETNA PLAN MEMBERS WHO RECEIVED SERVICES AND SUPPLIES FROM OUT-OF-NETWORK HEALTH CARE PROVIDERS AND GROUPS; AND OUT-OF-NETWORK HEALTH CARE PROVIDERS AND GROUPS WHO PROVIDED THOSE SERVICES OR SUPPLIES**

**YOUR LEGAL RIGHTS MAY BE AFFECTED WHETHER OR NOT YOU ACT.**
**PLEASE READ THIS NOTICE CAREFULLY.**

*A court authorized this Notice. This is not a solicitation from a lawyer.*

- If you were or are:

A "Subscriber," meaning Persons who, at any time from March 1, 2001 through August 30, 2013 (a) were Aetna Plan Members; (b) received a Covered Service or Supply from an Out-of-Network Health Care Provider or Out-of-Network Health Care Provider Group; and (c) whose resulting claims for reimbursement included Partially Allowed Claims, OR

A "Provider," meaning Persons or entities who, at any time from June 3, 2003 through August 30, 2013 (a) were Out-of-Network Health Care Providers or Out-of-Network Health Care Provider Groups; (b) provided Covered Services or Supplies to Aetna Plan Members; and (c) whose resulting claims for reimbursement included Partially Allowed Claims,

you are a member of the Settlement Classes and may be eligible for a payment if you qualify and submit a valid Claim Form.

- An Out-of-Network Facility (which includes hospitals, ambulatory surgical centers and skilled nursing facilities) is an Out-of-Network Provider Group under the Settlement if and only to the extent that it has (a) bills submitted by the Out-of-Network Facility for Covered Services or Supplies provided by an Out-of-Network Health Care Provider, or (b) the Allowed Amount for the Out-of-Network Facility's fees or charges for specific claims was based on an Ingenix database under a Plan that is based in New Jersey.
- The Ingenix Databases are the Prevailing Healthcare Charges System ("PHCS") database and the MDR Payment System database.
- The Aetna subsidiaries and affiliates included in this Settlement do not include Coventry Health Care, Inc.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM** | The way to get a payment if you qualify. You must fill out and return the attached Claim Form (with any necessary supporting documentation) by first class mail, **postmarked no later than March 28, 2014.** |
| **ASK TO BE EXCLUDED** | Get no payment. The only option that allows you to individually sue Aetna over the claims resolved by this Settlement. |
| **OBJECT** | Write to the Court about why you do not agree with the Settlement. |
| **GO TO A HEARING** | The Final Settlement Hearing will be held on March 18, 2014 at 10:00 a.m., at which time the Federal Court Judge will make a final decision as to whether the Settlement is fair to all members of the Settling Classes. If you wish, you may attend the hearing and ask to speak to the Court about the Settlement. |
| **DO NOTHING** | Get no payment and give up your right to sue Aetna over the claims resolved by this Settlement. |

- These rights and options – ***and the deadlines to exercise them*** – are explained in this Notice.
- The Settlement will resolve all claims against the Company (also referred to herein as "Aetna") as explained in the Settlement Agreement. The Court in charge of this case still has to decide whether to approve the Settlement. Payments will only be made if the Court approves the Settlement and any appeals are resolved. Please be patient.

## BASIC INFORMATION

### I. WHY DID I RECEIVE THIS NOTICE?

The United States District Court for the District of New Jersey authorized this Notice because you have a right to know about a proposed Settlement of the Actions, including the right to claim money, and about all of your options, before the Court decides to give "final approval" to the Settlement. If the Court approves the Settlement, payment will be made to everyone who submits a valid Claim Form and qualifies. This Notice explains the Actions, the Settlement, your legal rights, what benefits are available, who may be eligible for them, and how to get them.

Your rights may be affected by a proposed Settlement in the class action lawsuits consolidated under the case caption *In re Aetna UCR Litigation*, pending in the United States District Court for the District of New Jersey, Master Docket No. 07-3541 (the "Actions"). The Representative Plaintiffs have agreed to settle all claims against Aetna in the Actions in exchange for a Settlement involving payments by Aetna of up to $120 million, including a General Settlement Fund of $60 million and up to $60 million in additional monies that may be paid out to Settlement Class Members who submit valid claims. The Court did not decide in favor of either side. Rather, both sides agreed to settle all claims that were or could have been asserted against Aetna in the Actions in exchange for monetary consideration. That way, the parties avoid the uncertainties and cost of a trial and possible appeal, and the affected members of the Settlement Classes who qualify will receive compensation now.

The Court has scheduled a hearing to consider the fairness, reasonableness, and adequacy of the Settlement, to be held on March 18, 2014 at 10:00 a.m. at the United States Courthouse, United States District for the District of New Jersey, 50 Walnut Street, Newark, New Jersey (the "Final Settlement Hearing").

