IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

2014 FEB 26 AM 9 53

| | |
|---|---|
| In Re: ) | MDL NO. 2020 |
| ) | MASTER DOCKET NO. 07-3541 |
| AETNA UCR LITIGATION ) | |

## PRELIMINARY OBJECTIONS TO THE PROPOSED SETTLEMENT AGREEMENT

Michael Rinis and Babbette Rinis, identified individual Class Members to this action, by and through their undersigned counsel of record, hereby timely files these Preliminary Objections to the Proposed Settlement Agreement including Attorneys' Fees, Objections to Class Certification, and Notice of Intent to Appear at the Fairness Hearing. In support thereof, states as follows:

### PROOF OF MEMBERSHIP IN CLASS

Michael Rinis, received the NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING (hereinafter "the Class Notice"). Michael Rinis and Babette Rinis indivdiually are subscriber class members. Both of them were Aetna Plan Members at all times material herein, and utilized Out-of-Network health care provider services, and both of them received reimbursements in their individual names for health care services received. Michael Rinis received a Notice Number: S73589920.

### OBJECTIONS

1. The class representatives have deficiencies that are not curable. The significant divergent interests between the Subscriber class and the Provider Class render the class representatives inadequate. The contentions and objections raised by the

1

"ERISA Subscriber Plaintiffs" are adopted and incorporated. See Document No.843. Moreover, separate class representatives and their counsel need to be appointed to advocate for each subgroup identified in the proposed settlement to meet the conflict of interest problems plaguing the proposed settlement. Conflicts arise between the Provider and Subscriber classes; between class members with and without documentation, and claims vested before and after 2011. Proposed class representative fees are unreasonable and excessive.

2. The class as defined does not meet the requirements of commonality and typicality required for certification. The intra-class conflicts along with the litany of indivdual issues renders the class, even for settlement purposes, not amenable to class certification. *See*, Wal-Mart v. Dukes, 131 S. Ct. 2541 (2011).

3. The Notice is misleading in that the reader is led to believe that health care providers is much more restrictive than the definition in the proposed settlement agreement. Absent class members may be led to believe that they are not class members when, in fact, they qualify as class members. The Notice also fails to provide the amount of potential recovery in the event Plaintiffs prevailed at trial. Finally, the language of the Notice is ambiguous regarding the existence of "the Settlement Fund."

4. The Proposed Settlement and Plan of Allocation is neither fair nor reasonable for at least the following reasons:

   a. The claim process is discriminatory, unduly burdensome and impractical in regards to record retention.

   b. The reversion provision to Defendant should be eliminated, and any

2

> unclaimed funds should be distributed in accordance with appropriate equitable principles including cy pres.

5. The requested attorney fees are unreasonable and excessive. Moreover, the requested fee of 331/3% is not reasonable under the circumstances. An evaluation of the fee request is not possible in that the motion for fees is not due until the deadline for filing objections has passed.

With regards to awards of similar settlements, funds that exceed a $100 million trigger a designation as a large settlement See In re Orthopedic Bone Screw Prod. Liab. Litig., 2000 WL 1622741, at 7 (E.D.Pa. Oct.23, 2000). Courts have been receptive to awarding a lower fee percentage for mega fund settlements; i.e. settlements in excess of $100 million. In re Rite Aid Corp. Securities Litigation, 396 F.3d 294, 303 (3d. Cir. 2005).

6. All other timely filed objections not inconsistent with these objections are adopted and incorporated by reference.

**WHEREFORE,** OBJECTORS, Michael Rinis and Babette Rinis requests that this Court:

A. Upon proper hearing, sustain the instant objections;

B. Upon a proper hearing, enter such Orders as are necessary and just to adjudicate the instant objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement agreement;

C. Withdraw its conditional approval of the proposed settlement agreement and enter

3

its Order requiring further proceedings including the following:

  i.  Revisit both the issue of class certification and on the merits of the objections raised herein; and

  ii.  Further hearing on class certification.

D.  Enter the appropriate Orders as will place this litigation in a posture for vigorous and good-faith prosecution on issues of class certification and on the merits of the class' claims.

Dated this 25th day of February, 2014.

Respectfully submitted,

_____
Paul S. Rothstein
Attorney for Michael Rinis and Babbette Rinis
Florida Bar No.: 310123
626 N.E. First Street
Gainesville, FL 32601
Phone: (352)376-7650
Fax: (352)374-7133
E-mail: psr@rothsteinforjustice.com

Certificate of Service

I hereby certify that a copy of the above and foregoing document has been served upon all counsel of record mail on February *25th*, 2014, including the following:

| | |
|---|---|
| United States District Court<br>District of New Jersey<br>Martin Luther King, Jr.<br>U.S. Courthouse and Federal Building<br>50 Walnut Street, Room 4015<br>Newark, NJ 07101 | Christopher Burke<br>Joseph P. Guglielmo<br>SCOTT + SCOTT<br>LLP<br>29 West 57'h Street<br>New York, NY 10019 |
| Settlement Class Counsel:<br>James E. Cecchi<br>CARELLA, BYRNE, CECCHI,<br>OLSTEIN, BRODY & AGNELLO<br>5 Becker Farm Road<br>Roseland, NJ 07068 | Kevin P. Roddy<br>WILENTZ, GOLDMAN &<br>SPITZER<br>90 Woodbridge Center Drive<br>Woodbridge, New Jersey 07095 |
| Provider Class Counsel:<br>D. Brian Hufford<br>Robeli J. Axelrod<br>POMERANTZ GROSSMAN<br>HUFFORD DAHLSTROM & GROSS<br>LLP<br>600 Third Avenue<br>New York, NY 10016 | Defendants:<br>Liza M. Walsh<br>CONNELL FOLEY<br>85 Livingston Avenue<br>Roseland, NJ 07068 |
| Edith M. Kallas<br>Joe R. Whatley, Jr.<br>WHATLEY KALLAS, LLP<br>380 Madison Avenue, 23,. Fl.<br>New York, NY 10017<br>Telephone: (212)447-7060 | Richard J. Doren<br>GIBSON, DUNN &<br>CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071 |
| Subscriber Class Counsel:<br>Stephen A. Weiss<br>SEEGER WEISS LLP<br>One William Street<br>New York:, NY 10004 | Geoffrey M. Sigler<br>GIBSON, DUNN &<br>CRUTCHER LLP<br>1050 Connecticut Ave., NW<br>Washington, D.C. 20036 |

Paul S. Rothstein