

Connell Foley LLP
56 Livingston Avenue
Roseland, NJ 07068
P 973.535.0500  F 973.535.9217

**Patricia A. Lee**
Partner
Direct Dial 973.840.2444
PLee@connellfoley.com

November 16, 2018

**VIA ECF**

Honorable Katharine S. Hayden
United States District Court
District of New Jersey
Frank R. Lautenberg U.S.P.O. & Courthouse
2 Federal Square, Room 311
Newark, NJ 07102

**Re:** *In re Aetna UCR Litigation*
*Goel v. Aetna Life Ins. Co.*, Civ. No. 11-3196

Dear Judge Hayden:

This firm, together with Gibson Dunn & Crutcher LLP, represents Defendant Aetna Life Insurance Company ("Aetna") in the above-referenced matter. Nicholas H. Van Parys, Esq. represents Plaintiff Sanjiv Goel, MD in the matter. Pursuant to the Court's November 2, 2018 Order (D.E. 21), the parties jointly submit the following letter:

**I. The procedural posture of the action, including their respective positions on why it should/should not be dismissed for lack of prosecution.**

*Procedural History (Joint)*

Dr. Sanjiv Goel originally filed this action in Los Angeles County Superior Court on November 3, 2010. D.E. 1 at 1. On March 4, 2011, he filed an amended complaint to name the correct defendant, and on March 11, 2011, Aetna timely removed to the U.S. District Court for the Central District of California. *Id.* On May 4, 2011, Aetna filed a notice of potential tag-along with the Judicial Panel on Multidistrict Litigation (JPML). It explained that the suit was "fundamentally based on the same premise as [the] 'class actions filed in connection with the Ingenix database'" already consolidated into MDL 2020. JPML D.E. 39 (quoting complaint). On May 10, 2011, the JPML issued a conditional transfer order. JPML D.E. 41. Dr. Goel did not file an objection, and the JPML finalized the transfer on May 18, 2011. JPML D.E. 43. On June 6, 2011, this Court established docket No. 11-cv-3196, and notified counsel. D.E. 17. Following transfer, Dr. Goel made no filings on any docket in this MDL, including either the individual docket or the master docket, nor did he join in any filings by other plaintiffs. Following the transfer of Dr. Goel's case, the motion for leave to file a Third Consolidated Amended Complaint was filed on July 11, 2011, and the Fourth Consolidated Amended Complaint was filed on February 8, 2017. Dr. Goel did not join either consolidated complaint.

***Aetna: The action should be dismissed for lack of prosecution.***

From the outset, this Court has worked diligently to impose a common framework on all of the litigants in MDL 2020. This is plain from the first paragraph of the first Case Management Order entered in this matter:

> Single Litigation Track: To allow this action to proceed in an efficient, manageable, and streamlined fashion, there shall be one litigation track for all actions consolidated pursuant to this Order. These actions shall be governed by a single Consolidated Amended Complaint, which shall be filed by Plaintiffs by July 1, 2009.

CMO No. 1 ¶ 1(a) (Master D.E. 212). Consistent with this mandate, the Court ordered consolidated discovery in *all* cases, including any tag-along cases. *See id.* ¶¶ 6(b), (f), (g).

After Dr. Goel's case was transferred to this Court in May 2011, he had the opportunity to join both the Third and Fourth Consolidated Amended Complaints, but he elected not to participate in either. Moreover, Dr. Goel did not approach this Court and ask for dispensation from the requirements of CMO No. 1 to pursue his case separately. Instead, he did nothing at all.

Dr. Goel's election not to participate in the litigation stood in sharp contrast to decisions of other tag-along plaintiffs to roll up their sleeves and pursue their claims, first by joining the operative consolidated amended complaints, and then by participating in discovery and motion practice. For example, Mary Ellen Silver and Alan Silver, whose case was transferred as a tag-along action, joined the Third and Fourth Consolidated Complaints; and Jeffrey Weintraub, whose case was the subject of the original MDL transfer order, joined every Consolidated Amended Complaint. And each of these plaintiffs participated in the litigation as it progressed.

Under the Court's order mandating a single discovery period for all matters, Aetna pursued discovery of those plaintiffs who had joined the consolidated complaints and otherwise indicated they intended to pursue their claims. As to those plaintiffs, Aetna propounded document demands and interrogatories, and it noticed and conducted depositions. Apart from discovery, Aetna filed motions to dismiss the consolidated complaints (including dispositive motions addressing certain individual named plaintiffs who joined those complaints), and it generally developed its defenses as to each plaintiff actively litigating their claims against Aetna in MDL 2020. And throughout the years consumed by this protracted effort coordinated among all parties actively participating in MDL 2020, Dr. Goel remained inert and silent.

