

Connell Foley LLP
56 Livingston Avenue
Roseland, NJ 07068
P 973.535.0500   F 973.535.9217

**Patricia A. Lee**
Partner
Direct Dial 973.840.2444
PLee@connellfoley.com

November 30, 2018

**VIA ECF**

Honorable Katharine S. Hayden
United States District Court
District of New Jersey
Frank R. Lautenberg U.S.P.O. & Courthouse
2 Federal Square, Room 311
Newark, NJ 07102

    Re:   *In re Aetna UCR Litigation*
           MDL No. 2020, Master File No. 2:07-cv-3541 (KSH) (CLW)
           *Ohai v. Aetna Life Ins. Co. & Hyatt Corp.*
           Civ. No. 2:10-cv-00636 (KSH)(CLW)

Dear Judge Hayden:

    This firm, together with Gibson, Dunn & Crutcher LLP, represents Defendants Aetna Life Insurance Company ("Aetna") and Hyatt Corporation ("Hyatt") in the above-referenced matter. On November 2, 2018, the Court ordered Plaintiff Luminate Ohai to submit, by November 23, 2018, a letter explaining "what steps she has taken to prosecute her case since it was transferred to this Court in February 2010, and why the case should not be dismissed for lack of prosecution." D.E. 16 at 1. The Court also ordered Defendants to submit a responsive letter within a week of any such filing, or, absent a submission by Ms. Ohai, by November 30. *See* D.E. 16. To Defendants' knowledge, Ms. Ohai has not made any submission. Aetna and Hyatt therefore respectfully submit this letter.

**I.   The procedural posture of the action.**

    Luminate Ohai originally filed this action in Fulton County (Georgia) State Court on August 19, 2009. D.E. 1 at 1. After Aetna was served on September 9, 2009, Defendants timely removed to the U.S. District Court for the Northern District of Georgia on October 8, 2009. *Id.* On October 9, 2009, Defendants filed a notice of a potential tag-along with the Judicial Panel on Multidistrict Litigation (JPML), noting that at many points Ms. Ohai's complaint "quote[d] verbatim from the joint consolidated complaint in MDL-2020." D.E. 3-1 at 1. The JPML issued a conditional transfer order (D.E. 4-1 at 5), and on October 13, 2009, Defendants moved for a stay in the district court pending final JPML action. D.E. 3. Ms. Ohai opposed that motion, citing, among other things, this Court's Case Management Order (CMO) No. 1. *See* D.E. 5 at ¶ 9. The Northern District of Georgia granted the stay, noting that "a transfer order is likely due to the many common questions of fact between the two litigations." D.E. 8 at 3. Ms. Ohai also

Honorable Katharine S. Hayden, U.S.D.J.
November 30, 2018

Page 2

filed a motion at the JPML to vacate the Conditional Transfer Order. JPML D.E. 24. Defendants opposed. JPML D.E. 25.

On February 3, 2010, the JPML denied Ms. Ohai's motion and issued a final transfer order. D.E. 9. In its ruling, the JPML found that transfer would "serve the convenience of the parties and the witnesses and promote the just and efficient conduct of this litigation," that "Plaintiff's claims … are manageable within the context of MDL proceedings by separate discovery or motion tracks or otherwise," and that this Court could "tailor pretrial proceedings so that any potential hardship arising from plaintiff litigating in the District of New Jersey is minimized." *Id.* at 1.

On February 8, 2010, this Court established docket No. 10-cv-636. D.E. 11. Following transfer, Ms. Ohai made no filings on any docket in this MDL, including either the individual docket or the master docket, nor did she join in any filings by other plaintiffs in this docket. That included the Third Consolidated Amended Complaint (motion for leave filed on July 11, 2014), and the Fourth Consolidated Amended Complaint (filed on February 8, 2017).