You may elect to opt-out of the Settlement Classes and the Settlement, as explained below. You also have a right to object to the Settlement or to the application for attorneys' fees that counsel for the Settlement Classes intends to make to the Court, but only if you comply with the procedures described in this notice. If you do not opt out of the Settlement Classes and the Court approves the Settlement, you will be entitled to receive the benefits of the Settlement, and you will be bound by the Settlement's provisions, including the release of claims against Aetna. **Because your right to pursue certain types of claims against Aetna may be affected by the Settlement, you should read this notice carefully.**

### II. WHAT IS THIS LITIGATION ABOUT?

The Actions were brought against Aetna by the individual Subscriber and Provider Class Representative Plaintiffs, as well as a number of Associations. Plaintiffs allege that Defendants provided insufficient reimbursement for Covered Out-of-Network Services or Supplies, including by:

• Using the Ingenix Databases in determining reimbursement for Covered Out-of-Network health benefits;

• Using certain Out-of-Network reimbursement policies to reduce reimbursement amounts improperly for Covered Out-of-Network health benefits; and

• Inadequately disclosing the use of the Ingenix Databases and their Out-of-Network reimbursement policies in determining reimbursement amounts for Covered Out-of-Network health benefits.

The Out-of-Network reimbursement policies include utilizing a percentage of Medicare, Fair Health, Average Wholesale Price (AWP), adjustments for co-surgeon charges, adjustments for multiple surgical procedures, and behavioral health tiering policies.

Plaintiffs allege that Defendants violated various statutes, including the Employee Retirement Income Security Act ("ERISA"), the Racketeer Influenced and Corrupt Organizations ("RICO") Act, the Sherman Antitrust Act, and other laws. Defendants deny all of Plaintiffs' allegations. **To obtain further information about the claims asserted in the Actions, you may review a copy of the Consolidated Amended Complaint filed in the Actions on the websites www.aetnaucrsettlement.com,** *or* **www.berdonclaims.com.** Certain other filings and orders from the Court are also available to you on these websites.

### III. WHAT IS A CLASS ACTION, AND WHY IS THIS CASE A CLASS ACTION?

In a class action, under the federal rules, one or more persons, called Class Representatives, sue on behalf of others with similar legal claims. All of these people together are called a Class or Class Members. One court resolves the issues for all Class Members, except for those who specifically ask to be excluded from the Class, since the claims that are alleged by the Class Representatives apply similarly to all Class Members.

These Actions were filed as class actions because the Representative Plaintiffs believed that Aetna's method of making Out-of-Network reimbursement determinations resulted in a number of Subscribers and Providers receiving less than they were entitled to, in violation of ERISA, the Sherman Antitrust Act, RICO, and other laws. The Court preliminarily ordered that whether all members of the Settlement Classes have been under-reimbursed by Aetna's use of the Ingenix Databases and its other reimbursement policies represents a claim that should be treated on a class basis.

### IV. WHY IS THERE A SETTLEMENT?

The Court did not decide in favor of either side. Rather, both sides agreed to settle all claims that were or could have been asserted against Aetna in the Actions in exchange for monetary consideration. That way, the parties avoid the uncertainties and cost of a trial and possible appeal, and the affected members of the Settlement Classes who qualify will receive compensation.

## V. WHAT ARE THE TERMS OF THE PROPOSED SETTLEMENT?

In the Settlement Agreement, the individual Representative Plaintiffs agreed to settle all claims that were or could have been asserted against Aetna in exchange for monetary consideration. The terms of the Settlement Agreement are summarized in this notice, and a copy of the entire Settlement Agreement, dated December 6, 2012, may be reviewed on the websites **www.aetnaucrsettlement.com**, *or* **www.berdonclaims.com**.

### A. Settlement Consideration

If the Settlement is finally approved by the Court, the Settlement Agreement provides for monetary benefits to be provided by Aetna to members of the Settlement Classes who have ***not*** opted-out of the settlement.

1. The General Settlement Fund. The Settlement establishes a General Settlement Fund in the amount of $60,000,000. If the Settlement is finally approved by the Court, members of the Settlement Classes who submit timely and valid claims under this fund will be entitled to payments from the General Settlement Fund as described in the Settlement Agreement and Claim Form. Various expenses, such as the costs of notice, claims administration, and attorneys' fees and expenses for Settlement Class Counsel, as well as service payments to the individual Representative Plaintiffs, also will be paid out of the General Settlement Fund.

2. Subscriber Settlement Fund. The Settlement establishes a Subscriber Settlement Fund in the amount of up to $40,000,000 to be paid to Subscriber Class Members who submit timely and valid Claims for reimbursement as described in the Settlement Agreement and Claim Form.

3. Provider Settlement Fund. The Settlement establishes a Provider Settlement Fund in the Amount of up to $20,000,000 to be paid to Provider Class Members who submit timely and valid Claims for reimbursement as described in the Settlement Agreement and Claim Form.

4. Treatment of Balances Remaining in Funds. In the event the General Settlement Fund is not exhausted after the payment of all claims for reimbursement, fees, and expenses described above, any remaining funds shall be allocated equally to the Subscriber and Provider Settlement Funds. However, if one Settlement Fund is exhausted and the other is not, the remaining funds from the General Settlement Fund will be allocated to the exhausted Settlement Fund. In the event the Subscriber Settlement Fund is not exhausted after all claims have been paid, and if the eligible claims submitted to the Provider Settlement Fund exceed the amount allocated to it, up to $5,000,000 from the Subscriber Settlement Fund will be allocated to the Provider Settlement Fund. In the event the Provider Settlement Fund is not exhausted after all claims have been paid, and if the eligible claims submitted to the Subscriber Settlement Fund exceed the amount allocated to it, up to $5,000,000 from the Provider Settlement Fund will be allocated to the Subscriber Settlement Fund. If the Subscriber and/or Provider Settlement Fund is not exhausted after all claims have been made, any leftover amounts in that Fund shall remain with Aetna and will not be paid out under the Settlement.