Not only did Dr. Goel fail to participate in the extensive proceedings, he did not object to their progressing without him. Additionally, he never requested his own schedule, he never sought remand to his original venue, and he never asked for any relief or took any other steps to suggest that he intended to pursue his claims. But now, seven-and-a-half years later – and nearly seven years to the day from Judge Chesler's October 31, 2011 Order stating that "no further discovery may be conducted" (Master D.E. 801 at 3), Dr. Goel has announced he would like to litigate after all. But the time has passed for Dr. Goel to make this election; instead, the time has come for his case to be dismissed. Had Dr. Goel joined the consolidated complaints (or announced his intention to advance his claims in any other way), Aetna would have taken discovery, brought dispositive motions against him, and prepared to address Dr. Goel's claims at summary judgment or trial. But Dr. Goel did nothing for over seven years. He cannot now be permitted to reignite litigation that has finally been resolved after 11 years, and in which he had every opportunity to fully participate under the schedules and protocols mandated by this Court.

Dr. Goel offers one unavailing reason for seven years of inaction: That, supposedly, after transfer, "Goel's counsel could not perform any prosecutorial activities," and "Goel could not participate even if he wanted to." But CMO-1 and CMO-2, both readily available on the public docket, state exactly the opposite. As noted above, CMO-1 required all consolidated cases to be included in the consolidated complaints. In addition, CMO-2 expressly states that "[t]he Court expects that counsel who brought actions on behalf of certain groups of plaintiffs . . . will be vigilant about protecting their clients' individual interests, and will timely alert the Court to issues that uniquely impact their clients" (Master D.E. 236 ¶ 4); it provides that "counsel for Plaintiffs who have such individual interests may conduct examinations of deponents **and otherwise act separately on behalf of their clients as appropriate**" (¶ 4(a) (emphasis added)); and that counsel for plaintiffs who disagree with the Plaintiffs' Executive Committee had an opportunity to "present their position to the Court" (¶ 4(b)). If Dr. Goel actually tried to pursue his claims but was somehow foreclosed from doing so, he should have raised the issue years ago. The reality, however, is that he sat on the sidelines and did nothing.

Accordingly, Dr. Goel's claims should be dismissed for lack of prosecution under Fed. R. Civ. P. 41(b) and L.R. 41.1(a). As the Third Circuit has observed, "Rule 41(b) is intended to allow judges to enforce orders pertaining to the progress of their cases. Nowhere is this more important, in terms of the degree of difficulty and the impact, than in multidistrict litigation cases, where the very purpose of the centralization before the transferee judge is the efficient progress of the cases in preparation for trial." *In re Asbestos Prod. Liab. Litig. (No. VI)*, 718 F.3d 236, 248 (3d Cir. 2013); *see also In re Ford Motor Co. Speed Control Deactivation Switch Prod. Liab. Litig. (MDL 1718)*, 664 F. Supp. 2d 752, 770 (E.D. Mich. 2009) ("Allowing plaintiffs to silently pursue claims and parties not included in the [master complaint] poses substantial uncertainty in these proceedings . . . contrary to the purpose of the MDL process."). Allowing Dr. Goel to resume his case now, after years of neglect and to the prejudice of Aetna and the Court, would be antithetical to these well-established principles.

Similarly, dismissal is appropriate under the Third Circuit's *Poulis* framework, which considers, among other factors, a plaintiff's "personal responsibility" for its non-action, prejudice to the defendant, and the "history" of the delay. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) ("[N]ot all of the *Poulis* factors need be satisfied in order to dismiss a complaint" (quotation omitted)). Dismissal is a long-recognized "peri[l] from extended inaction in the conduct of a lawsuit." *Spering v. Texas Butadiene & Chem. Corp.*, 434 F.2d 677, 680 (3d Cir. 1970). Dr. Goel has not only failed to prosecute his claims in any way for over seven years, but he has violated this Court's orders in a manner that would prejudice Aetna and the Court if he were permitted to resurrect his case at this late stage.