## II.  The action should be dismissed for lack of prosecution.

As a starting point, it weighs heavily in favor of dismissal that Ms. Ohai "was warned that failure to respond to the Court's order to show cause would result in dismissal of this action, yet [s]he still failed to respond to the order to show cause." *Bey v. New Jersey*, No. 1:13-cv-3876-RBK, 2013 WL 5972429, at *1 (D.N.J. Nov. 8, 2013) (citing cases); *see also In re Plavlix Mktg., Sales Practices & Prod. Liab. Litig. (No. II)*, MDL No. 418, 2015 WL 12746199, at *2 (D.N.J. Sept. 1, 2015) ("[W]here the plaintiff chose not to respond to a court order it may be inferred that the plaintiff has abandoned his case.").

Moreover, Ms. Ohai's failure to respond to the Court's order is consistent with her abandonment of her claims for the last eight-and-a-half years. Indeed, she has disregarded this Court's orders from the outset. This Court has worked diligently to impose a common framework on all of the litigants in MDL 2020. This is plain from the first paragraph of the first Case Management Order entered in this matter:

> Single Litigation Track:  To allow this action to proceed in an efficient, manageable, and streamlined fashion, there shall be one litigation track for all actions consolidated pursuant to this Order. These actions shall be governed by a single Consolidated Amended Complaint, which shall be filed by Plaintiffs by July 1, 2009.

CMO No. 1 ¶ 1(a) (Master D.E. 212). Consistent with this mandate, the Court ordered consolidated discovery in *all* cases, including any tag-along cases. *Id.* ¶¶ 6(b), (f), (g).

There is no doubt Ms. Ohai was aware of this. Indeed, she cited the above-quoted paragraph of CMO No. 1 in filings before both the JPML and the transferor court. *See* D.E. 5 ¶ 9; JPML D.E. 24 at 6; *see also* JPML D.E. 25 at 13–34 (copies of CMO Nos. 1 and 2 served on Ms. Ohai). Nonetheless, she did not approach this Court for permission to proceed by separate discovery or motion tracks, notwithstanding the language in the JPML's transfer order. *See* D.E. 9 at 1. Nor did she elect to join either the Third and Fourth Consolidated Amended Complaints, both filed years after the transfer. Indeed, she did nothing at all.

Her election not to participate in the litigation stood in sharp contrast to decisions of other tag-along plaintiffs to roll up their sleeves and pursue their claims, first by joining the operative consolidated amended complaints, and then by participating in discovery and motion practice. For example, Mary Ellen Silver and Alan Silver, whose case was transferred as a tag-along action, joined the Third and Fourth Consolidated Complaints; and Jeffrey Weintraub, whose

Honorable Katharine S. Hayden, U.S.D.J.
November 30, 2018

Page 3

case was the subject of the original MDL transfer order, joined every Consolidated Amended Complaint. And each of these plaintiffs participated in the litigation as it progressed.

Additionally, under the Court's order mandating a single discovery period for all matters, Aetna pursued discovery of those plaintiffs who had joined the consolidated complaints and otherwise indicated they intended to pursue their claims. As to those plaintiffs, Aetna propounded document demands and interrogatories, and it noticed and conducted depositions. Apart from discovery, Aetna filed motions to dismiss the consolidated complaints (including dispositive motions addressing certain individual named plaintiffs who joined those complaints), and it generally developed its defenses as to each plaintiff actively litigating their claims in MDL 2020. Had Ms. Ohai taken any steps to indicate she was pursuing her action, Defendants would also have taken discovery specific to her claims, brought dispositive motions against her, and prepared to address Ms. Ohai's claims at summary judgment or trial. But throughout the years consumed by this protracted effort coordinated among all parties actively participating in MDL 2020, Ms. Ohai remained inert and silent.

Accordingly, Ms. Ohai's claims should be dismissed for lack of prosecution under Fed. R. Civ. P. 41(b) and L.R. 41.1(a). As the Third Circuit has observed, "Rule 41(b) is intended to allow judges to enforce orders pertaining to the progress of their cases. Nowhere is this more important, in terms of the degree of difficulty and the impact, than in multidistrict litigation cases, where the very purpose of the centralization before the transferee judge is the efficient progress of the cases in preparation for trial." *In re Asbestos Prod. Liab. Litig. (No. VI)*, 718 F.3d 236, 248 (3d Cir. 2013); *see also In re Ford Motor Co. Speed Control Deactivation Switch Prod. Liab. Litig. (MDL 1718)*, 664 F. Supp. 2d 752, 770 (E.D. Mich. 2009) ("Allowing plaintiffs to silently pursue claims and parties not included in the [master complaint] poses substantial uncertainty in these proceedings . . . contrary to the purpose of the MDL process."). Allowing Ms. Ohai to resume her case now, after years of neglect and to the prejudice of Defendants and the Court, would be antithetical to these well-established principles.