### B. The Release and Dismissal with Prejudice

If the Settlement Agreement is finally approved, the Actions will be dismissed with prejudice as to Aetna. In addition, Aetna will be released and discharged of any and all claims, up through August 30, 2013 in this case, that are, were, or could have been asserted against Aetna based on or arising from the factual allegations made by Plaintiffs. Members of the Settlement Classes will be barred from suing Aetna and the other released persons for claims that are covered by the releases.

**The release and covenant not to sue provisions of the Settlement Agreement affect your legal rights and you should review these provisions carefully.**

## VI. HOW WILL THE SETTLEMENT FUNDS BE ALLOCATED?

There are several terms that appear frequently in this section:

"Allowed Amount" means the amount Aetna determined to be eligible for reimbursement for a Plan Member's Covered Services or Supplies billed by an Out-of-Network Health Care Provider or Provider Group, before the application of co-insurance, deductibles, and coordination of benefits for coverage under another plan.

"Assignment" means a Plan Member's election to permit an Out-of-Network Health Care Provider or Provider Group to bill and receive reimbursement from Aetna directly.

"Balance Bill" means a demand for payment from an Out-of-Network Health Care Provider or Provider Group to a Plan Member for the difference between the Billed Charge and the Allowed Amount for a Covered Service or Supply. It does not include a bill for Denied Claims, co-insurance, or deductibles.

"Billed Charge" means the amount billed to Aetna for a Covered Service or Supply by an Out-of-Network Health Care Provider or Provider Group.

"Denied Claim" means any claim line for which the Allowed Amount equals $0. Denied Claims are not included in this Settlement.

"Out-of-Network Health Care Provider" means any health care provider who did not have a valid written contract with Aetna to provide Covered Services or Supplies to Aetna Plan Members when the health care provider provided Covered Services or Supplies to a Plan Member.

"Out-of-Network Health Care Provider Group" means a corporation, partnership, or other legal entity that did not have a valid written contract with Aetna to provide Covered Services or Supplies to Aetna Plan Members when it

provided or billed for Covered Services or Supplies. An Out-of-Network Facility is an Out-of-Network Health Care Provider Group only when it (a) submitted bills for Covered Services or Supplies provided by an Out-of-Network Health Care Provider; or when (b) the Allowed Amount for its fees or charges for specific claims was based on the Ingenix Databases under a Plan that was based in New Jersey.

"Partially Allowed Claims" mean any claim line for a Covered Service or Supply that is not a Denied Claim for which the Allowed Amount is less than the Billed Amount. Partially Allowed Claims are the only claims eligible for reimbursement in this Settlement.

All members of the Settlement Classes must submit a Claim Form to be eligible to share in the Settlement Fund. You may submit a Claim Form for Covered Out-of-Network Services or Supplies received or furnished up through August 30, 2013.

There are two types of Settlement Class members – Subscriber Class Members and Provider Class Members. The options available to Subscribers under the Settlement are different than those available to Providers and Provider Groups. The options for Subscribers are set out in the Subscriber Claim Form. The options for Providers are listed in the Provider Claim Form. A copy of the Claim Forms is attached to this Notice.

### Options for Subscribers

**Option 1 – Simplified Claim Form for Subscribers.** You may complete the Subscriber Claim Form requesting Option 1, and you are only required to provide certain information, including the number of years, during the period from March 1, 2001 to August 30, 2013, that you were a Aetna Plan Member and received Covered Services or Supplies from an Out-of-Network Provider or Provider Group. This information is in Section A of the Claim Form.

If you select this option and your claim is eligible for payment, you are entitled to receive up to $40 for each year you received Covered Services or Supplies from an Out-of-Network Provider or Out-of-Network Provider Group that resulted in a Partially Allowed Claim. Your total settlement payment may be reduced on a *pro rata* basis.

**Option 2 – Claim for Subscribers.** You are eligible to participate as a claimant in Option 2 only if you paid to your Provider some portion of a Balance Bill for Partially Allowed Claims for Covered Out-of-Network Services or Supplies. If you select this option and your claim is eligible for payment, you are entitled to receive up to 5% of the Allowed Amount (or up to 3% for certain claims) on each valid Partially Allowed Claim for which you provide the necessary Supporting Documentation, as described in the Subscriber Claim Form. Your total settlement payment from the Subscriber Settlement Fund may be reduced on a pro rata basis. The aggregate amount of Balance Bill payments constituting your claim against the Subscriber Prove-Up Fund must exceed $200. Any submissions involving $200 or less will be declared ineligible for reimbursement from the Subscriber Settlement Fund and no payment will be issued. Subscriber Claims declared ineligible will be considered for eligibility under the General Settlement Fund.

### Options for Providers and Provider Groups

**Option 1 – Simplified Claim Form for Providers.** You may complete the Provider Claim Form requesting Option 1, and you are only required to provide certain information, including the number of years, during the period from June 3, 2003 to August 30, 2013, that you provided and billed for Covered Services or Supplies to an Aetna Plan Member. This information is in Section A of the Claim Form.