**Dr. Goel:**

This case was involuntarily transferred to this honorable court, involuntarily prosecuted by the plaintiff's steering committee – Goel's counsel could not perform any prosecutorial activities. Therefore, Goel's counsel should not be found to have been lacking in prosecuting his client's case. If there was any lack of prosecution, it could only have fallen to the steering committee, for Goel could not participate even if he wanted to. Goel now finds itself in a perverse position of having to defend itself from allegations it failed to act on something it could not otherwise have acted on – lack of prosecution.

Aetna offers no evidence of any prejudice. In fact, having this case heard will help the millions of women affected bring them closer to resolution and justice. The only issues left upon

remand to the Central District of California and then California Superior Court would be the state law causes of action for discovery of the damages claimed by Goel, which issues would never have been appropriately tried in the MDL to begin with.

The law favors disposition of an action on its merits. Dismissal, as the harshest of all sanctions, is to be allowed only in the most extreme cases. See, Meeker v. Rizley (10th Cir.1963) 324 F.2d 269 and Becker v. Safelite Glass Corp. (D.C. Kan. 1965) 244 F.Supp. 625. In this case, there are absolutely no facts which justify dismissal of Goel, since Goel has never failed to prosecute this action. Its claims should have been prosecuted with all of the other claims in MDL as a tag along claim, not as a stand-alone action. The very reason that compelled inclusion of Goel's claims in the MDL is the same reason which required the plaintiffs' steering committee to have included those claims in the main case and to have prosecuted those claims in common with all of the other claims. For the same reasons, counsel for Goel was precluded from independently asserting or prosecuting those claims on behalf of Goel. Goel should not be penalized or sanctioned for following the rules.

**II. The factual and legal basis for Aetna's position as expressed in the Letter that the action should be dismissed or, alternatively, that further pretrial proceedings, if any, should take place in this Court, along with Dr. Goel's response to that position.**

***Aetna: Further proceedings, if any, should take place in this court.***

If the Court were to determine that additional pretrial proceedings are appropriate, they should be conducted in this Court, pursuant to the transfer order of the JPML. *See* JPML Conditional Transfer Order (D.E. 13) (transfer for "coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407"). Notably, Dr. Goel did not oppose that order.

It is an understatement to say that this Court has devoted extensive time and resources to the voluminous and complex issues in these consolidated cases. The Court has taken care and issued orders with the express purpose of avoiding duplicative and inefficient discovery and other proceedings. To the extent Dr. Goel now seeks a do-over in another court, this Court's administration of these consolidated proceedings would be frustrated, and Aetna would be severely prejudiced.

Dr. Goel appears to presume that there will be no further pretrial proceedings in his case. But that is mistaken. If these claims are not dismissed for failure to prosecute, Aetna should be given an opportunity, at a minimum, to seek (i) dismissal for failure to state a claim, and/or (ii) summary judgment. This Court is best positioned to address these or any other pretrial proceedings. For example, this Court is well-suited to address a motion to dismiss, given its exhaustive analysis of the motions to dismiss the consolidated complaints. And, should any claims survive dismissal, this Court is well-suited to address a motion for summary judgment, given its familiarity with the record through its consideration of the class certification motions. As a result, transferring these cases to another court would result in severe inefficiencies.

The result is no different simply because the claims of every plaintiff who prosecuted his or her case in these consolidated proceedings has been dismissed. It would be a perverse result if a plaintiff who sat on the sidelines for years of consolidated proceedings were given a fresh start in another court once the consolidated proceedings reached the concluding stages. To say the least, that would be an invitation to gamesmanship and inefficiency. Thus, not surprisingly, the JPML has expressly rejected the argument that a case "should be remanded simply because all

other consolidated cases in the transferee court have been dismissed or terminated in some way." *In re CBS Color Tube Patent Litig.*, 342 F. Supp. 1403, 1405 (J.P.M.L. 1972).

***Dr. Goel:***

All of the common issues and discovery that could have been conducted has been conducted in the MDL and Goel's claims are ready to be remanded to the transferor court.

Further, remand is appropriate where the completion of pretrial proceedings has concluded. Here, Aetna forcefully asserts that all of the pretrial proceedings which took years to accomplish have been completed.

Finally, In re CBS Color Tube Patent Litig., 342 F. Supp. 1403, 1405 (J.P.M.L. 1972) is completely distinguishable from the case at bar. In that case, the court refused to remand the case, finding that, since discovery had not yet been completed and therefore pretrial litigation had not been concluded, remand was premature. In contrast, discovery has been concluded in the case at bar and has been since late 2011. Therefore, there is no bar and no good reason to refuse remand as to Goel's claims.