Similarly, dismissal is appropriate under the Third Circuit's *Poulis* framework. Among other things, that analysis considers a plaintiff's "personal responsibility" for her non-action and the availability of alternative sanctions, both particularly relevant for a pro se litigant. *See Briscoe v. Klaus*, 538 F.3d 252, 258–59, 262 (3d Cir. 2008) (explaining that "a pro se plaintiff is solely responsible for the progress of his case," and monetary sanctions are generally "unavailable"). Courts also consider prejudice to the defendant, and the "history" of the delay, both of which are present here. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Briscoe*, 538 F.3d at 263 ("[N]ot all of the *Poulis* factors need be satisfied in order to dismiss a complaint" (quotation omitted)).

Dismissal is a long-recognized "peri[l] from extended inaction in the conduct of a lawsuit." *Spering v. Tex. Butadiene & Chem. Corp.*, 434 F.2d 677, 680 (3d Cir. 1970). Ms. Ohai has not only failed to prosecute her claims in any way for over eight years, but she has violated this Court's orders in a manner that would prejudice Defendants and the Court if she were permitted to resurrect her case at this late stage.

**III. Alternatively, further pretrial proceedings, if any, should take place in this Court.**

If the Court were to determine that additional pretrial proceedings are appropriate, they should be conducted in this Court, pursuant to the transfer order of the JPML. *See* Transfer Order (D.E. 9 at 2) (transfer for "coordinated or consolidated pretrial proceedings"). It is an understatement to say that this Court has devoted extensive time and resources to the voluminous and complex issues in these consolidated cases, with the express purpose of avoiding duplicative and inefficient litigation. That experience makes it best positioned to

4797113-1

Honorable Katharine S. Hayden, U.S.D.J.
November 30, 2018

Page 4

address, for example, motions to dismiss for failure to state a claim and/or for summary judgment. This Court has already undertaken an exhaustive analysis of the motions to dismiss the consolidated complaints. And, should any claims survive dismissal, this Court is well-suited to consider summary judgment, given its familiarity with the record through its consideration of the class certification motions. In contrast, remand would result in severe inefficiencies.

The result is no different simply because the claims of every plaintiff who prosecuted his or her case in these consolidated proceedings has been dismissed. It would be a perverse result if a plaintiff who sat on the sidelines for years of consolidated proceedings were given a fresh start in another court once the consolidated proceedings reached the concluding stages. Accordingly, MDL courts routinely keep transferred cases even when most or all of the other cases in the MDL have been resolved. *See In re Maxim Integrated Prod., Inc. MDL No. 2354*, No. 12-244, 2015 WL 1757779, at *4 (W.D. Pa. Apr. 17, 2015) (citing cases and refusing remand due to "accrual of judicial expertise"). Similarly, the JPML has expressly rejected the argument that a case "should be remanded simply because all other consolidated cases in the transferee court have been dismissed or terminated in some way." *In re CBS Color Tube Patent Litig.*, 342 F. Supp. 1403, 1405 (J.P.M.L. 1972).

Ms. Ohai sat silently on the sidelines for over eight years, failing to participate in any way in these consolidated proceedings, failing to join any consolidated complaint (as she was required to do), and failing to alert Defendants or the Court that she intended to pursue his claim. It is not even apparent now that Ms. Ohai has any interest in pursuing her claims. But even if she expressed such an interest, she should not now be permitted to reignite litigation that has finally been resolved after 11 years, and in which she had every opportunity to fully participate under the schedules and protocols mandated by this Court.

Respectfully submitted,

CONNELL FOLEY LLP

*s/Patricia A. Lee*

Patricia A. Lee

cc: All Counsel of Record (via ECF)
Luminate Ohai, 2715 Tradd Court, Snellville, GA 30039

4797113-1