If you select this option and your claim is found to be eligible for payment, you are entitled to receive up to $40 for each year you provided Covered Services or Supplies as an Out-of-Network Provider or Out-of-Network Provider Group and you received a Partially Allowed Claim. Your total settlement payment may be reduced on a *pro rata* basis.

**Option 2 – Claim for Providers.** You are eligible to participate as a claimant in Option 2 *only* if you (a) received an Assignment from an Aetna Plan Member, and (b) sent the Aetna Plan Member a Balance Bill for Partially Allowed Claims and did not receive full payment of such bill. If you select this option and your claim is found to be eligible for payment, you are entitled to receive up to 5% of the Allowed Amount (or up to 3% for certain claims) on each valid Partially Allowed Claim for which you provide the necessary Supporting Documentation, as described in the Provider Claim Form. Your total settlement payment from the Provider fund may be reduced on a *pro rata* basis. The aggregate amount of Balance Bills constituting your claim against the Provider Settlement Fund must exceed $750 for individual Out-of-Network Providers and $1,000 for Out-of-Network Provider Groups. Any submissions involving less than these amounts will be declared ineligible for reimbursement from the Provider Settlement Fund and no payment will be issued. Provider Claims declared ineligible will be considered for eligibility under the General Settlement Fund.

**Important information.** In order to assist Subscribers and Providers in filing their Option 1 and Option 2 claims, Aetna has made available to the Settlement Administrator certain claims information within the class periods. You may request such information from the Settlement Administrator and use it to complete your Claim Form. Please use attached Claims Information Request Authorization Form for this purpose. Should this information not be available for your claim, you must provide this information from other sources.

## VII. WHAT WILL HAPPEN AT THE FINAL SETTLEMENT HEARING?

The Final Settlement Hearing will be held on March 18, 2014 at 10:00 a.m. at the United States Courthouse, United States District for the District of New Jersey, 50 Walnut Street, Newark, New Jersey. The hearing, however, may be adjourned by the Court without additional notice to the Settlement Classes, other than an announcement in open court. Members of the Settlement Classes who support the Settlement do not need to be present at the hearing or take any action to indicate their approval, as Class Counsel for the Settlement Classes will be present to address any questions or concerns raised by the Court.

4

At the Final Settlement Hearing, the Court will consider:

1. whether the Settlement of the Action that is reflected in the Settlement Agreement is fair, reasonable, and adequate to the members of the Settlement Classes;

2. whether the Court should unconditionally certify the Settlement Classes in accordance with Federal Rule of Civil Procedure 23;

3. whether to approve payment of service fees to the Representative Plaintiffs; and

4. what attorneys' fees and expenses should be paid to Settlement Class Counsel from the Settlement Fund.

## VIII. MAY I PARTICIPATE IN THE FINAL SETTLEMENT HEARING?

Any Settlement Class Member who objects to the Settlement, the Settlement Agreement, the application for attorneys' fees and expenses, or the other matters to be considered at the Final Settlement Hearing may appear and present such objections. You may also appear by counsel, if you wish. In order to be permitted to do so, however, you must, on or before February 26, 2014:

• file with the Court a notice of your intention to appear, together with a statement setting forth your objections, if any, to the matters to be considered and the basis for those objections, along with any documentation that you intend to rely upon at the Final Settlement Hearing; and

• serve copies of all such materials, either by hand delivery or by first-class mail, postage prepaid, upon the following counsel:

### Counsel for the Settlement Class

James E. Cecchi
CARELLA, BYRNE, CECCHI,
   OLSTEIN, BRODY & AGNELLO
5 Becker Farm Road
Roseland, NJ 07068

D. Brian Hufford
Robert J. Axelrod
POMERANTZ GROSSMAN HUFFORD
   DAHLSTROM & GROSS LLP
600 Third Avenue
New York, NY 10016

Joe R. Whatley, Jr.
Edith M. Kallas
WHATLEY KALLAS, LLP
380 Madison Avenue, 23rd Floor
New York, NY 10017

Stephen A. Weiss
SEEGER WEISS LLP
77 Water Street, 26th Floor
New York, NY 10005

Christopher M. Burke
Joseph P. Guglielmo
SCOTT + SCOTT LLP
405 Lexington Ave, 40th Floor
New York, NY 10174

### Defense Counsel

Richard J. Doren
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071

Geoffrey M. Sigler
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036

If you do not comply with the foregoing procedures and deadlines for submitting written objections and/or appearing at the Final Settlement Hearing, you may lose substantial legal rights, including, but not limited to: (a) the right to appear and be heard at the Final Settlement Hearing; (b) the right to contest approval of the proposed Settlement or the application for an award of attorneys' fees and expenses; and (c) the right to contest any other orders or judgments of the Court entered in connection with the Settlement.