### III. The factual and legal basis for Dr. Goel's position in the Letter that this Court should issue a suggestion of remand of the case to the transferor court, along with Aetna's response to that position.

***Dr. Goel:***

I.  *The Law Favors Disposition Of Litigation On The Merits And Dismissal Is Harsh Sanction To Be Resorted To Only In Extreme Cases.*

Law favors disposition of litigation on its merits and dismissal is a harsh sanction to be resorted to only in extreme cases. *Meeker v. Rizley* (1963, CA10 Okla) 324 F2d 269, 7 FR Serv 2d 846; *Becker v. Safelite Glass Corp.* (1965, DC Kan) 244 F Supp 625. Sanction of dismissal is the most severe sanction that a court may apply, and its use must be tempered by careful exercise of judicial discretion. *Durgin v. Graham* (1967, CA5 Fla) 372 F2d 130, cert den (1967) 388 US 919, 18 L Ed 2d 1365, 87 S Ct 2139. Rule 41(b) provides rather drastic remedy by which trial court can penalize plaintiff, and while application of remedy rests within sound discretion of court, it should be invoked only in extreme circumstances. *Industrial Bldg. Materials, Inc. v. Interchemical Corp.* (1970, CA9 Cal) 437 F2d 1336, 1971 CC Trade Cases P 73399, 14 FR Serv 2d 1581.

II. *The Facts Of This Matter Do Not Amount To The Extreme Circumstances Which Warrant Sanction Of Dismissal.*

Admittedly, there have been issues in Plaintiff's case in that the case was transferred to a Multidistrict District Panel that was being handled by other lead attorneys, however, it is not for lack of prosecution as Defendant argues. Plaintiff was required to allow lead counsel of the MDL case to make the decision as to each pleading with the Court. Plaintiff's counsel intended to litigate this matter in State Court, however due to the matter being removed, Plaintiff's counsel was required to litigate the matter in Federal Court.

Although several attempts for each pleading filed had to be made, the pleadings and prosecution of this lawsuit was completed to the satisfaction of this Court. The procedural history of this case does not evidence the extreme situations where Defendant should be entitled to the remedy of dismissal not on the merits of the case.

4784473-1

Honorable Katharine S. Hayden, U.S.D.J.
November 16, 2018

Page 6

Upon the completion of pretrial proceedings in MDL, the individual action is to be dis-aggregated or separated from the MDL and remanded to the court from where it was transferred. 28 U.S.C. § 1407(a).  See, also *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).  In this case, venue is appropriately laid in the Central District of California, based upon the residence of Goel, the presence of witnesses, and the location of the breaches which occurred in that district.

As noted above, there is no pretrial litigation left to be disposed of in the MDL.  Therefore, in accordance with statute and the U.S Supreme Court decision of *Lexecon, supra*, this action must be remanded.

***Aetna:  There is no basis for remand.***

It is remarkable that Dr. Goel sat silently on the sidelines for seven years, failing to participate in any way in these consolidated proceedings, failing to join any consolidated complaint (as he was required to do), and failing to alert Aetna or the Court that he intended to pursue his claim, ***and then, after seven years of voluntary inactivity***, declares unilaterally that "there is no pretrial litigation left to be disposed of" by this Court.

As discussed above, this Court is clearly best-suited to address any motion-to-dismiss and summary judgment pretrial proceedings, as contemplated by the transfer order.  Consistent with this obvious efficiency, MDL courts routinely keep transferred cases even when most or all of the other cases in the MDL have been resolved.  See *In re Maxim Integrated Prod., Inc. MDL No. 2354*, No. 12-244, 2015 WL 1757779, at *4 (W.D. Pa. Apr. 17, 2015) (citing cases and refusing remand due to "accrual of judicial expertise"); *see also In re Heparin Prod. Liab. Litig.*, No. 1:10HC60098, 2016 WL 489449, at *1 (N.D. Ohio Jan. 27, 2016) (rejecting reasoning advanced by Goel).

Neither *Lexecon* nor any other case provides otherwise.  *Lexecon* held that a transferee court may not "assign a transferred case to itself <u>for trial</u>."  523 U.S. at 28 (emphasis added).  But this case is not ready for trial.  Indeed, *Lexecon* itself recognizes that summary judgment is a "pretrial proceeding" for the transferee court.  523 U.S. at 37.

Respectfully submitted,

*s/ Patricia A. Lee*

cc: All Counsel of Record (via ECF)

4784473-1