You cannot both request exclusion from the Settlement Classes and object to the Settlement. Only members of the Settlement Classes may object to the Settlement. You should consult the Court's Preliminary Approval Order for additional information on the requirements for objecting to the proposed Settlement or participating in the Final Settlement Hearing. **A copy of the Order may be reviewed on the websites www.aetnaucrsettlement.com,** *or* **www.berdonclaims.com.**

## IX. HOW DO I FILE A CLAIM FOR PAYMENT?

The Settlement provides for payments to members of the Settlement Classes who qualify and timely submit Claim Forms to the Claims Administrator. In order to qualify for a settlement payment, you must complete the enclosed Claim Form, sign it, and mail it to:

Aetna UCR Litigation
c/o Berdon Claims Administration LLC
P.O. Box 15000
Jericho, NY 11853-0001

**YOUR CLAIM FORM MUST BE POSTMARKED NO LATER THAN MARCH 28, 2014.**

Whether or not you mail in a Claim Form, if you are a member of the Settlement Classes you will be bound by all orders and judgments entered in connection with the Settlement and Settlement Agreement, including the release, covenant not to sue, and dismissal with prejudice provisions described above, unless you exclude yourself from the Settlement Class.

## X. WHAT IF I DO NOT WANT TO BE PART OF THE SETTLEMENT?

If you do not want to be a Settlement Class Member and participate in the Settlement (including being eligible to receive monetary payments), then you must send a signed Request for Exclusion by mail stating: (a) your name, address, and federal Social Security Number or Tax Identification Number, and (b) a statement that you wish to be excluded from the Settlement Class. Requests for Exclusion must be mailed to the following:

<div align="center">

Aetna UCR Litigation – Exclusions
c/o Berdon Claims Administration LLC
P.O. Box 15000
Jericho, NY 11853-0001

</div>

<div align="center">

**YOUR REQUEST FOR EXCLUSION MUST BE POSTMARKED
NO LATER THAN FEBRUARY 26, 2014.**

</div>

By requesting to be excluded from the Settlement Class, you will not share in the Settlement, and you may maintain any claim you believe you have against the Defendants by filing your own lawsuit at your own expense.

## XI. DO I HAVE A LAWYER IN THIS CASE?

The Court has appointed the attorneys listed in Section VIII as Settlement Class Counsel for settlement purposes to represent you and other members of the Settlement Classes.

You do not have to pay Settlement Class Counsel. If you want to have your own lawyer, and have that lawyer appear in court for you in this case, you must hire one at your own expense.

## XII. HOW WILL THE LAWYERS BE PAID?

Since the beginning of this litigation in 2007, Class Counsel have not received any payment for their services in prosecuting the Action or to reimburse them for out-of-pocket expenses. If the Court approves the proposed Settlement, Settlement Class Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 33-1/3% of the Settlement Fund and reimbursement of expenses not to exceed $3,000,000. Any attorneys' fees and expenses awarded by the Court will be paid from the General Settlement Fund. In addition, Settlement Class Counsel may apply to the Court for the approval of a service fee to each of the Representative Plaintiffs not to exceed $20,000 each.

## XIII. WHAT IF I DO NOTHING AT ALL?

If you do nothing, you will get no money from the Settlement. But unless you exclude yourself from the Settlement Class, you will be bound by the release and covenant not to sue provisions of the Settlement Agreement described above.

## XIV. HOW DO I GET MORE INFORMATION?

This Notice is a summary and does not describe all details of the Settlement. Complete copies of the Settlement Agreement, the complaints filed in the Actions, the Preliminary Approval Order, and certain other court orders in this case, except for those filed under seal, may be examined and copied during regular office hours, and subject to customary copying fees, at the Clerk of the Court's Office, United States District Court, District of New Jersey. Certain of these documents may also be obtained on the websites **www.aetnaucrsettlement.com,** *or* **www.berdonclaims.com**.

You may also obtain additional copies of this Notice and its attachments, as well as responses to frequently asked questions (FAQ's) on the Settlement Administrator's website, at the mailing address above, by toll-free phone at **800-600-3079**, by fax at **516-393-0031**, and by email at **aetna@berdonclaimsllc.com**.

<div align="center">

**DO NOT CALL OR WRITE THE COURT OR THE CLERK
OF THE COURT FOR INFORMATION OR LEGAL ADVICE.**

</div>

Dated: December 28, 2013

BY ORDER OF HON. KATHERINE S. HAYDEN
UNITED STATES DISTRICT JUDGE
THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| **Must be Postmarked**<br>**On or Before**<br>**March 28, 2014** | ***In re Aetna UCR Litigation***<br>Master Docket No. 07-3541<br>U.S. District Court for the District of New Jersey | For Official Use Only |
|---|---|---|

## SUBSCRIBER CLAIM FORM

*You should read the Notice of Proposed Settlement of Class Action*
*and Final Settlement Hearing before completing this form.*

If you wish to submit a claim as a Subscriber Class Member under the Settlement, complete this form and mail it to the address below. Make sure to complete all required sections and sign the Certification at the end of the Claim Form. For more information about this Settlement, please call toll-free **800-600-3079**, or consult the Settlement Agreement and/or Settlement Notice, both of which are available in the Court's file and at **www.aetnaucrsettlement.com**, and **www.berdonclaims.com**.

Please mail your claim to:

<div align="center">

Aetna UCR Litigation – Subscriber
c/o Berdon Claims Administration LLC
P.O. Box 15000
Jericho, NY 11853-0001

</div>

*A claimant may select only <u>one</u> of the following two options.*
*Please check <u>one</u> of the following boxes:*

☐   **Option 1:**   I would like to make a claim from the General Settlement Fund.

If you check this box please complete Section A of the Claim Form and the Certification *only*. You do not need to complete Section B and you do not need to provide any Supporting Documentation. You may be entitled to receive up to $40 for each year you received Covered Services or Supplies from an Out-of-Network Provider or Out-of-Network Provider Group which resulted in a Partially Allowed Claim ($30 for 2001 claims, and $30 for 2013 claims), subject to a *pro rata* reduction under the terms of the Settlement Agreement.

☐   **Option 2:**   I would like to make a claim from the Subscriber Settlement Fund.

If you check this box please complete all sections (Sections A and B and the Certification) of the Claim Form and provide the Supporting Documentation, as discussed below. You may be entitled to receive up to 5% of the Allowed Amount (or up to 3% for certain claims) on each valid Partially Allowed Claim for which you provide the necessary Supporting Documentation, as described below, subject to a *pro rata* reduction under the terms of the Settlement Agreement.

DETACH HERE

## Section A
### (Required for All Subscriber Claimants – Options 1 and 2)

Subscriber/Claimant's Name: _____

Member ID *or* Social Security Number: _____

Street Address *(where payments should be sent)*: _____

City: _____ State: _____ Zip Code: _____

Daytime Phone: _____ Fax: _____ Email: _____

| Year | Check all years that you were an Aetna Plan Member | Provide the name of the Plan/employer for each year that you were an Aetna Plan Member | Check all years that: (a) you received Covered Services or Supplies from an Out-of-Network Provider or Group, and (b) those services resulted in a Partially Allowed Claim (i.e., the Allowed Amount was less than the billed charge) |
|------|------|------|------|
| 2001 | | | |
| 2002 | | | |
| 2003 | | | |
| 2004 | | | |
| 2005 | | | |
| 2006 | | | |
| 2007 | | | |
| 2008 | | | |
| 2009 | | | |
| 2010 | | | |
| 2011 | | | |
| 2012 | | | |
| 2013 | | | |

DETACH HERE

8

## Section B

### (Required Only For Persons Claiming Under Subscriber Settlement Fund – Option 2 Only)

Please complete the following chart and provide all required Supporting Documentation (see additional instructions regarding Supporting Documentation on the next page):

| | Description of Covered Service or Supply That Was Partially Allowed by Aetna | Date of Service or Purchase of Supply | Name of Out-of-Network Provider or Out-of-Network Provider Group | Name of Patient | Original Billed Amount for Covered Service or Supply | Allowed Amount for Service or Supply | Amount Paid by Subscriber in Response to Balance Bill |
|---|---|---|---|---|---|---|---|
| **Partially Allowed Claim 1** | | | | | | | |
| **Partially Allowed Claim 2** | | | | | | | |
| **Partially Allowed Claim 3** | | | | | | | |
| **Partially Allowed Claim 4** | | | | | | | |
| **Partially Allowed Claim 5** | | | | | | | |

*You may attach additional sheets as necessary. Additional charts are available on Settlement Administrator's website at www.berdonclaims.com.*

**NOTE:** The aggregate amount of Balance Bill payments included in your claim against the Subscriber Settlement Fund must exceed $200. Any submissions involving $200 or less will be declared ineligible for reimbursement from the Subscriber Settlement Fund and no payment will be issued. Subscriber Settlement Claims declared ineligible will be considered for eligibility under the General Settlement Fund.

**Supporting Documentation Required: For each Partially Allowed Claim that you list, please provide the necessary Supporting Documentation showing that you paid a Balance Bill for the claim.** *Without the necessary Supporting Documentation, your claim will not be eligible for payment from the Subscriber Settlement Fund.*

DETACH HERE



**Section B (continued)**

**Valid Supporting Documentation:**

   i.  A copy of the Balance Bill for the Partially Allowed Claim(s) from the Out-of-Network Health Care Provider or Out-of-Network Health Care Provider Group, together with a cancelled check or credit card statement showing the Subscriber Class Member's payment of the Balance Bill for the Partially Allowed Claim(s);

   ii.  A receipt showing payment of the Balance Bill(s) together with an "Explanation of Benefits" or other document showing Aetna's reimbursement for the Partially Allowed Claim(s); or

   iii.  The Out-of-Network Health Care Provider's or Out-of-Network Health Care Provider Group's business records showing the issuance and the Subscriber Class Member's payment of a Balance Bill for a Partially Allowed Claim.

**"Balance Bill"** as used in this Claim Form means, as defined in the Settlement, a written bill, invoice, or other demand for payment from a provider or provider's representative seeking payment from a Plan Member for the difference between a provider's billed charge and the Company's Allowed Amount for a Covered Service or Supply. A Balance Bill does not include a bill for any other amounts, such as Denied Claims, co-insurance, deductibles, and coordination of benefits. A Balance Bill includes any written bill for this amount regardless of when or how it is presented to the Plan Member, including a bill for the entire billed charge that the provider presented to the Plan Member in person at the time of the Covered Service or Supply, as well as a bill that the provider sent to the Plan Member by mail or other means after reimbursement of the Allowed Amount for the Covered Service or Supply by Company.

<div align="center">

**Certification**

**(Required for All Subscriber Claimants – Options 1 and 2)**

</div>

    By executing this Claim Form, I confirm that Subscriber/Claimant is bound by all provisions of the Settlement Agreement, including the Release contained in the Settlement Agreement. In addition, I declare under penalty of perjury that the information that I provided in this Claim Form (including any attachments) is true and correct.

_____        _____

Date                                       Signature of Subscriber or Legal Heir

                                                    _____

                                                    Print Your Name Here

                                                    _____

                                                    Capacity of Legal Heir (i.e. Administrator, Executor, Custodian, Parent, or Guardian)

**DETACH HERE**



| Must be Postmarked On or Before March 28, 2014 | *In re Aetna UCR Litigation* <br> Master Docket No. 07-3541 <br> U.S. District Court for the District of New Jersey | For Official Use Only |
|---|---|---|

## PROVIDER CLAIM FORM

*You should read the Notice of Proposed Settlement of Class Action and Final Settlement Hearing before completing this form.*

If you wish to submit a claim as a Provider Class Member under the Settlement, complete this form and mail it to the address below. Make sure to complete all required sections and sign the Certification at the end of the Claim Form. For more information about this Settlement, please call toll-free **800-600-3079**, or consult the Settlement Agreement and/or Settlement Notice, both of which are available in the Court's file and at **www.aetnaucrsettlement.com**, and **www.berdonclaims.com**.

**Please mail your claim to:**

<div align="center">

Aetna UCR Litigation – Provider
c/o Berdon Claims Administration LLC
P.O. Box 15000
Jericho, NY 11853-0001

</div>

*A claimant may select only <u>one</u> of the following two options.*
*Please check <u>one</u> of the following boxes:*

☐ **Option 1:** I would like to make a claim from the General Settlement Fund.

> If you check this box please complete Section A of the Claim Form and the Certification *only*. You do not need to complete Section B and you do not need to provide any Supporting Documentation. You may be entitled to receive up to $40 for each year you provided Covered Services or Supplies as an Out-of-Network Provider or Out-of-Network Provider Group which resulted in a Partially Allowed Claim ($20 for 2003, and $30 for 2013 claims), subject to a *pro rata* reduction under the terms of the Settlement Agreement.

☐ **Option 2:** I would like to make a claim from the Provider Settlement Fund.

> If you check this box please complete all sections (Sections A and B and the Certification) of the Claim Form and provide the Supporting Documentation, as discussed below. You may be entitled to receive up to 5% of the Allowed Amount (or up to 3% for certain claims) on each valid Partially Allowed Claim for which you provide the necessary Supporting Documentation, as described below, subject to a *pro rata* reduction under the terms of the Settlement Agreement.

DETACH HERE



11

## Section A
### (Required for All Provider Claimants – Options 1 and 2)

Provider/Claimant's Name _____

Provider/Claimant's Tax Identification Number _____

Street Address *(where payments should be sent)*: _____

City: _____ State: _____ Zip Code: _____

Daytime Phone: _____ Fax: _____ Email: _____

Are you submitting a claim as *(please check **one** of the following)*:

☐ An individual Out-of-Network Provider? OR

☐ An Out-of-Network Provider Group? If you are submitting on behalf of a group, please answer the following:

    (1) Provide the name of the group here: _____

    (2) Provide your title for the group here: _____

(by signing on the last page of this form you represent that you are an authorized employee of the group and have authority to submit this claim on behalf of the group)

    Circle all years that you were Out-of-Network with Aetna and provided Covered Services or Supplies to Aetna Plan Members, where those services resulted in a Partially Allowed Claim (i.e., the Allowed Amount was less than the Billed Charge but more than $0).

| Year | Year |
|------|------|
| 2003 | 2009 |
| 2004 | 2010 |
| 2005 | 2011 |
| 2006 | 2012 |
| 2007 | 2013 |
| 2008 |      |



DETACH HERE

12

## Section B

### (Required Only For Providers Claiming Under Provider Settlement Fund – Option 2 Only)

Please complete the following chart and provide all required Supporting Documentation (see additional instructions regarding Supporting Documentation on the next page):

|  | CPT Code, HCPCS Code, or Other Description of the Covered Service or Supply | Date of Service or Purchase of Supply | Name Of Member | Original Billed Amount for Covered Service or Supply | Allowed Amount for Service or Supply | Attestation of Assignment from Member | Any Payment Amounts Received for the Partially Allowed Claim and the Source of the Payment | Amount of Balance Bill Sent to the Member | Whether Any Payment of Balance Bill Was Received or Promised |
|---|---|---|---|---|---|---|---|---|---|
| **Partially Allowed Claim 1** |  |  |  |  |  |  |  |  |  |
| **Partially Allowed Claim 2** |  |  |  |  |  |  |  |  |  |
| **Partially Allowed Claim 3** |  |  |  |  |  |  |  |  |  |
| **Partially Allowed Claim 4** |  |  |  |  |  |  |  |  |  |
| **Partially Allowed Claim 5** |  |  |  |  |  |  |  |  |  |

*You may attach additional sheets as necessary. Additional charts are available on claims Administrator's website at www.berdonclaims.com.*

**NOTE:** The aggregate amount of Balance Bills included in your claim against the Provider Settlement Fund must exceed $750 for Individual Out-of-Network Providers and $1,000 for Out-of-Network Provider Groups. Any submissions involving less than these amounts will not be considered eligible for reimbursement from the Provider Settlement Fund and no payment will be issued. Provider Settlement Claims declared ineligible will be considered for eligibility under the General Settlement Fund.

**Supporting Documentation Required: For each Partially Allowed Claim that you list, please provide the necessary Supporting Documentation showing that you had an Assignment (as defined in the Settlement Agreement), that you sent a Balance Bill to the Member, and that you were not paid in full on the Balance Bill. *Without the necessary Supporting Documentation, your claim will not be eligible for payment from the Provider Settlement Fund.***



13

**Section B (continued)**

**Valid Supporting Documentation:**

i.  Documentation showing that the Provider had an Assignment from an Aetna Plan Member. The existence of an Assignment can be shown either by: (a) an attestation under penalty of perjury from the Provider that an Assignment exists, as set forth in the table above, as long as that attestation is supported by information contained in the Company's claim systems that will be made available to the Settlement Administrator; or (b) in the alternative, a copy of the Assignment itself from the Provider's records reflecting the Aetna Plan Member's signature.

ii.  Documentation demonstrating that a Balance Bill was sent to the Aetna Plan Member prior to August 30, 2013 relating to the Partially Allowed Claim. Documentation showing bills for any amounts other than the difference between the Partially Allowed Amount and the Billed Charge, such as Denied Claims, coinsurance, deductibles, or coordination of benefits, is not valid. In addition, documentation showing an unpaid amount, without also proving it was billed to the Plan Member, is not valid.

iii.  Documentation showing that the Balance Bill was not paid in whole or in part. Valid supporting documentation includes documentation from practice management systems or accounting records showing that the Balance Bill remains unpaid. Documentation for outstanding bills for any amounts other than the difference between the Partially Allowed Amount and the Billed Charge, such as Denied Claims, coinsurance, deductibles, or coordination of benefits, is not valid.

**"Balance Bill"** as used in this Claim Form means, as defined in the Settlement, a written bill, invoice, or other demand for payment from a provider or provider's representative seeking payment from a Plan Member for the difference between a provider's billed charge and the Company's Allowed Amount for a Covered Service or Supply. A Balance Bill does not include a bill for any other amounts, such as Denied Claims, co-insurance, deductibles, and coordination of benefits. A Balance Bill includes any written bill for this amount regardless of when or how it is presented to the Plan Member, including a bill for the entire billed charge that the provider presented to the Plan Member in person at the time of the Covered Service or Supply, as well as a bill that the provider sent to the Plan Member by mail or other means after reimbursement of the Allowed Amount for the Covered Service or Supply by Company.

**Certification**

**(Required for All Subscriber Claimants – Options 1 and 2)**

By executing this Claim Form, I confirm that Provider/Claimant is bound by all provisions of the Settlement Agreement, including the Release contained in the Settlement Agreement. In addition, I declare under penalty of perjury that the information that I provided in this Claim Form (including any attachments) is true and correct.

_____

Date

_____

Signature of Provider or Legal Heir

_____

Print Your Name Here

_____

Capacity of Legal Heir (i.e. Administrator or Executor)

**DETACH HERE**



14

### AETNA UCR LITIGATION
#### Claims Information Request Authorization Form

**To receive a copy of the claims information made available to the Settlement Administrator by Aetna in connection with the Covered Out-of-Network Services or Supplies that were either received or provided during the Class Period, please complete this Request Form and provide the following information:**

☐ **I am a Subscriber** in the Aetna UCR Litigation and I authorize the Settlement Administrator to send me a copy of the information furnished by Aetna regarding the Covered Services or Supplies received from an Out-of-Network Health Care Provider or Out-of-Network Health Care Provider Group, at any time from March 1, 2001 through August 30, 2013 to assist me in filing a claim.

**Member ID Number** _____

☐ **I am a Provider** in the Aetna UCR Litigation and I authorize the Settlement Administrator to send me a copy of the information furnished by Aetna regarding the Covered Services or Supplies provided by me as an Out-of-Network Health Care Provider or as part of an Out-of-Network Health Care Provider Group, at any time from June 3, 2003 through August 30, 2013 to assist me in filing a claim.

**Tax ID Number** _____   **Billing Tax ID Number of Medical Practice** _____

**(NOTE:** *To properly identify information for a* **Health Care Provider Group,** *you must also furnish the names of the individual Providers and their personal Tax IDs. Please list this information on a separate sheet in two columns headed:* **"Provider Name"** *and* **"Provider Tax ID"** *and submit with this form to the Settlement Administrator at the postal or email address below)*

**Name:** _____

**Address:** _____

_____

_____        _____
**Daytime Telephone Number**                          **Email Address**

_____
**Notice Number**

*(The "Notice Number" can be found above the name and mailing address on the Notice mailed to you by the Settlement Administrator. If you did not receive a mailed Notice from the Settlement Administrator, please indicate "Not Available").*

| **Submit this form to the Settlement Administrator at:** | |
| --- | --- |
| Aetna UCR Litigation<br>c/o Berdon Claims Administration LLC<br>P.O. Box 15000<br>Jericho, NY 11853-0001<br>Fax: 516-393-0031<br>Email: **aetna@berdonclaimsllc.com** | _____<br>Signature<br><br>_____<br>Print your name |

**DETACH HERE**



15

Aetna UCR Litigation
c/o Berdon Claims Administration LLC
P.O. Box 15000
Jericho, NY 11853-0001

PRESORTED
First Class Mail
U.S. Postage
P A I D
Conshohocken, PA
Permit No. 195

**IMPORTANT LEGAL INFORMATION**

**AETNA**